```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
```

BRAINWAVE SCIENCE, INC.

      Plaintiff                                Answer to Complaint on Behalf of Dr. Lawrence A. Farwell, Dr. Thierry Maison and Brain Brain Fingerprinting Foundation

           - against -                         Civil Action No.: 21-cv-4402 (BMC)

ARSHEE, INC., DR. LAWRENCE A.
FARWELL, DR. THIERRY MAISON and
BRAIN FINGERPRINTING FOUNDATION

                      Defendants.

```
------------------------------------------------------------ X
```

      Defendants Dr. Lawrence A. Farwell, Dr. Thierry Maison and Brain Fingerprinting Foundation ("Defendants") herein set forth their Answer to the Complaint with affirmative defenses and counterclaims as follows, respective to each numbered paragraph of the Complaint:

      In the first four pages of the Complaint, Plaintiff sets forth assorted allegations of fact in a narrative manner. Defendants deny that any allegations set forth therein which are relevant to the pleading of any cause of action against Defendants. By way of narrative response, Defendants deny they engaged in wrongdoing, including but not limited to the misappropriation of any trade secrets to which Plaintiff alleges it has rights.

      Otherwise, Defendants' answer to the causes of action in numbered paragraphs in Complaint are answered respective thereto as follows:

1. Admits;
2. Lacks information sufficient to admit or deny and therefore denies;
3. Admit;
4. Admit;
5. Admit;
6. Admit;
7. Deny;
8. Deny;
9. Admit;
10. Admit;
11. Lack information sufficient to admit or deny, except admit that P300 brainwaves is not proprietary to Plaintiff;

1

12. Admits except denies Farwell was fully aware of all measures Plaintiff allegedly took to protect its alleged trade secrets;
13. Admit;
14. Admit;
15. Lack information sufficient to admit or deny and therefore deny;
16. Admit;
17. Admit, except deny that Maison was given access to trade secrets as defined by law;
18. Admit;
19. Lack information sufficient to admit or deny and therefore deny;
20. Lack information sufficient to admit or deny and therefore deny;
21. Lack information sufficient to admit or deny and therefore deny;
22. Lack information sufficient to admit or deny and therefore deny;
23. Lack information sufficient to admit or deny and therefore deny;
24. Deny;
25. Lack information sufficient to admit or deny and therefore deny;
26. Lack information sufficient to admit or deny and therefore deny;
27. Lack information sufficient to admit or deny and therefore deny;
28. Deny;
29. Deny;
30. Defendants repeat and incorporate each answer set forth above;
31. Deny;
32. Deny;
33. Deny;
34. Deny;
35. Deny;
36. Deny;
37. Lack information sufficient to admit or deny and therefore deny;
38. Deny;
39. Deny;
40. Deny;
41. Deny;
42. Deny;

## FIRST AFFIRMATIVE DEFENSE

43. The alleged intellectual property P300 brainwave is not a trade secret within the meaning of the law because P300 brainwave technology has been, and was at all times relevant to this action, in the public domain and readily available to the general public;
44. Defendants Farwell and Maison had previously written articles in trade publications explaining in detail the workings of the P300 brainwave technology, of which Plaintiff was aware;
45. The said articles were in the public domain at the time of the alleged breach of trade secrets;

## SECOND AFFIRMATIVE DEFENSE

46. Plaintiffs failed to pay Defendants Farwell and Maison the agreed-upon consideration for any work performed on behalf of Plaintiff;
47. In particular, Defendant Farwell was not paid in accordance with his ownership rights in Plaintiff corporation as promised by Plaintiff;
48. Defendants demanded payment in accordance with agreements made between each Defendant and Plaintiff;
49. Plaintiff refused to make payment to Defendants in accordance with agreements;

## THIRD AFFIRMATIVE DEFENSE

50. Plaintiff has acted in bad faith by virtue of its failure to pay Defendants in accordance with agreements reached;
51. Plaintiff is therefore not entitled to any equitable remedies sought in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

52. The alleged trade secrets described in the Complaint were acquired through independent invention and/or reverse engineering rather than improper means;

## FIFTH AFFIRMATIVE DEFENSE

53. The alleged trade secrets set forth and described in the complaint have no independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.
54. Plaintiff failed to take reasonable measures to maintain the secrecy of its purported trade secrets and therefor are not entitled to protection under the law.

## FIRST COUNTERCLAIM BY DEFENDANT FARWELL

55. Farwell was granted an equity interest in Plaintiff BWS equal to 49% of the value of the Plaintiff corporation;
56. The ownership interest so granted was in exchange for Farwell's exchange of certain patents he owned which BWS wished to utilize and exploit for its own benefit;
57. Despite Farwell's agreement to provide the patent rights to BWS, he was not compensated as agreed;
58. In fact, BWS unlawfully "stripped" Farwell of all ownership rights in BWS by virtue of a vote by the Board of Directors at a Board meeting Farwell did not attend and of which he had no proper notice;
59. Farwell's ownership interest was taken from him without due process;

60. Farwell was not compensated in any amount for his ownership share in BWS after said ownership interest was taken from him at the aforesaid Board of Directors' meeting;
61. Farwell is entitled to damages in a sum equal to 49% of the value of BWS or in an amount to be determined at trial.

WHEREFORE, Defendants respectfully request judgment dismissing the Complaint and granting Defendant Farwell judgment on the counterclaim.

Dated: New York, New York
October 18, 2021

                                            Yours, etc.,

                                            CARBONARO LAW, PC
                                            Attorneys for the Defendants
                                            Dr. Lawrence A. Farwell
                                            Dr. Thierry Maison
                                            Brain Fingerprinting Foundation
                                            757 Third Avenue, 20th Floor
                                            New York, New York 10017
                                            (212) 888-5200
                                            Email: joe@jcarbonarolaw.com

                                By: ____*/s/Joseph W. Carbonaro*__
                                              Joseph W. Carbonaro

To:  Paul Tomkins, Esq.
      Attorney for the Plaintiff
     11 Broadway, Suite 615
     New York, NY 10004