

**Joseph W. Carbonaro, Esq.**
757 Third Avenue, 20th Floor
New York, NY 10017
T 212-888-5200
F 212-898-0394
E joe@jcarbonarolaw.com

November 2, 2021

Hon. Brian M. Cogan
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE: <u>Brainwave Science, Inc. v. Arshee, Inc. et al</u>
　　Civil Action No.: 21-CV-04402 (BMC)

Your Honor:

　　Earlier today, this office was retained to represent Defendant Arshee, Inc. ("Arshee"). I filed a notice of appearance on Arshee's behalf immediately after being retained. In light of the possibly imminent entry of a default against Arshee, I write to the Court promptly in an effort to forestall such entry and to request additional time to answer, move or otherwise respond to the Complaint.

　　As Your Honor recalls, on October 29, 2021, I asked the Court to forestall issuance of a default until I could determine whether a non-waivable conflict existed between Arshee and the other Defendants in this action. Having examined the matter, I have determined that no non-waivable conflict exists, and therefore agreed to represent Arshee, and therefore have standing to act on its behalf. As such, I seek to file a late answer or other response to the Complaint.

　　Your Honor's October 29, 2021 order provides that "If a default is entered <u>before</u> Arshee seeks leave to serve a late answer, the Court will consider whether there is good cause to vacate it." (emphasis added). Since no default has been entered to my knowledge, I seek clarification as to whether Arshee must still seek leave to file a late answer and therefore establish good cause. The Court's directive may require leave only if a default has been entered already, which is not the case. On that basis, I ask the Court to forestall entry of the default and to allow the undersigned an additional 21 days to answer, move or otherwise respond to the Complaint. Out of an abundance of



caution, I will set forth the reasons good cause exists to allow the late response to the Complaint.

Fed. R. Civ. P. 6(b)(1)(B) provides that for any act that must be done by a party to a federal court proceeding within a specified time frame, the court may "for good cause, extend the time…after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In this action, excusable neglect by Arshee can be demonstrated. As the attached Declaration of Arshee's principal states, he was not served with the summons and complaint in a factual sense. By way of explanation, Arshee was served through the New York State Secretary of State. However, this does not mean that Arshee in fact received a copy of the summons and complaint. Arshee, a New York corporation, had a presence in Jamaica, New York when it conducted business in this State. However, it has not transacted business nor had a presence in New York since at least 2014, including at the address in Jamaica, Queens listed when it was incorporated. It now does business as a Washington State corporation.

While the Business Corporation Law of New York provides that service is complete once the Secretary of State is served, the Court can, for good cause, extend the time to answer pursuant to Rule 6(b)(1)(B). Good cause exists here, to the extent it must be established, because Arshee has not conducted business in New York since 2014 nor used the address listed with the Secretary of State for business purposes since that time. Attached as Exhibit 1 is a notice from the New York State Department of Taxation and Finance showing a tax deficiency for the period ending 2014. Arshee started doing business from the State of Washington in 2014, but filed as a corporation there in 2016. See Exhibit 2, State of Washington incorporation records.

At the time it was incorporated, Arshee listed an address with which it has no present association and whose occupants (if any) are unknown to Arshee. It may be that the Secretary of State mailed a copy of the summons and complaint to the address it had on file, Arshee never received the papers. Rather, it received cease and desist letters from Plaintiff's counsel by email. I am advised that Arshee did not receive the summons and complaint by email. Arshee was therefore not on notice that it had been sued.



Using the factors the Supreme Court enumerated in *Pioneer Investment Services Co. v. Brunswick Associates, Ltd Partnership*, 507 U.S. 380, 395 (1992), the default should not be issued and Arshee should be allowed to file a late response to the Complaint. First, it has acted in good faith and has not tried to evade service. It has sought out counsel and retained this office to represent it in this action. The impact of the delay on the Plaintiff is minimal since one firm will represent all three Defendants and can, in most instances, act as swiftly for one as it can for all three. It is likely that any legal issues that may arise, including those discussed at the Case Management Conference, can be resolved in a like manner as to all Defendants. Finally, as set forth above, the delay was not within Arshee's control because it had not been made aware of this action until after the time to answer had expired.

Based on the foregoing and on the attached Declaration of Abul Kalam Azad, Arshee's principal, I ask the Court to extend Arshee's time to answer, move or otherwise respond to the Complaint for 21 days from today to November 23, 2021. I thank the Court for its consideration of this request.

Respectfully yours,

Joseph W. Carbonaro

Attachments: (3)