UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

BRAINWAVE SCIENCE, INC,


Plaintiff,

                               Civil Action No.: 21-cv-4402 (BMC)

     -v-                 **PLAINTIFF'S ANSWER TO DEFENDANTS' FIRST COUNTERCLAIM**


ARSHEE, INC., DR. LAWRENCE A. FARWELL,
DR. THIERRY MAISON and
BRAIN FINGERPRINTING FOUNDATION


Defendants.
----------------------------------------------------------------X

       Plaintiff Brainwave Science, Inc. ("Plaintiff"), herein sets forth its Answer to the Defendant Dr. Lawrence A. Farwell's ("Farwell") First Counterclaim with affirmative defenses as follows:

55. Plaintiff ADMITS that Farwell was granted a membership interest in Plaintiff's predecessor in interest, Brainwave Science, LLC. (BWS, LLC) Plaintiff DENIES that Farwell has ever maintained any interest in Plaintiff. Plaintiff further DENIES that Farwell's interest in BWS, LLC totaled 49%;

56. Plaintiff ADMITS that any membership interest granted to Farwell by BWS, LLC was so granted was in exchange for Farwell's exchange of certain patents owned by Farwell and entities he owned or controlled which BWS, LLC wished to utilize and exploit for its own benefit. Plaintiff DENIES that it has ever granted any equity interest in the Plaintiff to Farwell;

57. Plaintiff DENIES that Farwell was not compensated as agreed by BWS, LLC in exchange for Farwell's contribution of the afore-referenced patents. Plaintiff further DENIES that it has ever owed any compensation to Farwell.

58. Plaintiff again avers that that Farwell has never maintained any equitable interest in Plaintiff. Plaintiff DENIES that it or BWS, LLC unlawfully "stripped" Farwell of any ownership rights in BWS, LLC. Plaintiff further DENIES that Farwell did not have proper notice of any membership meeting held by BWS, LLC;

59. Plaintiff DENIES that either it or BWS, LLC have deprived Farwell of any ownership interest without due process.

60. Plaintiff again avers that that Farwell has never maintained any equitable interest in Plaintiff. Plaintiff ADMITS that Farwell did not receive payment from BWS, LLC after he was disgorged of his ownership interest in BWS, LLC. Plaintiff further DENIES that Farwell was owed any such compensation by BWS, LLC or is owned any such compensation by BWS;

61. Plaintiff DENIES that Farwell is entitled to damages from either Plaintiff or BWS, LLC.

## Affirmative Defenses

### FIRST DEFENSE

62. The Counterclaim, and each allegation of fraud and misrepresentation therein, fails insofar as it relies on parol evidence not incorporated into the controlling written agreement.

## SECOND DEFENSE

63. Any recovery by Defendant is barred by his improper conduct or "unclean hands," including conduct that caused or contributed to the damages Defendant alleges.

## THIRD DEFENSE

64. Defendant's right to recovery, if any, must be offset by his failure to reasonably mitigate any alleged losses.

## FOURTH DEFENSE

65. Defendant's right to recovery, if any, is barred by the doctrine of laches.

## FIFTH DEFENSE

66. Defendant's right to recovery, if any, is barred by applicable statues of limitations.

Dated November 4, 2021

By: *Paul F. Tomkins*
Paul F. Tomkins, Esq.
NDNY, Bar Roll No. 513006
11 Broadway, Suite 615,
New York, NY 10004
Telephone: (607) 221-1279
pault@pftlaw.com