# Nunc Pro Tunc Intellectual Property Acknowledgement and Assignment

This **Nunc Pro Tunc Intellectual Property Acknowledgement and Assignment** ("Agreement") by and between Brain Fingerprinting Laboratories, Inc., a Delaware corporation with an address at 14220 37th Ave NE Seattle WA 98125 ("Assignor"), and Brainwave Science LLC, a Delaware limited liability company, with offices at 257 Turnpike Road, Southborough MA ("Assignee").

**WHEREAS**, on June 27, 2012 ("Effective Date"), in connection with the formation of the Assignee as a limited liability company, Assignor agreed to and did assign to Assignee all of Assignor's rights, title and interest in and to: (1) the software enabled invention referred to as the "Brain Fingerprinting" application, as such is more fully described on Exhibit 1 hereto; (2) the patents and patent applications identified on Exhibit 2 (including, but not limited to, any division, continuation or continuation in part, reissue, extension, reexamination, certification, revival or renewal of any patent, and all inventions and subject matter related to such patents, in any and all forms); (3) the software and other intangible assets identified on Exhibit 3; (4) all modifications, improvements and new versions of, and any other changes to the foregoing, including, without limitation, any derivative works thereof; and (4) all intellectual property rights in or related to the foregoing, including, without limitation, all works of authorship, software, designs, logos, methodologies, processes, models, algorithms, business processes, know how, trade secrets, discoveries, inventions, improvements, innovations, ideas, concepts, names, brands and other developments, technology, information and material, and all intellectual property rights in or related thereto, including but not limited to, patent, copyright, trademark and moral rights, and all good will related thereto; (5) the exclusive right to possession, ownership and use of any of the foregoing (including, without limitation, the right to license, sublicense, assign, pledge, mortgage, sell, transfer, convey, grant, gift over, divide, partition or use (or not use) in any way, any of the foregoing now or hereafter existing); (6) any existing, and the right to create, documentation for, modifications and improvements to, and derivative works based upon, any of the foregoing; and (7) the right to sue for past, present, or future infringement and to collect and retain all damages and profits related to the foregoing, and any other rights relating to the enforcement of, any of the foregoing, including, without limitation, any past, present or future claims, demands and causes of action for any infringement, misappropriation, dilution or other violation of any of the foregoing (collectively, the "Developed IP"); and

**WHEREAS**, Assignor hereby acknowledges, confirms, agrees to and does assign all of Assignor's rights, title and interests in and to all such Developed IP to Assignee as of the Effective Date.

**NOW, THEREFORE**, in consideration of the foregoing premises and the terms contained herein, and other good and valuable consideration, the receipt, sufficiency and validity of which each party hereby acknowledges, Assignor and Assignee hereby agree as follows:

1. Assignor acknowledges and confirms Assignee's ownership of, and hereby unconditionally and irrevocably assigns, transfers and conveys to and for the benefit of Assignee, its designee or assignee, all of Assignor's rights, title and interests in and to any and all Developed IP, including, without limitation, Assignor's entire right, title and interest in and to all patents, copyrights, trade secrets, trademarks, moral rights and other intellectual property rights in and to all such Developed IP, and any goodwill associated therewith.

2. Assignor represents, covenants and agrees that: (a) Assignor has no rights, title or interests of any kind or nature in or to any of the Developed IP, including but not limited to, any intellectual property rights related thereto, or any other rights to sell, license, lease, transfer, use or otherwise

exploit any Developed IP; (b) Assignor has the full right to convey and assign all the rights, title and interests herein assigned; and (c) Assignor has not executed, and will not execute, any agreement, assignment, sale or encumbrance in conflict herewith.

3. Assignor covenants and agrees that it shall: (a) execute all documents, perform all reasonable acts and render all other reasonable cooperation and assistance, as may be required to register, effectuate, validate, record, maintain, evidence, confirm and perfect in Assignee's, its designee's or assignee's name, and enforce and defend, Assignee's rights, title and interests in and to the Developed IP, including, without limitation, the assignment acknowledged and made herein; and (b) provide such support and assistance with respect to any Developed IP created or modified by Assignor as may be reasonably requested by Assignee, its designee or assignee.

4. Assignor hereby acknowledges and agrees that this Agreement is the entire agreement with Assignee with respect to the subject matter hereof, thereby superseding any previous oral or written understanding or agreements with Assignee or any officer or representative of Assignee.

5. In the event that any paragraph or provision of this Agreement shall be held to be illegal or unenforceable, such paragraph or provisions shall be severed or otherwise modified as may best preserve the original contractual intent of the parties in entering into this Agreement, and the Agreement as so modified shall remain in full force and effect.

6. This Agreement shall be binding upon Assignor's heirs, executors, administrators and other legal representatives, and is for the benefit of the Assignee, it successors, designees and assigns.

7. This Agreement shall be governed, including as to validity, interpretation and effect, by, and construed in accordance with, the internal laws of the State of New York applicable to agreements made and fully performed within the State of New York. Each of the parties hereto irrevocably submits to the exclusive jurisdiction of any state or federal courts sitting in New York, New York.

8. Facsimile transmission of any signed original document or retransmission of any signed facsimile transmission will be deemed the same as delivery of an original. This Agreement may be executed in one or more counterparts, each of which when executed shall be deemed to be an original, but all of which shall constitute but one and the same agreement.

9. This Agreement supersedes and replaces that certain Intellectual Property Assignment between Lawrence A. Farwell and Brainwave Science, LLC dated June 27, 2012.

[Signature Page Follows]

IN WITNESS WHEREOF, Assignor and Assignee, intending to be legally bound, have executed, or have caused their duly authorized representative to execute, this Intellectual Property Acknowledgement and Assignment effective as of the Effective Date.

| ASSIGNOR | ASSIGNEE |
|---|---|
| BRAIN FINGERPRINTING LABORATORIES, INC. | BRAINWAVE SCIENCE LLC |
| By: *[signature]* | By: *[signature]* |
| Name: LAWRENCE FARWELL | Name: KRISHNA IKA |
| Title: Chairman | Title: PRESIDENT & CEO |
| Date: 6/17/2013 | Date: June 17, 2013 |

Exhibit 1

Description of "Brain Fingerprinting" Application

The Brain Fingerprinting electroencephalography system, comprising hardware and software for electroencephalographic applications in detection of concealed information for Law Enforcement and Internal Security, medical diagnosis, evaluation of advertising and training effectiveness, and related fields, including but not limited to real-time stimulus presentation and data acquisition software and hardware, operator display software and hardware, and data analysis software and hardware, and all source and object code related thereto, and any documentation describing or otherwise relating to the foregoing.

Exhibit 2

Patents

| Patent Name | Application No. | Patent No. | Inventors | Owner of Record | Filing Date | Issuance Date |
|---|---|---|---|---|---|---|
| Method and Apparatus for Brain Fingerprinting, Measurement, Assessment and Analysis of Brain Function | 10/163,525 | 7,689,272 | Lawrence A. Farwell | American Scientific Innovations, LLC | 6/7/2002 | 3/30/2010 |
| Apparatus for a classification guilty knowledge test and integrated system for detection of deception and information | GB0601094.6 | Patent # GB2421329 | Lawrence A. Farwell | Brain Fingerprinting Laboratories, Inc. American Scientific Innovations, LLC | 6/21/2004 | 9/24/2007 |
| Method and Apparatus for Multifaceted Electroencephalographic Response Analysis (MERA) | 08/057,607 | 5,363,858 | Lawrence A. Farwell | American Scientific Innovations, LLC Francis L. Conte (undivided 10% interest) | 05/05/1993 | 11/15/1994 |
| Method and Apparatus for Truth Detection | 08/016,215 | 5,406,956 | Lawrence A. Farwell | American Scientific Innovations, LLC Francis L. Conte (undivided 10% interest) | 02/11/1993 | 4/18/1995 |
| Method for Electroencephalographic Information Detection | 08/306,717 | 5,467,777 | Lawrence A. Farwell | American Scientific Innovations, LLC | 9/15/1994 | 11/21/1995 |

Exhibit 3

The Farwell "Brain fingerprinting" system and software, including the data acquisition and analysis modules.

# Nunc Pro Tunc Intellectual Property Acknowledgement and Assignment

This **Nunc Pro Tunc Intellectual Property Acknowledgement and Assignment** ("Agreement") by and between American Scientific Innovations, LLC a ___ limited liability company, with an address at _____ ("Assignor"), and Brainwave Science LLC, a Delaware limited liability company, with offices at 257 Turnpike Road, Southborough MA ("Assignee").

**WHEREAS**, Assignor agrees to and hereby does assign to Assignee, as of June 27, 2012 ("Effective Date"), the formation of date of the Assignee as a limited liability company, all of Assignor's rights, title and interest in and to: (1) the software enabled invention referred to as the "Brain Fingerprinting" application, as such is more fully described on Exhibit 1 hereto; (2) the patents and patent applications identified on Exhibit 2 (including, but not limited to, any division, continuation or continuation in part, reissue, extension, reexamination, certification, revival or renewal of any patent, and all inventions and subject matter related to such patents, in any and all forms); (3) the software and other intangible assets identified on Exhibit 3; (4) all modifications, improvements and new versions of, and any other changes to the foregoing, including, without limitation, any derivative works thereof; and (4) all intellectual property rights in or related to the foregoing, including, without limitation, all works of authorship, software, designs, logos, methodologies, processes, models, algorithms, business processes, know how, trade secrets, discoveries, inventions, improvements, innovations, ideas, concepts, names, brands and other developments, technology, information and material, and all intellectual property rights in or related thereto, including but not limited to, patent, copyright, trademark and moral rights, and all good will related thereto; (5) the exclusive right to possession, ownership and use of any of the foregoing (including, without limitation, the right to license, sublicense, assign, pledge, mortgage, sell, transfer, convey, grant, gift over, divide, partition or use (or not use) in any way, any of the foregoing now or hereafter existing); (6) any existing, and the right to create, documentation for, modifications and improvements to, and derivative works based upon, any of the foregoing; and (7) the right to sue for past, present, or future infringement and to collect and retain all damages and profits related to the foregoing, and any other rights relating to the enforcement of, any of the foregoing, including, without limitation, any past, present or future claims, demands and causes of action for any infringement, misappropriation, dilution or other violation of any of the foregoing (collectively, the "Developed IP"); and

**WHEREAS**, Assignor hereby acknowledges, confirms, agrees to and does assign all of Assignor's rights, title and interests in and to all such Developed IP to Assignee as of the Effective Date.

**NOW, THEREFORE**, in consideration of the foregoing premises and the terms contained herein, and other good and valuable consideration, the receipt, sufficiency and validity of which each party hereby acknowledges, Assignor and Assignee hereby agree as follows:

1. Assignor acknowledges and confirms Assignee's ownership of, and hereby unconditionally and irrevocably assigns, transfers and conveys to and for the benefit of Assignee, its designee or assignee, all of Assignor's rights, title and interests in and to any and all Developed IP, including, without limitation, Assignor's entire right, title and interest in and to all patents, copyrights, trade secrets, trademarks, moral rights and other intellectual property rights in and to all such Developed IP, and any goodwill associated therewith.

2. Assignor represents, covenants and agrees that: (a) Assignor has no rights, title or interests of any kind or nature in or to any of the Developed IP, including but not limited to, any intellectual property rights related thereto, or any other rights to sell, license, lease, transfer, use or otherwise exploit any Developed IP; (b) Assignor has the full right to convey and assign all the rights, title and

interests herein assigned; and (c) Assignor has not executed, and will not execute, any agreement, assignment, sale or encumbrance in conflict herewith.

3.     Assignor covenants and agrees that it shall: (a) execute all documents, perform all reasonable acts and render all other reasonable cooperation and assistance, as may be required to register, effectuate, validate, record, maintain, evidence, confirm and perfect in Assignee's, its designee's or assignee's name, and enforce and defend, Assignee's rights, title and interests in and to the Developed IP, including, without limitation, the assignment acknowledged and made herein; and (b) provide such support and assistance with respect to any Developed IP created or modified by Assignor as may be reasonably requested by Assignee, its designee or assignee.

4.     Assignor hereby acknowledges and agrees that this Agreement is the entire agreement with Assignee with respect to the subject matter hereof, thereby superseding any previous oral or written understanding or agreements with Assignee or any officer or representative of Assignee.

5.     In the event that any paragraph or provision of this Agreement shall be held to be illegal or unenforceable, such paragraph or provisions shall be severed or otherwise modified as may best preserve the original contractual intent of the parties in entering into this Agreement, and the Agreement as so modified shall remain in full force and effect.

6.     This Agreement shall be binding upon Assignor's heirs, executors, administrators and other legal representatives, and is for the benefit of the Assignee, it successors, designees and assigns.

7.     This Agreement shall be governed, including as to validity, interpretation and effect, by, and construed in accordance with, the internal laws of the State of New York applicable to agreements made and fully performed within the State of New York. Each of the parties hereto irrevocably submits to the exclusive jurisdiction of any state or federal courts sitting in New York, New York.

8.     Facsimile transmission of any signed original document or retransmission of any signed facsimile transmission will be deemed the same as delivery of an original. This Agreement may be executed in one or more counterparts, each of which when executed shall be deemed to be an original, but all of which shall constitute but one and the same agreement.

[Signature Page Follows]

IN WITNESS WHEREOF, Assignor and Assignee, intending to be legally bound, have executed, or have caused their duly authorized representative to execute, this Intellectual Property Acknowledgement and Assignment effective as of the Effective Date.

| ASSIGNOR | ASSIGNEE |
|---|---|
| AMERICAN SCIENTIFIC INNOVATIONS, LLC | BRAINWAVE SCIENCE LLC |
| By: *(signature)* | By: *(signature)* |
| Name: Lawrence A. Farwell | Name: KRISHNA IKA |
| Title: Managing Partner | Title: PRESIDENT & CEO |
| Date: 6/17/2013 | Date: June 17, 2013 |

Exhibit 1

Description of "Brain Fingerprinting" Application

The Brain Fingerprinting electroencephalography system, comprising hardware and software for electroencephalographic applications in detection of concealed information for Law Enforcement and Internal Security, medical diagnosis, evaluation of advertising and training effectiveness, and related fields, including but not limited to real-time stimulus presentation and data acquisition software and hardware, operator display software and hardware, and data analysis software and hardware, and all source and object code related thereto, and any documentation describing or otherwise relating to the foregoing.

Exhibit 2

Patents

| Patent Name | Application No. | Patent No. | Inventors | Owner of Record | Filing Date | Issuance Date |
|---|---|---|---|---|---|---|
| Method and Apparatus for Brain Fingerprinting, Measurement, Assessment and Analysis of Brain Function | 10/163,525 | 7,689,272 | Lawrence A. Farwell | American Scientific Innovations, LLC | 6/7/2002 | 3/30/2010 |
| Apparatus for a classification guilty knowledge test and integrated system for detection of deception and information | GB0601094.6 | Patent # GB2421329 | Lawrence A. Farwell | Brain Fingerprinting Laboratories, Inc.<br><br>American Scientific Innovations, LLC | 6/21/2004 | 9/24/2007 |
| Method and Apparatus for Multifaceted Electroencephalographic Response Analysis (MERA) | 08/057,607 | 5,363,858 | Lawrence A. Farwell | American Scientific Innovations, LLC<br><br>Francis L. Conte (undivided 10% interest) | 05/05/1993 | 11/15/1994 |
| Method and Apparatus for Truth Detection | 08/016,215 | 5,406,956 | Lawrence A. Farwell | American Scientific Innovations, LLC<br><br>Francis L. Conte (undivided 10% interest) | 02/11/1993 | 4/18/1995 |
| Method for Electroencephalographic Information Detection | 08/306,717 | 5,467,777 | Lawrence A. Farwell | American Scientific Innovations, LLC | 9/15/1994 | 11/21/1995 |

Exhibit 3

The Farwell "Brain fingerprinting" system and software, including the data acquisition and analysis modules.

# Nunc Pro Tunc Intellectual Property Acknowledgement and Assignment

This **Nunc Pro Tunc Intellectual Property Acknowledgement and Assignment** ("Agreement") is by and between Lawrence Farwell, an individual, residing at 14220 37th Ave NE Seattle WA 98125 ("Assignor"), and Brainwave Science, LLC, a Delaware limited liability company, with offices at 257 Turnpike Road, Southborough MA ("Assignee").

WHEREAS, on June 27, 2012 ("Effective Date"), in connection with the formation of the Assignee as a limited liability company, Assignor agreed to and did assign to Assignee all of Assignor's rights, title and interest in and to: (1) the software enabled invention referred to as the "Brain Fingerprinting" application, as such is more fully described on Exhibit 1 hereto; (2) the patents and patent applications identified on Exhibit 2 (including, but not limited to, any division, continuation or continuation in part, reissue, extension, reexamination, certification, revival or renewal of any patent, and all inventions and subject matter related to such patents, in any and all forms); (3) the software and other intangible assets identified on Exhibit 3; (4) all modifications, improvements and new versions of, and any other changes to the foregoing, including, without limitation, any derivative works thereof; and (4) all intellectual property rights in or related to the foregoing, including, without limitation, all works of authorship, software, designs, logos, methodologies, processes, models, algorithms, business processes, know how, trade secrets, discoveries, inventions, improvements, innovations, ideas, concepts, names, brands and other developments, technology, information and material, and all intellectual property rights in or related thereto, including but not limited to, patent, copyright, trademark and moral rights, and all good will related thereto; (5) the exclusive right to possession, ownership and use of any of the foregoing (including, without limitation, the right to license, sublicense, assign, pledge, mortgage, sell, transfer, convey, grant, gift over, divide, partition or use (or not use) in any way, any of the foregoing now or hereafter existing); (6) any existing, and the right to create, documentation for, modifications and improvements to, and derivative works based upon, any of the foregoing; and (7) the right to sue for past, present, or future infringement and to collect and retain all damages and profits related to the foregoing, and any other rights relating to the enforcement of, any of the foregoing, including, without limitation, any past, present or future claims, demands and causes of action for any infringement, misappropriation, dilution or other violation of any of the foregoing (collectively, the "Developed IP"); and

WHEREAS, Assignor hereby acknowledges, confirms, agrees to and does assign all of Assignor's rights, title and interests in and to all such Developed IP to Assignee as of the Effective Date.

NOW, THEREFORE, in consideration of the foregoing premises and the terms contained herein, and other good and valuable consideration, the receipt, sufficiency and validity of which each party hereby acknowledges, Assignor and Assignee hereby agree as follows:

1. Assignor acknowledges and confirms Assignee's ownership of, and hereby unconditionally and irrevocably assigns, transfers and conveys to and for the benefit of Assignee, its designee or assignee, all of Assignor's rights, title and interests in and to any and all Developed IP, including, without limitation, Assignor's entire right, title and interest in and to all patents, copyrights, trade secrets, trademarks, moral rights and other intellectual property rights in and to all such Developed IP, and any goodwill associated therewith.

2. Assignor represents, covenants and agrees that: (a) Assignor has no rights, title or interests of any kind or nature in or to any of the Developed IP, including but not limited to, any intellectual property rights related thereto, or any other rights to sell, license, lease, transfer, use or otherwise exploit any Developed IP; (b) Assignor has the full right to convey and assign all the rights,

title and interests herein assigned; and (c) Assignor has not executed, and will not execute, any agreement, assignment, sale or encumbrance in conflict herewith.

3. Assignor covenants and agrees that it shall: (a) execute all documents, perform all reasonable acts and render all other reasonable cooperation and assistance, as may be required to register, effectuate, validate, record, maintain, evidence, confirm and perfect in Assignee's, its designee's or assignee's name, and enforce and defend, Assignee's rights, title and interests in and to the Developed IP, including, without limitation, the assignment acknowledged and made herein; and (b) provide such support and assistance with respect to any Developed IP created or modified by Assignor as may be reasonably requested by Assignee, its designee or assignee.

Assignor hereby acknowledges and agrees that this Agreement is the entire agreement with Assignee with respect to the subject matter hereof, thereby superseding any previous oral or written understanding or agreements with Assignee or any officer or representative of Assignee.

4. In the event that any paragraph or provision of this Agreement shall be held to be illegal or unenforceable, such paragraph or provisions shall be severed or otherwise modified as may best preserve the original contractual intent of the parties in entering into this Agreement, and the Agreement as so modified shall remain in full force and effect.

5. This Agreement shall be binding upon Assignor's heirs, executors, administrators and other legal representatives, and is for the benefit of the Assignee, it successors, designees and assigns.

6. This Agreement shall be governed, including as to validity, interpretation and effect, by, and construed in accordance with, the internal laws of the State of New York applicable to agreements made and fully performed within the State of New York. Each of the parties hereto irrevocably submits to the exclusive jurisdiction of any state or federal courts sitting in New York, New York.

7. Facsimile transmission of any signed original document or retransmission of any signed facsimile transmission will be deemed the same as delivery of an original. This Agreement may be executed in one or more counterparts, each of which when executed shall be deemed to be an original, but all of which shall constitute but one and the same agreement.

8. This Agreement supersedes and replaces that certain Intellectual Property Assignment between Lawrence A. Farwell and Brainwave Science, LLC dated June 27, 2012.

[Signature Page Follows]

KL2 2753171.5

IN WITNESS WHEREOF, Assignor and Assignee, intending to be legally bound, have executed, or have caused their duly authorized representative to execute, this Nunc Pro Tunc Intellectual Property Acknowledgement and Assignment effective as of the Effective Date.

| ASSIGNOR | ASSIGNEE |
|---|---|
| LAWRENCE FARWELL | BRAINWAVE SCIENCE, LLC |
| By: *LAWRENCE FARWELL* | By: *KRISHNA IKA—[signature]* |
| Name: *Lawrence A Farwell* | Name: *KRISHNA IKA* |
| Date: *June 17, 2013* | Title: *PRESIDENT & CEO* |
| | Date: *June 17, 2013* |

KL2 2753171.5

Exhibit 1

Description of "Brain Fingerprinting" Application

The Brain Fingerprinting electroencephalography system, comprising hardware and software for electroencephalographic applications in detection of concealed information for Law Enforcement and Internal Security, medical diagnosis, evaluation of advertising and training effectiveness, and related fields, including but not limited to real-time stimulus presentation and data acquisition software and hardware, operator display software and hardware, and data analysis software and hardware, and all source and object code related thereto, and any documentation describing or otherwise relating to the foregoing.

Patents

| Patent Name | Application No. | Patent No. | Inventors | Owner of Record | Filing Date | Issuance Date |
|---|---|---|---|---|---|---|
| Method and Apparatus for Brain Fingerprinting, Measurement, Assessment and Analysis of Brain Function | 10/163,525 | 7,689,272 | Lawrence A. Farwell | American Scientific Innovations, LLC | 6/7/2002 | 3/30/2010 |
| Apparatus for a classification guilty knowledge test and integrated system for detection of deception and information | GB0601094.6 | Patent # GB2421329 | Lawrence A. Farwell | Brain Fingerprinting Laboratories, Inc. American Scientific Innovations, LLC | 6/21/2004 | 9/24/2007 |
| Method and Apparatus for Multifaceted Electroencephalographic Response Analysis (MERA) | 08/057,607 | 5,363,858 | Lawrence A. Farwell | American Scientific Innovations, LLC Francis L. Conte (undivided 10% interest) | 05/05/1993 | 11/15/1994 |
| Method and Apparatus for Truth Detection | 08/016,215 | 5,406,956 | Lawrence A. Farwell | American Scientific Innovations, LLC Francis L. Conte (undivided 10% interest) | 02/11/1993 | 4/18/1995 |
| Method for Electroencephalographic Information Detection | 08/306,717 | 5,467,777 | Lawrence A. Farwell | American Scientific Innovations, LLC | 9/15/1994 | 11/21/1995 |

KL2 2753171.5

Exhibit 3

The Farwell "Brain fingerprinting" system and software, including the data acquisition and analysis modules.

KL2 2753171.5