UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRAINWAVE SCIENCE, INC.

                                Plaintiff,


- against -

                                                    21-cv-4402 (BMC)

ARSHEE, INC., DR. LAWRENCE A.
FARWELL, DR. THIERRY MAISON and
BRAIN FINGERPRINTING FOUNDATION

                                Defendants.
------------------------------------------------------------X


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' NOVEMBER 30, 2021 MOTION TO DISMISS**


Dated: New York, New York
December 14, 2021

**Paul Forrest Tomkins, Esq**.
*Attorney for Plaintiff, Brainwave Science, Inc.*
11 Broadway, Suite 615
New York, NY 10004
(607) 221-1279
pault@pftlaw.com

## INTRODUCTORY STATEMENT

Plaintiff Brainwave Science, Inc. (hereinafter "Plaintiff") submits this Memorandum of Law in opposition to Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction over Arshee, Inc. The Arshee, Inc. identified and named within Plaintiff's Complaint presently exists, and has existed at all relevant times hereto, as a domestic New York Corporation formed under the New York Business Corporation Law ("Arshee"). Defendants do not dispute the existence of Arshee as a domestic New York corporation but allege that there is a second corporation, also named Arshee, Inc., formed under the laws of, and operating within, the State of Washington ("Arshee Washington"). Defendants argue that the allegations set forth within the Plaintiff's Complaint should be attributed to Arshee Washington, that this Court does not have a basis for personal jurisdiction over Arshee Washington and, accordingly, Plaintiff's Complaint against Arshee should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Plaintiff denies Defendants' contention that Plaintiff has named the wrong Arshee, Inc. Furthermore, and more importantly for the purposes of the present motion, Defendants' contentions do not support a finding that this Court lacks personal jurisdiction over Arshee which is the named Defendant within the present action. Additionally, with respect to Defendants Dr. Lawrence Farwell, Dr. Thierry Maison and Brain Fingerprinting Foundation, the present motion is untimely pursuant to F.R.C.P Rule 12(b)(2-3). Accordingly, Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction should be denied.

Plaintiff further submits this Memorandum of Law in opposition to Defendant Arshee's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Defendant Arshee's assertion that Plaintiff's Complaint does not plead plausible facts under the *Iqbal-Ashcroft* standard sufficient to establish that Arshee violated the Defense of Trade Secrets Act is unsupported in fact or law.

*Brainwave Science, Inc. v. Arshee et al (21-cv-4402 (BMC)*
*Plaintiff's Memorandum of Law in Opposition to Defendants' November 30, 2021 Motion*
**Page 1** *of 9*

Accordingly, Arshee's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be likewise be denied.

## LEGAL ARGUMENT

*I.     The Court maintains Personal Jurisdiction over Defendant, Arshee, Inc*

Named Defendant, Arshee Inc., ("Arshee") is identified within Plaintiff's Complaint as a domestic New York Corporation with a principal place of business at 106-14 156th Street, 1st Floor, Jamaica, New York. (ECF #1, Page 4, ¶2). Arshee, Inc. was incorporated within the State of New York, designated a New York Agent for service of process, has existed as a New York Corporation at all times relevant hereto and has not been voluntarily or involuntarily dissolved since its formation in 2008. (ECF #25-2). Plaintiff has alleged, and continues to allege, that Arshee has held itself out to be a resident of the State of New York as recently as April 28, 2021 in bidding documents submitted to the Bangladeshi Government (ECF #25-3 and #25-4). Defendants do not dispute the existence of Arshee as a domestic New York corporation but allege that there is a second corporation, also named Arshee, Inc., formed under the laws of, and operating within, the State of Washington ("Arshee Washington") (ECF #28-2).

Within their present motion, Defendants contend that "For all intents and purposes, Arshee/New York no longer exists, lacking an owner and having no value" (ECF 28-1, Page 11). In an attempt to support this contention, Defendants submit a Stock Sale and Purchase Agreement wherein the owner of Arshee effected sale of 200 shares of Arshee to Arshee Washington (ECF 28-4, Page 4). The documentation submitted by Defendants fails to demonstrate that Arshee Washington acquired any portion of the assets of its subsidiary, Arshee, or that such an asset acquisition was authorized by the Board of either entity. (ECF 28-4). The documentation further

*Brainwave Science, Inc. v. Arshee et al (21-cv-4402 (BMC)*
*Plaintiff's Memorandum of Law in Opposition to Defendants' November 30, 2021 Motion*
*Page **2** of **9***

fails to demonstrate that Arshee's Board effected a dissolution of Arshee, or granted authorization for same, in the period of over five (5) years since all or a portion of Arshee, Inc.'s stock was acquired by Arshee Washington. (ECF 28-4).

It is well settled that a domestic corporation is subject to the general personal jurisdiction of the Courts where it is incorporated. *See Restatement (Second), Conflict of Laws § 41 (1971).* Within an "**exceptional case**, a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler AG v Bauman*, 571 US 117, 139, 134 S Ct 746, 761 [2014]. (emphasis added). Defendants have failed to establish that the present claim presents such an "exceptional case". Arshee is a New York domestic corporation created under, and owing its continued existence to, the New York State Business Corporation Law. Pursuant to the New York Business Corporation Law, the "General Powers" afforded to Arshee as created under New York Law include the power

> **To sue and be sued in all courts** and to participate in actions and proceedings, whether judicial, administrative, arbitrative or otherwise, in like cases as natural persons. NY BSC § 202 (a)(2) (emphasis added).

Defendants' contentions that "[f]or all intents and purposes, Arshee/New York no longer exists" and that "Arshee/New York is nothing more than a piece of paper *without a true owner or any value* that sits somewhere in the files of the Secretary of State" are further belied by the Defendants' own evidentiary submissions. The September 26, 2016 "Stock Sale and Purchase Agreement clearly indicates that Arshee Washington acquired 200 shares in Arshee for "good and valuable consideration" from a Seller. In exchange therefore, Arshee Washington granted Seller shares in Arshee Washington. (ECF 28-4, Page 4).

*Brainwave Science, Inc. v. Arshee et al (21-cv-4402 (BMC)*
*Plaintiff's Memorandum of Law in Opposition to Defendants' November 30, 2021 Motion*
*Page **3** of **9***

Defendants' reliance upon a myriad of holdings regarding courts' personal jurisdiction over foreign corporations is entirely misplaced. (*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168. (2d Cir. 2013) [Determining personal jurisdiction over a foreign defendant in a federal-question case]; *Int'l Shoe,* 326 U.S. at 316, 66 S.Ct. 154 [Defining how "Presence" of foreign corporation is to be determined]; *Eades v. Kennedy, PC L. Offs*., 799 F.3d 161 (2d Cir. 2015) [addressing application of New York's long arm statute over a foreign corporation]). This Court's personal jurisdiction over Arshee, a domestic New York corporation, exists by operation of law and is not subject to the analysis required for foreign corporations. *See NY BSC § 202 (a)(2) and Restatement (Second), Conflict of Laws § 41 (1971).*

Based upon the foregoing, it is respectfully submitted that this Court maintains personal jurisdiction over Defendant Arshee. In the event that the Court cannot establish same based upon the papers herein, the Plaintiff respectfully requests an opportunity for development of the record on this issue to include cross-examination of Mr. Abul Azad, President of Arshee and Arshee Washington.

### II. Defendant BFF's, Maison's and Farwell's challenge to the personal jurisdiction of this Court is untimely.

As set forth within Plaintiff's previous submissions, Plaintiff's August 5, 2021 Complaint (ECF #1) was served upon all named Defendants on or before August 31, 2021 (ECF # 11, 12, 15, 16). Defendants Brain Fingerprinting Foundation ("BFF"), Dr. Lawrence Farwell ("Farwell") and Dr. Thierry Maison ("Maison") appeared in this action on September 13, 2021 and, following their application for same, were granted an extension of time to Answer, move or otherwise respond to the Complaint until October 12, 2021 (ECF #9). Defendants neither filed a responsive pleading

*Brainwave Science, Inc. v. Arshee et al (21-cv-4402 (BMC)*
*Plaintiff's Memorandum of Law in Opposition to Defendants' November 30, 2021 Motion*
Page **4** of **9**

by October 12, 2021 nor moved the Court for additional time to complete same. Defendants ultimately filed and served an Answer on October 18, 2021 (ECF #13). Defendants' Answer, in response to Plaintiff's assertion that "The Court has personal jurisdiction over the parties, and venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) or 28 U.S.C. § 1391(b)(3)" responds with an unqualified and unparticularized denial. (ECF #1, ¶8 and ECF #13 ¶8).

Defendants BFF, Maison and Farwell, by and through their counsel, filed an untimely Answer which includes an unqualified and unparticularized one-word Denial to Plaintiff's assertion that the Court maintained personal jurisdiction over the then Answering Defendants. In so pleading, Defendants were necessarily claiming that their denial had "evidentiary support or [was] likely [to] have evidentiary support after a reasonable opportunity for further investigation or discovery" (F.R.C.P. Rule 11(b)(3)). If this was indeed the case, then then-Answering Defendants were required to file a motion asserting this defense by the extended deadline established by the Court and before Answering Plaintiff's Complaint. As clearly and unequivocally set forth by the Federal Rules of Civil Procedure, "A motion asserting [a defense of improper venue or lack of personal jurisdiction] must be made before pleading if a responsive pleading is allowed. (F.R.C.P Rule 12(b)(2-3). Answering Defendants elected not to do so. It is respectfully asserted that this request is untimely and, in the absence of a showing of good cause based in "excusable neglect", should be denied. (F.R.C.P Rule 6(b)(1-2)).

*Brainwave Science, Inc. v. Arshee et al (21-cv-4402 (BMC)*
*Plaintiff's Memorandum of Law in Opposition to Defendants' November 30, 2021 Motion*
*Page 5 of 9*

III. *Plaintiff's Cause of Action against Arshee for Violation of the DTSA is properly plead.*

In March of 2021, Plaintiff prepared and submitted proposed bid ('tender") for sale of its iCognative® system(s) to the Ministry of Home Affairs for the Government of the People's Republic of Bangladesh. (See November 14, 2021 Affidavit of Manjunath Rajaram [hereinafter "Rajaram"] at Page 2, ¶4). Pursuant to the terms of the Bangladeshi Tender, any tenderer not selected as the original Awardee could nonetheless be awarded the tender if the original awardee failed to perform in any manner at any time prior to August 24, 2021. (Rajaram at 3, ¶8).

Plaintiff's Complaint alleges that, on June 28, 2021, it received confirmation that Defendant Maison had transferred Plaintiff's Trade Secrets to Defendant Farwell and that a third-party "Code Similarity Checker" had indicated a 98-99% likelihood of "plagiarism" by Farwell's software. (ECF 1, Page 8, ¶24). Plaintiff's Complaint further alleges that, by correspondence dated June 30, 2021, Plaintiff placed Arshee on notice that the system it was marketing and distributing "incorporated BWS' Trade Secrets which had been stolen or appropriated, obtained, or converted without BWS' authorization." (ECF 1, Page 8, ¶24). Within its detailed, three-page June 30, 2021 correspondence to Arshee, Plaintiff advised Arshee that

> Brainwave Science, Inc's Trade Secrets (including, but not limited to, scientific, technical, and engineering information) have been surreptitiously and illegally transferred by the company's former Chief Technology Officer, Dr. Thierry Maison, to individuals and entities including the Brain Fingerprinting Foundation, Dr. Lawrence Farwell, Mr. Ernest Robinson and/or Mr. Harold Higgs. Our ongoing investigation revealed that certain of these corporate and individual actors are actively marketing, and attempting to distribute, software which infringes upon the trade dress, trademarks and/or other intellectual property owned by Brainwave Science, Inc. On Monday, June 28, 2021, upon being confronted with the findings of our investigation, Dr. Maison has admitted to, and provided evidence of, his transfer of the afore-referenced trade secrets to Dr. Lawrence Farwell. **A screenshot of Dr. Maison's**

*Brainwave Science, Inc. v. Arshee et al (21-cv-4402 (BMC)*
*Plaintiff's Memorandum of Law in Opposition to Defendants' November 30, 2021 Motion*
*Page 6 of 9*

> **written acknowledgement is attached hereto for your reference. Side-by-side screenshots of the Windows® version of our own system and systems being marketed by the afore-referenced individuals are also attached.** (ECF #25-1 and ECF #25-5, Pages 1-2). (Emphasis added).

There was no indication that Arshee withdrew their then-pending bid before the Bangladeshi agency in response to the Plaintiff's June 30, 2021 correspondence (Rajaram at 3, ¶9-11). However, Plaintiff could not plead with certainty that Arshee was on notice that the technology they were attempting to sell to the Bangladeshi government was stolen, appropriated, obtained, or converted without authorization as Arshee did not acknowledge receipt of the correspondence prior to the commencement of this action[1] (ECF #25-1, ¶4). Accordingly, Plaintiff was required to qualify its pleading by stating that **"[u]pon information and belief**, Defendant Arshee Inc., at a minimum, is continuing in its efforts to market and distribute the BWS Trade Secrets despite now knowing the same to have been stolen, appropriated, obtained, or converted without authorization." (ECF 1, Page 10, ¶37) (emphasis added).

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Arista Records, LLC v Doe 3, 604 F3d 110, 119 (2d Cir 2010)* citing *Bell Atlantic v. Twombly, 550 U.S. at 555, 127 (S.Ct. 1955)* (internal quotation marks omitted). The Second Circuit has further explained that the "*Twombly* plausibility standard ... does not prevent a plaintiff from pleading facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the defendant…or where the belief is based on factual information that makes the inference of

---

[1] Within its November 2, 2021 Declaration to the Court, Arshee ultimately acknowledges receipt of Plaintiff's June 30, 2021 correspondence "in or about July, 2021". (ECF 19-1, Page 1, ¶8).

*Brainwave Science, Inc. v. Arshee et al (21-cv-4402 (BMC)*
*Plaintiff's Memorandum of Law in Opposition to Defendants' November 30, 2021 Motion*
*Page **7** of 9*

culpability plausible…A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged…"[a]sking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal[ity]." *Id. at 120.* (Citations Omitted)

In order to maintain an action under the DTSA against defendant Arshee, Plaintiff is required to demonstrate that a) Arshee was using or disclosing Plaintiff's trade secret(s) and b) that Arshee knew, or had reason to know, that the trade secret was either derived from or through a person who had used improper means to acquire the trade secret or acquired under circumstances giving rise to a duty to maintain the secrecy of the trade secret or limit the use of the trade secret. 18 U.S.C. § 1839(5)(B)(ii)(I-II). Plaintiff was not able to allege, without qualification, that Arshee had been placed on notice that the software it was attempting to sell to the Bangladeshi government contained Plaintiff's Trade Secrets. Whether or not Arshee had received Plaintiff's June 30, 2021 notice was, at the time Plaintiff's Complaint was drafted, information peculiarly within the possession and control of Arshee. Plaintiff therefore properly alleged that it had in fact forwarded Arshee such notice and that, "Upon information and belief", Arshee was continuing in its efforts to market and distribute the BWS Trade Secrets despite then knowing the same to have been stolen, appropriated, obtained, or converted without authorization." (ECF 1, Page 10, ¶37)

Based upon the foregoing, it is respectfully submitted that Plaintiff's Defense of Trade Secrets Cause of Action against Defendant Arshee is properly plead and, accordingly, Arshee's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be denied.

*Brainwave Science, Inc. v. Arshee et al (21-cv-4402 (BMC)*
*Plaintiff's Memorandum of Law in Opposition to Defendants' November 30, 2021 Motion*
*Page **8** of 9*

Dated this 14th Day of December, 2021

Respectfully,

*Paul F. Tomkins*

_____
Paul F. Tomkins, Esq.
*Attorney for Plaintiff Brainwave Science, Inc.*
*11 Broadway, Suite 615*
*New York, NY 10004*
*(607) 221-1279*

To: CARBONARO LAW, PC
Attorneys for Defendants
757 Third Avenue, 20th Floor
New York, New York 10017
(212) 888-5200
**VIA ECF**

*Brainwave Science, Inc. v. Arshee et al (21-cv-4402 (BMC)*
*Plaintiff's Memorandum of Law in Opposition to Defendants' November 30, 2021 Motion*
*Page **9** of **9***