UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRAINWAVE SCIENCE, INC.
        Plaintiff

                                                Affidavit in Support of Motion to Be
                                                Relieved as Counsel for Defendants

             - against -

                                                Civil Action No.: 21-cv-4402 (BMC)

ARSHEE, INC., DR. LAWRENCE A.
FARWELL, DR. THIERRY MAISON and
BRAIN FINGERPRINTING FOUNDATION

                      Defendants.
------------------------------------------------------------ X

      I, JOSEPH W. CARBONARO, an attorney duly admitted to practice before this Court and in the State of New York affirms under penalty of perjury the following:

1. I am counsel for the Defendants in the above-captioned matter.

2. This motion to be relieved as counsel is made pursuant to Eastern District Local Civil Rule 1.4.

3. I was retained to represent Defendant Dr. Lawrence A. Farwell ("Farwell"), Brain Fingerprinting Foundation ("BFF") and Dr. Thierry Maison ("Maison") on or about September 13, 2021, and a notice of appearance was filed on their behalf that day. See ECF# 7.

4. I was later retained to represent Defendant Arshee, Inc. ("Arshee") on November 2, 2021. A notice of appearance was filed on Arshee's behalf that day. See ECF# 18.

5. Retainer agreements as to all defendants were duly executed and a retainer was paid.

6. When paid, it was my expectation that the defendants could jointly or individually replenish it when it ran out. It was made clear to each client that additional funds would likely be required to defend an action such as this one.

7. I have discussed the lack of payment and tried to reach an agreement with my clients in regard to further fees but have been advised that they are now without funds to pay.

8. As the Court is aware, there was somewhat extensive motion practice in this matter, including a motion by the plaintiff for a preliminary injunction and motions by the defendants pursuant to Fed. R. Civ. P. 12(2) and 12(b)(6), the latter yet undecided. The Court also held a hearing pursuant to the plaintiff's motion for a preliminary injunction which was ultimately granted in certain respects.

9. Extensive research into several areas of the law were researched taking up at least seven days where I worked exclusively on the above motions, both researching and writing.

10. In addition to the motion practice, an answer was filed on behalf of the defendants Farwell and Maison (the Rule 12(b)(6) is made only on behalf of defendant Arshee, Inc.).

11. The undersigned also served a demand to produce documents upon the plaintiff.

12. The undersigned further provided Rule 26 initial disclosures and reviewed plaintiff's Rule 26 disclosures.

13. Without disclosing privileged conversations with the defendants, I believe a conflict exists not only with respect to the defendants' failure to pay further fees due and owing but with respect to the production of certain documents demanded by the plaintiff and the plaintiff's desire to depose each of the three defendants. Due to plaintiffs' position with respect to the production of further documents and appearing for depositions, I do not believe that defendants can meet the upcoming deadline of February 22, 2022 for close of fact

discovery. Since the discovery schedule is Court-ordered, I would be remiss if I did not meet that deadline, but as indicated, through no fault of the undersigned, I do not believe the defendants will do so.

14. In addition, the defendants plan to submit their P300 software to an independent expert for purposes of determining whether it contains any proprietary code in keeping with the Court's preliminary injunction order. I anticipate that they will do so shortly and that to a degree, my involvement will be necessary depending on the results of the expert's analysis.

15. I also ask the Court to consider that I also represent Dr. Farwell in a related action against the same party (BWS) in New York County Supreme Court and have been doing so without compensation for a considerable period of time. With Covid-19 restrictions lifted, that action must also proceed and I expect to make a similar application to that Court to be relieved.

16. Based upon the foregoing, I ask that the Court relieve the undersigned from further representation of the defendants in this action and to grant the defendants 45 days to obtain other counsel and/or to proceed with discovery on a pro se basis if necessary.

17. No prior relief of the kind requested herein has been made before any Court to date.

Dated: New York, New York
February 14, 2022

                                                  /s/ Joseph W. Carbonaro
                                                       Joseph W. Carbonaro