UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

BRAINWAVE SCIENCE, INC.
      Plaintiff

                                    Supplemental Affidavit in Support of
                                    Motion to Be Relieved as
                                    Counsel for Defendants

            - against -
                                      Civil Action No.: 21-cv-4402 (BMC)

ARSHEE, INC., DR. LAWRENCE A.
FARWELL, DR. THIERRY MAISON and
BRAIN FINGERPRINTING FOUNDATION

                   Defendants.
--------------------------------------------------------- X

     I, JOSEPH W. CARBONARO, an attorney duly admitted to practice law before this Court and before the Courts of the State of New York affirm under penalty of perjury as follows:

1. I incorporate the undersigned's Affidavit in Support of Motion to be Relieved as Counsel for Defendants (ECF# 32) by reference as if fully set forth herein.

2. The defendants' retainer was exhausted as of November 15, 2021, upon completing the defendants' opposition to plaintiff's motion for a preliminary injunction.

3. Since that time, the undersigned has expended well over 20 hours researching and preparing the opposition to the plaintiff's motion for a preliminary injunction and approximately the same number of hours preparing the defendant Arshee's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  This is inclusive of the extensive affidavits drafted and revised numerous times by the undersigned as well as a lengthy memorandum of law.

4. There now exists a conflict of interest between the undersigned counsel and clients due to the inability to pay additional fees.

5.  It is expected that there will be additional motion practice to seek an order modifying the existing preliminary injunction as well as potential Rule 56 motions by both sides. Both motions would be lengthy and time-consuming. Should this action proceed past summary judgment motions to trial, the undersigned would be unduly and unfairly burdened by conducting a jury trial for no compensation.  The incentive to do what must be done in accordance with ethical standards by an attorney both in terms of motion practice and trial without payment at a minimum creates the appearance of impropriety in the form of failing to perform the tasks needed for both the motions and trial.  In the event of an unfavorable result, no doubt defendants can claim that the result was due to the undersigned's lack of effort, which in turn, it could be argued, was the result of non-payment.

6.  The undersigned is a sole practitioner, who, for now, has no associate.

7.  To say the least, this action is adversely affecting the remainder of the undersigned's practice and is taking my time from clients who paid the necessary legal fees.

8.  Accordingly, I request that the Court relieve me as counsel for the defendants and grant a 45-day tolling of the discovery schedule to allow the defendants to seek and retain other counsel if possible, or to prepare to defend this action on a *pro se* basis.

9.  I assure the Court and the defendants that I will provide all documents in my possession and will assist them in any way possible within reason.

Dated: New York, New York
       February 14, 2022


_____/s/Joseph W. Carbonaro_____
Joseph W. Carbonaro