# Paul Forrest Tomkins, Esq.
11 Broadway, Suite 615, New York, NY 10004
607-221-1279 - pault@pftlaw.com

February 27, 2022

Honorable Brian M. Cogan
United States District Court Judge
U.S. Eastern District, New York
225 Cadman Plaza East
Brooklyn, NY 11201
**VIA ECF Filing**

                                                          RE:    Brainwave Science, Inc. v. Arshee, Inc. et al
                                                                Case Number:  1:21-cv-04402-BMC

Dear Judge Cogan,

      The undersigned represents Brainwave Science, Inc. ("Brainwave") in the above-captioned matter.  I write the Disclosure portions of this letter motion in accordance with Individual Practice Rule III(A) and Local Rule 37.3(c).  Prior to this submission, the undersigned made multiple attempts to meet and confer with Defendants' former opposing counsel to discuss outstanding discovery issues by way of written correspondence and by telephone conference call.

**Background:**

      This case involves the alleged theft of Brainwave's trade secrets by Defendants.  The Trade Secrets are comprised of, among other things, Brainwave's proprietary source and executable computer code. Brainwave alleges that its former Chief Technology Officer, Defendant Dr. Thierry Maison ("Maison"), and the Chief Science Officer of its predecessor in interest, Brainwave Science LLC, Defendant Dr. Lawrence Farwell ("Farwell"), stole Brainwave's computer code. Brainwave further alleges that Farwell and Maison worked with defendants Arshee, Inc. ("Arshee"), and the Brain Fingerprinting Foundation ("BFF") to develop and sell technology which implements the stolen code.

A. Disclosure

      The Parties appeared for a Telephonic Initial Scheduling Conference before the Court on September 21, 2021.  By Minute Entry and Order dated September 21, 2021, the Court directed the parties to complete fact discovery by February 22, 2022.  Defendants Farwell, Maison and BFF filed and served their Answer with Counterclaims on October 18, 2021 (ECF #13). Plaintiff served Defendants with Disclosure Demands and Notices to take Deposition Testimony on October 19, 2021.  The Depositions were noticed for November 11, 2021.  By accompanying email dated October 19, 2021, I advised Defendants' former counsel that I would be amenable to alternate

dates and locations once Defendants advised of their availability (See February 27, 2022 Affidavit of Paul F. Tomkins [hereinafter 'Tomkins"] at ¶2-4).

Having received no response to my Deposition Notices or Emails, I emailed Defendants' former counsel on November 4, 2021 to confirm Defendants' availability for depositions on November 11, 2021. (Tomkins at ¶6). Defendants' former counsel thereafter advised that his clients were not available on November 11, 2021 but did not provide alternate dates. (Tomkins at ¶6). Thereafter, upon written request by the undersigned to "meet and confer", Defendants' Counsel and the undersigned held a conference call on November 10, 2021 to discuss outstanding discovery within this matter and the pending New York State matter. During the course of our discussion, Defendants' counsel agreed to complete the deposition of Dr. Farwell during the final week of December 2021 and represented that written disclosure responses would be provided by Defendants prior to that date (Tomkins at ¶7).

Having received no proposed dates from Defendants' Counsel, the undersigned emailed Defendants' former counsel on Friday, December 3, 2021 to ask for Dr. Farwell's date(s) of availability for deposition on 12/27, 12/28, 12/29, 12/30 or 12/31. Defendants' Counsel advised in response "I'll reach out to Dr. Farwell and find out his availability." Defendants' Counsel did not thereafter provide any dates of availability. (Tomkins at ¶8).

Having received no response from Defendants' former counsel, the undersigned again emailed Defendants' Counsel on December 27, 2021 to request that the deposition of Dr. Farwell be scheduled. In response thereto, Defendants' Counsel advised "Paul, I understand your frustration. I will do my level best to get dates for this." (Tomkins at ¶9). Again, in January 2022, having received no responses to our outstanding disclosure requests or proposed dates for depositions, the undersigned emailed Defendant's Counsel and requested that same be addressed immediately. (Tomkins at ¶10). By follow up email dated February 3, 2022, the undersigned again requested disclosure responses and deposition dates (Tomkins at ¶10).

To date, Plaintiff has received no documents in response to its October 19, 2021 disclosure requests and has not been provided with dates for depositions of Defendants. (Tomkins at ¶11).

### B. Preliminary Injunction

By Order dated December 14, 2021, this Court issued a Preliminary Injunction against the named Defendants. That Order provides, in part, that "Defendants must take any and all commercially-practicable actions to recall or replace any software containing plaintiff's "confidential or proprietary information" from third parties." (ECF 30, ¶1) The Order defines "confidential or proprietary information" as "any portion of the program plaintiff originally submitted to Codequiry as its code." (ECF #30, Page 2). By email correspondence dated February 3, 2022, the undersigned requested that Defendants' former counsel confirm that Defendants have taken appropriate steps to comply with the afore-referenced portion of the Court's Preliminary Injunction. In response thereto, Defendants' former counsel advised of the Defendants' position

that the Defendant(s) were not able to recall the software due to their contracts with the recipients of same. (Tomkins at ¶12).

### C. Farwell's Dissolution of Brain Fingerprinting Foundation

By email correspondence dated February 23, 2022, Farwell provided to the undersigned correspondence from the Washington Secretary of State indicating that Farwell had filed papers to dissolve the Brain Fingerprinting Foundation on or about December 13, 2021. Farwell communicated to the undersigned his intent to seek relief from the Court's pending Order on the basis that "BFF is a non-existent nonprofit corporation" with "no involvement at all in the claims set forth within the Complaint." (Tomkins at ¶13).

**Relief Requested:**

Since the inception of the present litigation, Defendants have been aware that Plaintiff's claim relates to Defendants' possession, and sale/dissemination of Plaintiff's trade secrets to foreign entities both known and unknown to Plaintiff. Defendants' recalcitrance with respect to Plaintiff's disclosure requests has deprived the Plaintiff of any meaningful opportunity to investigate the nature and extent of the Defendants' disclosure(s) of Plaintiff's trade secrets to third parties and to learn whether additional persons or entities were involved in same. Plaintiff respectfully requests that Defendants, following their appearance(s) as directed by this Court's February, 14, 2022 Order, be directed to immediately comply with the outstanding requests for disclosure. Plaintiff respectfully requests an Order directing completion of Fact Discovery no later than April 30, 2022.

It is respectfully submitted that the Defendants' contractual obligations with third parties, or inability to provide replacement software, do not constitute viable legal excuse(s) for any non-compliance with this Court's Preliminary Injunction   Plaintiff respectfully requests that Defendants, following their appearance(s) as directed by this Court's February, 14, 2022 Order, be directed to immediately confirm the steps they have taken to recall or replace any software containing plaintiff's "confidential or proprietary information".

Finally, with respect to BFF's dissolution by co-defendant Farwell, Plaintiff respectfully requests an Order immediately directing Farwell to maintain all financial, organizational and other records including, without limitation, emails and other information contained on computer systems and any electronic storage system(s) in the custody or control of Farwell.

Thank you for your time and consideration.

Respectfully,

*[signature: Paul F. Tomkins]*

Paul F. Tomkins, Esq.
*Attorney for Plaintiff*
*11 Broadway, Suite 615*
*New York, NY 10004*
*(607) 221-1279*

cc:  Brain Fingerprinting Foundation
6838 471h Avenue
Seattle, WA 98115
VIA US MAIL AND EMAIL: brainwave@larryfarwell.com

Dr. Lawrence Farwell
6838 471h Avenue
Seattle, WA 98115
VIA US MAIL AND EMAIL: brainwave@larryfarwell.com

Dr. Thierry Maison
7 Gloucester Drive
Franklin, MA 02038
VIA US MAIL AND EMAIL:  me@thierrymaison.com

Arshee, Inc.
c/o Abul Kalam Azad
1210 North 152nd Street, Unit 531
Shoreline, WA 98133
VIA US MAIL AND EMAIL:  Arsheeinc@gmail.com