UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
  BRAINWAVE SCIENCE, INC.

                            Plaintiff,

- against -

                                              21-cv-4402 (BMC)

ARSHEE, INC., DR. LAWRENCE A.
FARWELL, DR. THIERRY MAISON and
BRAIN FINGERPRINTING FOUNDATION

                            Defendants.
-------------------------------------------------------------X

**Paul F. Tomkins,** pursuant to 28 U.S.C. §1746, declares under penalty of perjury that the following is true and correct:

1. My name is Paul Forrest Tomkins. I am an attorney at law duly admitted to appear pro hac vice before this Court. I serve as In House Counsel for Plaintiff Brainwave Science, Inc. (hereinafter "Brainwave"). I appear as attorney of record for Brainwave in this matter.

2. Attached hereto as **Exhibit A** is a true and accurate copy of Discovery Correspondence served upon Defendants' Counsel by the undersigned on October 19, 2021.

3. Attached hereto as **Exhibits B and C** are true and accurate copies of Notices to Take Deposition of Dr. Farwell and Dr. Maison served upon Defendants' Counsel by the undersigned on October 19, 2021.  The Depositions were noticed for November 11, 2021 as a "placeholder".  By email dated October 19, 2021, I advised Defendants' Counsel that I would be amenable to alternate dates and locations once Defendants advised of their availability.

4. Attached hereto as **Exhibits D, E and F** are true and accurate copies of Disclosure Demands served upon Defendants' Counsel by the undersigned on October 19, 2021.

5. True and accurate copies of email correspondence regarding outstanding disclosure with Defendants' Counsel are attached hereto as **Exhibit G.**

6. Having received no response to my Deposition Notices or Emails, I emailed Defendants' counsel on November 4, 2021 to confirm Defendants' availability for depositions on November 11, 2021. (Exhibit H, Page 7).  Defendants' Counsel thereafter advised that his clients were not available on November 11, 2021 but did not provide alternate dates.

7. At the request of the undersigned, Defendants' Counsel and the undersigned held a conference call on November 10, 2021 to discuss outstanding discovery within the present matter and a pending New York matter.  During the course of our discussion, the undersigned and opposing counsel agreed that the parties would complete the deposition of Dr. Farwell during the final week of December 2021.

8. Having received no proposed dates from Defendants' Counsel, the undersigned emailed Defendants' Counsel on Friday, December 3, 2021 to ask for Dr. Farwell's date(s) of

availability for deposition on 12/27, 12/28, 12/29, 12/30 or 12/31. Defendants' Counsel advised in response "I'll reach out to Dr. Farwell and find out his availability." Defendants' Counsel did not thereafter provide any dates of availability.

9. The undersigned again emailed Defendants' Counsel on December 27, 2021 to request that the deposition of Dr. Farwell be scheduled. In response thereto, Defendants' Counsel advised "Paul, I understand your frustration. I will do my level best to get dates for this."

10. Again, in January 2022, having received no responses to our outstanding disclosure requests or proposed dates for depositions, the undersigned emailed Defendant's Counsel and requested that same be addressed immediately. By follow up email dated February 3, 2022, the undersigned again requested disclosure responses and deposition dates.

11. To date, Plaintiff has received no documents in response to its October 19, 2021 disclosure requests and has not been provided with dates for depositions of Defendants.

12. By email dated February 3, 2022 from the undersigned to Attorney Carbonaro, the undersigned stated: "Judge Cogan's December 13, 2021 Order directed your clients to take any and all commercially-practicable actions to recall or replace any software containing plaintiff's "confidential or proprietary information" from third parties. The Order defined "confidential or proprietary information" as "any portion of the program plaintiff originally submitted to Codequiry as its code". Please confirm that your clients have taken appropriate steps to comply with this provision of the Order. In response thereto, by email dated February 10, 2022. Attorney Carbonaro advised that " As far as the "recall or replace" portion of the order, It is not commercially or even possible to recall the software because it was sold on contract, and my clients are obligated by that contract to provide functional software. Moreover, the Farwell

clients have no obligation to return it even if asked to do so, and they cannot be forced to return something they already paid for and there is nothing to replace with. This part of the reason we are eager to get the testing done. The only way to replace it is with software that has been determined by an independent third party to contain no part of the software that BWS submitted to Codequiry, per the judge's order."

13. A true and accurate copy of correspondence confirming the Closure of Brain Fingerprinting Foundation by Dr. Lawrence Farwell, obtained by the undersigned from Dr. Lawrence Farwell, is attached hereto as **Exhibit H.** Within his accompanying correspondence, Farwell communicated to the undersigned his intent to seek relief from the Court's pending Order on the basis that "BFF is a non-existent nonprofit corporation" with "no involvement at all in the claims set forth within the Complaint."

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated this 27th Day of February 2022

*Paul F. Tomkins*
_____
Paul F. Tomkins, Esq.
*Attorney for Plaintiff Brainwave Science, Inc.*
*11 Broadway, Suite 615*
*New York, NY 10004*
*(607) 221-1279*