```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                  :
BRAINWAVE SCIENCE, INC.
                                                  :
                              Plaintiff,
           - against -
                                                          21-cv-4402 (BMC)
```
**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

```
ARSHEE, INC., DR. LAWRENCE A.
FARWELL, DR. THIERRY MAISON and
BRAIN FINGERPRINTING FOUNDATION

                              Defendants.
------------------------------------------------------------ X
```

**COGAN**, District Judge

Pursuant to Fed. R. Civ. P. 34, the Plaintiff requests that **Brain Fingerprinting Foundation** produce and permit inspection and copying of the documents listed in this request. The inspection and performance of related acts shall be made at a site agreed upon by the parties, within 30 days of service of this request.

I. DEFINITIONS

1. "Affiliated Entity" shall collectively refer to Securistics, Inc., Tracer Electrocom, Brain Fingerprinting Laboratories Inc, New Technology Investment Group, Angel Investment Group, The Washington Fund Trust, Workforce Innovations Network, LLC, Life Science and Technology, Inc., Life Science and Technology, LLC, American Scientific Innovations, LLC, Neuroscience Consulting Associates, LLC, Neuroscience Inventions, LLC, Brain Fingerprinting Foundation and The Farwell Trust.

2. "Affiliated Individual" shall collectively refer to Dr. Nash Thompson, Ben Bryant, Harold Higgs, Ernest Robson and Abul Kalam Azad.

3. "Agreement" means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

4. "Any" means one or more.

5. "Communication" means any disclosure, transfer, or exchange of information or opinion, however made.

6. "Document" means any written, recorded, or graphic material of any kind, whether prepared by you or by any other person, that is in your possession, custody, or control. The term includes agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs.

The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

Without limitation on the term "control" as used in the preceding paragraph, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person.

7. "Executable code' means any executable file, executable program, "executable" or binary which causes a computer to perform indicated tasks according to instructions within Source Code.

8. "Identify" or "identity" means to state or a statement of:

a. in the case of a person other than a natural person, its name, the address of its principal place of business (including zipcode), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zipcode), that other person's telephone number, and the name of that other person's chief executive officer;

b. in the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

2

c. in the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

d. in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

e. in the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

9. "Including" means including, but not limited to.

10. "Person" means any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

11. "P300 Measurement" means the measurement of the "P300" brainwave as an event-related potential (ERP) component elicited in the process of decision-making, or, generally, the measured brain response that is the direct result of a specific sensory, cognitive, or motor event.

12. "P300 System" means, for the purposes of this Disclosure Request, any combination of hardware and software which allows a user, by way of a User Interface, to create, capture, perform, interpret and/or display a P300 Measurement.

13. "Relating to" means containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

14. "Relevant time period" means the time period stated in Paragraph 1 of the Instructions.

15. "Source Code" means any collection of code, with or without comments, written using a human-readable programming language.

16. "User Interface" means the point at which human users interact with a computer, website or application. Said interaction may include any interaction with human senses of sight, touch, and auditory, by way of keyboard, mouse, trackpad, microphone, touch screen, or output devices such as monitors, speakers and printers. "User interface" shall include, without limitation, the following categories of User Interfaces:

   a) **Form-based user interface:** Used to enter data into a program or application by offering a limited selection of choices. For example, a settings menu on a device is form-based;

3

b) **Graphical user interface:** A tactile User Interface input with a visual User Interface output such as a keyboard and/or monitor;

c) **Menu-driven user interface:** A User Interface that uses a list of choices to navigate within a program or website;

d) **Touch user interface:** User interface through haptics or touch such as those used by smartphones and/or computer tablets;

17. "Year" means calendar year or the twelve-month period on which your business records are based; if the latter is used in responding to a document request, specify the twelve-month period used.

18. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following document requests all information or documents that would be excluded absent this definition.

II. INSTRUCTIONS

1. Unless otherwise specified, the documents called for by these document requests are documents in your possession, custody or control that were applicable, effective, prepared, written, generated, sent, dated, or received at any time since **January 1, 2012**.

2. Unless otherwise specified, the documents called for by these document requests include all documents in your possession, custody or control maintained in both the United States or in any other country.

3. Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to supplement any response to this request for production for which you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

4. All documents that respond, in whole or in part, to any part or clause of any paragraph of these document requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of documents that are responsive to more than one paragraph or are identical except for the person to whom it is addressed if you indicate the persons or group of persons to whom such documents were distributed. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form. Please place the documents called for by each paragraph in a separate file folder or other enclosure marked with Dentsply's name and the paragraph to which such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

5. For any document withheld under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the document by author, addressee, date, number of pages, and subject matter; specify the nature and basis of the claimed privilege and the paragraph of this demand for documents to which the document is responsive; and identify each person to whom the document or its contents, or any part thereof, has been disclosed.

6. For any document responsive to these document requests which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document, including the location of such document when last in your possession, custody, or control, and the date and manner of its disposition.

7. In responding to any document request that calls for documents relating to "any person," or "each person," include information or documents relating to your company, if applicable.

## III. DOCUMENTS DEMANDED

1. Identify every P300 System, or component or version thereof, possessed, developed, tested, accessed, modified, demonstrated or distributed by you, any defendant or any affiliated entity or individual during the relevant time period.

2. For each P300 System, or component or version thereof, named in response the preceding paragraph,

> a) identify the first date you first came into possession of, or otherwise had access to, or knowledge of, the P300 System or component or version thereof;
>
> b) identify all individual(s) or entit(ies) who maintained an ownership interest in the P300 System or component or version thereof;
>
> c) identify the name(s) of any individuals or entities which initially provided you with possession of, or access to or knowledge of, the P300 System, component or version thereof;
>
> d) provide all documents relating to your receipt of, knowledge of, or access to, the P300 System, component or version thereof;
>
> e) provide all date(s) upon which the named P300 System's User Interface(s), Source Code or Executable Code was modified or updated. For each such modification or update:
>
>> i) identify any person or entity which provided, created, installed or otherwise implemented, or assisted in creating, installing or otherwise implementing, any Source Code, Executable Code and/or User Interfaces;

5

        ii) provide all documents relating to the creation, installation or implementation of the Source Code, Executable Code and/or User Interfaces;

    f) Identify all (whether local or cloud based) location(s) where the P300 System, or component or version thereof, was and/or is maintained.

3. For the Relevant Time Period, with respect to any P300 System, Source Code, Executable Code or User Interfaces, provide Documents relating to communications between, you, any defendant or affiliated company and

    a) Any other co-defendant;

    b) Harold Higgs;

    c) Ernest Robson;

    d) CGX Systems;

    e) Brain Fingerprinting Foundation;

    f) University of Canterbury;

    g) Forensic Science Laboratory for the Govt. Of Delhi;

    h) Abul Kalam Azad and

    i) Tracer Electrocom.

4. For the period December 1, 2016 to date, provide all Agreements between yourself and any then past or present employee, affiliate or contractor of Plaintiff. Said disclosure(s) may omit communications directed to, or received from, Krishna Ika or any attorney representative of Plaintiff.

5. For the period December 1, 2016 to date, provide all Documents relating to communications between yourself and any then past or present employee, affiliate or contractor of Plaintiff. Said disclosure(s) may omit communications directed to, or received from, Krishna Ika or any attorney representative of Plaintiff.

6. Identify every individual or entity that has provided you, any Co-Defendant or any Affiliated Entity with Source Code, Executable Code or User Interface(s) relating to P300 Measurement during the Relevant Time Period.

7. Identify every individual or entity which you, any Co-Defendant or any Affiliated Entity, have provided with Source Code, Executable Code or User Interface(s) relating to P300 Measurement during the Relevant Time Period.

8. Provide all Documents relating to communications with every individual or entity referenced within your response(s) to Paragraph 6 and Paragraph 7 during the Relevant Time Period.

9. Identify and Provide all Documents relating to statements against interest made by Plaintiff that Defendant intends to introduce at trial.

10. Identify and Provide, for any non-party witnesses from whom Defendant intends to elicit testimony at trial, any and all documents relating to Defendant's communication(s) with said witnesses.

11. Identify and Provide all documents relating to sales agreements, partnerships, joint ventures, demonstrations or distribution arrangements in connection with the intellectual property that is the subject of this dispute, entered into by you, any Affiliated Entity or Affiliated Individual.

12. Identify and Provide all Documents relating to Defendant's Affirmative Defenses or Counterclaims which it intends to introduce at trial.

13. If the Defendant is a Trust, provide

   a) all organizational documents including, but not limited to Declaration(s) of Trust, Deed(s) of Trust and other Governing Documents or Amendments thereto;

   b) all documents evincing the appointment, re-appointment and/or removal of Trust nominee(s) and/or Trust beneficiaries;

14. If the Defendant is a Corporation, Limited Liability Company, Partnership, Sole Proprietor or any derivation thereof, provide:

   a) all organizational Documents including, but not limited to, Articles of Incorporation, Operational Agreements, Articles of Organization, Business Name Reservation filings, Bylaws, Corporate Resolutions, Meeting Minutes, Board Resolutions, Stock Certificates and/or Stock Ledgers, Stock Option Agreements, Member Agreements, Stock Sales Restriction Agreements, Shareholder Agreements and Annual Reports;

   b) all Documents evincing the appointment, re-appointment and/or removal of Board Members and Executives;

15. Provide all Documents or instruments evincing the ownership or control of Defendant by individuals or other entities.

16. Provide all Documents or instruments evincing ownership or control by Defendant of other entities.

17. Provide copies of all pleadings or subpoenas served upon, or by, the Defendant in connection with any litigation matter.

18. Provide copies of all notices of fines, delinquencies or administrative action letter(s) received by the Defendant from any governmental body or agency.


Dated this 19th Day of October, 2021


*Paul F. Tomkins*

_____

By:   Paul Forrest Tomkins, Esq.

*Attorney for Plaintiff Brainwave Science, Inc.*
11 Broadway, Suite 615
New York, NY 10004
(607) 221-1279



To:   Joseph W. Carbonaro, Esq.
*Attorney for Defendant Brain Fingerprinting Foundation*
275 Madison Avenue, 6th Floor
New York, NY 10016
(212) 860-1535