Hon. Brian M. Cogan
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201



February 23, 2022

*Rec. in p drive 2/28/22 rg

Re: *Brainwave Science, Inc. v. Arshee, Inc., Farwell, Maison, and Brain Fingerprinting Foundation*
   21-cv-4402

Your Honor:

I write to you regarding Brain Fingerprinting Foundation ("BFF"), a defunct Washington State Corporation founded by myself. Attached hereto are (1) an affidavit from me asking the Court to stay the entry of a default judgment until this action is resolved, and (2) a second affidavit providing more detailed facts and support for the same.

No prejudice would accrue to the plaintiff since BFF is a non-existent nonprofit corporation that had no involvement at all in the claims set forth in the Complaint. It has never done anything that has any relationship to this case or could possibly have caused any harm or damage to the Plaintiffs. Nevertheless, if the Plaintiffs prevail in the end, a stay will not limit or prevent any liabilities to the Plaintiffs of BFF that the Court may determine in the course of the lawsuit.

Brain Fingerprinting Foundation has no connection to this case other than that its name contains the name of my invention, "Brain Fingerprinting," and that I, a Defendant, founded it and was its sole member.

I write at this time because I cannot represent BFF and cannot afford to retain an attorney for it. Since BFF does not exist, and does not have any assets (and in fact never had any assets), it cannot retain an attorney, and it also cannot legally represent itself.

Since the deadline has passed to have a letter such as this filed by Joseph Carbonaro, when he represented BFF, the only option I have to protect my own interest is to submit this letter and the accompanying affidavits.

I am writing this letter and the accompanying affidavits because, in the absence of a stay, the inevitable, highly unjust, and unwarranted default judgment against BFF – which has never had any involvement whatsoever in the matters at issue in this case – would have an extremely harmful impact on me, personally and professionally.

My reading of the Court's last order is that all defendants have until March 15, 2022 to retain counsel (or, for individuals, to advise the Court that they will appear pro se). I ask that the Court extend that order as to BFF until this matter is concluded.

I will be representing myself pro se.

Thank you for your consideration of this request.

Respectfully yours,

Lawrence A. Farwell

Lawrence A. Farwell

cc: Paul Tomkins, Esq.
    Dr. Thierry Maison
    Arshee, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

BRAINWAVE SCIENCE, INC.
        Plaintiff

                                        Affidavit in Support of Motion for Stay
                                        of Default Judgment

                - against -

                                          Civil Action No.: 21-cv-4402 (BMC)

ARSHEE, INC., DR. LAWRENCE A.
FARWELL, DR. THIERRY MAISON and
BRAIN FINGERPRINTING FOUNDATION

                        Defendants.

------------------------------------------------------------ X

        DR. LAWRENCE A. FARWELL, hereby deposes and says under penalty of perjury as
follows:

1. I am a Defendant in this action.
2. I was the sole owner and founder of Defendant Brain Fingerprinting Foundation ("BFF")
3. BFF was dissolved in December 2021. Attached is a copy of the documents from the Washington State Secretary of State establishing when it was dissolved.
4. All allegations in this case are against me personally, not against BFF.
5. BFF was never employed by Plaintiff or associated in any way with Plaintiff, BFF never misappropriated any purported trade secrets, and BFF was never an owner of equity in Plaintiff corporation. BFF never interacted in any way with Plaintiff.
6. As Article 4 of the Articles of Incorporation clearly indicate, BFF was formed as a charitable organization for the purpose of educating, research, enhancing public awareness of the science of brain fingerprinting and other similar, non-profit purposes. BFF has never owned, used, bought, sold, or represented any software, hardware, or intellectual property relevant to the measurement of brainwaves or forensic science.
7. Plaintiff is well-aware that BFF has nothing to do with the allegations in this case.
8. No act alleged is alleged to have been taken by BFF.
9. Rather, Plaintiff has strategically inserted BFF as a party for the sole purpose of obtaining a judgement against it because it is aware that under New York law, a corporation can only be represented by an attorney.
10. Plaintiff is also aware that I do not have the resources to retain counsel for BFF.
11. There is no other person connected with BFF who would or could do so.

12. Accordingly, any judgment against BFF will have the appearance of being a judgment against me and will cause my reputation and ability to retain my livelihood serious damage.

13. For this reason, I ask the Court to exercise its discretion and stay any default judgment that could be entered against BFF until this action is concluded.

Dated: Kingston, Washington
       February 21, 2022

Dr. Lawrence A. Farwell

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

BRAINWAVE SCIENCE, INC.

        Plaintiff

                - against -

ARSHEE, INC., DR. LAWRENCE A.
FARWELL, DR. THIERRY MAISON and
BRAIN FINGERPRINTING FOUNDATION

                Defendants.

----------------------------------------------------- X

Affidavit of Dr. Lawrence A. Farwell in
Support of Motion to Stay Default Judgment

Civil Action No.: 21-cv-4402 (BMC)

Dr. Lawrence A. Farwell, being duly sworn, declares under penalty of perjury as follows:

1. I, Dr. Lawrence A. Farwell, PhD, am submitting this Affidavit in support of a motion to stay a default judgment against Brain Fingerprinting Foundation.

2. The following facts are relevant and necessary in order for the Court to make an informed decision on said motion. The reason that several of these facts are relevant and necessary will not be immediately apparent until the rationale for dismissal has been fully explained below.

3. In a hearing on November 30, 2021 in the present case, Judge Cogan asked how much profit accrued from sale of iCognative brainwave systems by Mr. Tomkins' client, Brainwave Science, Inc.

**Mr. Tomkins stated that his client had sold iCognative systems for a cost of about $400,000 per license, and each sale included several licenses, and that more than one such sale had taken place.**

**All parts of that statement are entirely false.**

Mr. Tomkins knows his statement is false, and knew it at the time.

Brainwave Science, Inc. has never sold a license for an iCognative system (or any other brainwave system) for $400,000 (or anything remotely approaching that figure). They have not sold multiple licenses to the same customer for that price, or for any price. They have not made similar sales to multiple customers.

1

To my knowledge, Brainwave Science, Inc. has never sold any of their iCognative systems to anyone. As the inventor and world's leading expert in Brain Fingerprinting and the individual who has successfully implemented Brain Fingerprinting at the FBI, the CIA, the US Navy, and in national counterterrorism and law enforcement agencies around the world, I am in a position to know. BWS Inc. has supplied some of their brainwave systems to a few potential clients for the purposes of demonstration, but nothing remotely resembling what Mr. Tomkins claimed has ever occurred.

Mr. Tomkins' false statement is material to the case at hand. He made the statement in answer to the only question the judge asked during the hearing. The hearing was about (false) allegations by Mr. Tomkins' client that the Defendants (including myself) had misappropriated his client's trade secrets embodied in the brainwave systems specified in Mr. Tomkins' false statement, and thereby cost his clients potential sales and money. The amount of money accruing from sales was an important part of the judge's deliberations regarding alleged damages.

In reality, Mr. Tomkins' client's entire brainwave system was a copy of a system that I invented, patented, and developed, and had been using since the 1980s. In particular, I provided Mr. Tomkins' client with all the details of a system I developed in 2007. I provided his client with all the algorithms, experimental protocols, specifications, methods, and everything they needed to build the system to imitate what my original system accomplished. The central contention of this lawsuit is equivalent to some businessman with zero knowledge, expertise, experience, credentials, education, or aptitude in aeronautics or airplanes accusing the Wright brothers of stealing the intellectual property of the airplane from him. I would have no imaginable reason for misappropriating Mr. Tomkins' client's untested and unproven system, when I had a brainwave system of my own that I had developed, published in the scientific journals, tested and proven at the FBI, the CIA, and the US Navy, and successfully applied in the field, a system that had been ruled admissible as scientific evidence in court. Brainwave's system has achieved none of these.

The following relevant facts currently stand as undisputed. Mr. Tomkins has had multiple opportunities to dispute these facts, and never has done so. His response to being confronted with the facts has consistently been to obfuscate and attempt to redirect and change the subject, citing other, irrelevant or marginally relevant facts (and in come cases lies).

I. Regarding Dr. Lawrence Farwell:

   a. Dr. Farwell is a Harvard graduate with a PhD in biological psychology and a former research associate at Harvard Medical School.

   b. Dr. Farwell is the inventor of Brain Fingerprinting, as per the Patents and peer-reviewed publications cited below. Dr. Farwell has published extensively on Brain Fingerprinting in leading peer-reviewed scientific journals.

   c. Dr. Farwell was selected by *TIME* magazine as one of the top innovators this century, "the Picassos or Einsteins of the 21st Century."

   d. Dr. Farwell has conducted Brain Fingerprinting research at the FBI, the CIA, and the US Navy and published the results in peer-reviewed scientific journals.

e. Dr. Farwell has successfully applied Brain Fingerprinting science in real-world criminal cases.

f. The science and technology of Brain Fingerprinting that Dr. Farwell invented and developed and his expert testimony on it have been ruled admissible in court.

g. Dr. Farwell has successfully practiced his profession as a forensic neuroscientist, and specifically as the world's leading expert in the Brain Fingerprinting science and technology that he invented, for over 25 years.

II. Regarding the BWS system: Unlike the genuine Farwell Brain Fingerprinting that Dr. Farwell has developed and implemented in the US and throughout the world, the BWS product that Mr. Tomkins, Brainwave Science, LLC, Brainwave Science, Inc., and Ika have been attempting to market, the BWS system:

a. Has not been shown to be an effective implementation of the Brain Fingerprinting scientific technology that was invented by Harvard-trained neuroscientist Dr. Farwell, who was selected by TIME magazine as one of the top innovators this century, "the Picassos or Einsteins of the 21st Century."

b. Has not been shown to meet the 20 Brain Fingerprinting Scientific Standards that Dr. Farwell has published and that are met by Dr. Farwell's versions of the technology. There is no evidence anywhere that the counterfeit product and faux training by unqualified individuals that BWS Inc. is offering meet these standards.

c. Has not been tested and proven at the CIA, the FBI, and the US Navy.

d. Has never been applied in real-world criminal cases, including serial killer JB Grinder and innocent murder convict Terry Harrington.

e. Has not been proven over 99% accurate in research at the FBI, the CIA, the US Navy, and elsewhere published in the top peer-reviewed scientific journals. There is no evidence anywhere that what BWS Inc is offering has achieved such accuracy in scientific studies or field applications.

f. Has never achieved 99% accuracy, or any other proven level of accuracy, in any published research, forensic applications, field applications, or in any other context.

g. Has not been featured in major national and international news media, including CBS Evening News, ABC World News, CNN, PBS, BBC, CBS 60 Minutes, ABC Good Morning America, the Discovery Channel, The New York Times, The Washington Post, TIME Magazine, and US News and World Report.

h. Has not been proven to be capable of detecting bomb makers, criminals, and terrorists, in peer-reviewed publications.

i. Lacks the qualities and achievements of the genuine Brain Fingerprinting invented and developed by Dr. Farwell, as listed herein and in the Exhibits.

j. Has produced no evidence that the unproven technology BWS Inc is offering achieves the same accuracy, reliability, or validity of the genuine Brain Fingerprinting practiced by Dr. Farwell and other competent, trained, and credentialed scientists.

III. Regarding Mr. Ika and the BWS employees: Neither Mr. Ika nor anyone else one employed by Brainwave Science, LLC, Brainwave Science, Inc.:

    a. Has ever been trained in Brain Fingerprinting by a qualified Brain Fingerprinting expert such as Dr. Lawrence Farwell or FBI forensic scientist Dr. Drew Richardson;

    b. Has ever conducted or published Brain Fingerprinting research;

    c. Has ever successfully applied Brain Fingerprinting in real-world cases;

    d. Has ever conducted Brain Fingerprinting research for the FBI, the CIA, or the US Navy;

    e. Is qualified to conduct a scientific Brain Fingerprinting test that meets the Brain Fingerprinting Scientific Standards; or

    f. Has been featured in any of the major news sources mentioned above that have featured Dr. Farwell and his genuine Brain Fingerprinting invention.

4. Mr. Tomkins' lie to the judge in the hearing described above was not an isolated, accidental, or random incident. It was a carefully planned, strategic deception. In Mr. Ika's affidavit, Mr. Ika's touting of BWS Inc.'s success in the marketplace was confined to this: "[unnamed and unspecified] Agencies and educational institutions within several countries have successfully conducted testing and validation studies on our system." It is not an accident that Mr. Ika did not claim that BWS Inc. had sold its system to multiple customers, each one of which purchased multiple systems for $400,000 each, as Tomkins did. Such a statement, in writing in an affidavit, would have inevitably been proven false, and Mr. Ika would have unquestionably committed perjury. (Mr. Ika made several other demonstrably and unequivocally false statements in his affidavit. These I will address elsewhere and will not discuss here, except for one, which is discussed immediately below.) **Tomkins strategically told his substantive and material lie in a situation where it would be heard and relied upon by the judge, and yet he was not under oath, and it was not in writing.**

4. **In the above referenced hearing on November 30, 2021 in the present case, Krishna Ika ("Ika") lied under oath. When asked both by our attorney Joseph Carbonaro and by Judge Cogan whether BWS Inc. system included any open-source or public domain components, Ika repeatedly answered "No." There are dozens if not hundreds of instances in the software proving that Ika's statement is unequivocally and demonstrably false.**

With respect to the scientific protocols, algorithms, mathematics, statistics, and every aspect of the procedures for conducting a Brain Fingerprinting test, everything in the BWS software was derived from information I provided to BWS. This is and was in the public domain due to my colleagues and myself having implemented all of the above in software in several iterations, beginning in 1986 when I first invented the system, and including software that I shared with many others over the years. This includes colleagues including William Iacono at the University of Minnesota, my colleagues at the University of Illinois and Harvard, the FBI, the CIA, the US Navy, and many others. All of above were also disclosed in patents wherein I am the inventor that have now expired. All of the above were also disclosed in scientific publications by myself and colleagues

on our research at the FBI, the CIA, the US Navy, and elsewhere, including Farwell and Donchin (1986; 1988; 1991), Farwell and Smith (2001) Farwell (2012), and Farwell et al. 2013; 2014). Others including Dr. Iacono and colleagues also included much of the same in scientific publications.

The above features were implemented using several open-source and public-domain software packages, as explained by Dr. Thierry Maison in his affidavit.

Moreover, upon a more thorough examination of the relevant evidence, the Court will realize that Dr. Maison was telling the truth when he said he downloaded the code in question from an open source on the internet where BWS had (intentionally or unintentionally) allowed it to be uploaded.

5. **In summary of (1.) and (2.) above, Ika and Tomkins have lied to the judge in an attempt to present BWS Inc. as a successful company that has been successfully selling and implementing a proven, proprietary software package at major government agencies and taking in millions of dollars in revenues. Factually, BWS Inc. has never sold any of their systems to any government agency, and does not have a system that is either proven or proprietary.**

6. **The Court issued the preliminary injunction in reliance on lies by both Ika and Tomkins, without the benefit of the actual facts, which will come to light only later in the case.**

7. The following facts are relevant to the motives involved in Ika and Tomkins including Brain Fingerprinting Foundation as a defendant.

8. I testified against Ika in a fraud case in Dubai that ended up in several jurisdictions. Ika demanded that I change my sworn testimony, and I refused.

9. Authorities in South Africa, Pakistan, Nigeria, and Thailand have also accused Ika and BWS Inc. of fraud involving fraudulently claiming to have sufficient expertise, knowledge, and technology to effect a technology transfer of my Brain Fingerprinting invention to government agencies. This alleged fraud included faking demonstrations of "brainwave analysis" that involved no brainwave analysis, but only display of previously prepared graphics files, claiming to represent me (Dr. Lawrence Farwell, the inventor of Brain Fingerprinting) when they did not, and several other equally fraudulent actions.

10. In the event that Ika is brought to justice for his alleged crimes involving fraud related to Brain Fingerprinting in South Africa, Pakistan, Nigeria, Thailand, and/or elsewhere, I, Dr. Lawrence Farwell, as the inventor and world's leading expert on Brain Fingerprinting, will almost certainly be called again as a witness against Ika.

11. Ika has filed six lawsuits in five different state and federal jurisdictions designed to be as inconvenient an expensive as possible for me and my colleagues. One has been dismissed, as it was obviously in the wrong jurisdiction, one has been dismissed for lack of subject matter jurisdiction, one was an attempt by Ika to initiate an arbitration wherein the potential arbitrators elected not to proceed due to lack of the preconditions for arbitration having been met. In one remaining case the court is considering dismissing it as well. One case, in state court in New York, remains in dispute, along with the current case.

12. By prevailing in a lawsuit, Ika would eliminate – or at least intimidate, discredit, or coerce -- the major past and likely future witness against him in criminal proceedings (myself), and would also eliminate the major competitor to his company, a competitor who, unlike Ika and BWS Inc., actually has a viable, proven product, relevant expertise, and a track record of success.

13. All of the above is relevant for the following reason: Ika and Tomkins know that they have zero chance of prevailing on the merits in any of the cases. Their only chance of prevailing is to force me and my colleagues to spend so much money that we can no longer afford to proceed, and then to win by default. This is exactly what they are attempting to do in the case of Brain Fingerprinting Foundation.

14. There is no imaginable reason for including Brain Fingerprinting Foundation as a defendant, other than the fact that, as a (not-for-profit) corporation, it cannot appear pro se. This means that continuing to pursue multiple lawsuits, no matter how frivolous and lacking in basis in fact or law, can potentially result in a decision in favor of BWS Inc. simply because the other side exhausts their limited funds. On the other hand, if I, Dr. Lawrence Farwell, an individual, am the defendant, along with Dr. Maison, we can continue indefinitely pro se.

15. With the above by way of background, the following are the relevant facts regarding Brain Fingerprinting Foundation.

16. I founded Brain Fingerprinting Foundation in 2017 for the purpose of charitable activities. I registered it as a charity with the state of Washington. I obtained an EIN. I originally intended to obtain a 501(c) 3 status. However, due to other, more pressing activities, I did not pursue that option. I dissolved the entity in 2021.

17. Brain Fingerprinting Foundation has:
    a. Never owned, bought, sold, acquired, represented, discussed, negotiated about, conveyed, or had anything to do with Brain Fingerprinting hardware or software, or any other scientific or other hardware or software;

    b. Never made any representations to anyone regarding anything to do with Brain Fingerprinting science and technology or any other science or technology;

    c. Never executed any contracts;

    d. Never had any assets;

    e. Never performed any services;

    f. Never reported any income to the IRS, and never been required to report any income because there was none;

    g. Never sent any letters or emails, or participated in any in-person or remote conferences, discussions, negotiations, or communications;

    h. Never done anything that might imaginably be construed as infringing on BWS Inc.'s trade secrets (even if BWS Inc. had legitimate trade secrets), or otherwise damaging BWS Inc. or Ika.

18. The Complaint in the current case does not cite any actions by Brain Fingerprinting Foundation, any facts regarding how it might have damaged BWS Inc., or any reasoning for why it is included as a Defendant.

19. The only imaginable reason that BWS Inc., Ika, and Tomkins included Brain Fingerprinting Foundation as a defendant was to create the exact situation we are now facing. Dr. Maison and I, as individuals, do not have sufficient funds to pay an attorney to pursue the case. We can continue pro se. Brain Fingerprinting Foundation, however, cannot appear pro se, and I cannot represent it as I am not an attorney. This scheme by Tomkins sets up Ika to win a case by default where both Ika and Tomkins know that they could never win on the merits.

20. Moreover, since Brain Fingerprinting Foundation has been dissolved, it no longer exists, and cannot defend itself in any case.

21. Tomkins and Ika's including Brain Fingerprinting Foundation as a defendant in the case is an abuse of the justice system in an attempt to force forfeiture of a case that they know they have no chance of winning on the merits, and to force such forfeiture against a party against whom they have no basis in fact or law to pursue a suit.

22. Any attempt by Ika and Tomkins to prolong this case – by opposing the motion to dismiss the case against Brain Fingerprinting Foundation, or seeking further discovery, or any other ploy to prolong the involvement of Brain Fingerprinting Foundation in the case beyond the tenure of Defendants' attorney Joseph Carbonaro in the case – must be recognized as a transparent scheme to require Brain Fingerprinting Foundation to spend money that it does not have on retaining another attorney, and thereby to force forfeiture of the case by Brain Fingerprinting Foundation when there clearly is no basis in fact or law for Brain Fingerprinting Foundation to lose the case or for BWS Inc. to win any part of its case against Brain Fingerprinting Foundation..

23. I have submitted as attachments to this Affidavit all documents, correspondence, emails notes, and all other records that I have or Brain Fingerprinting Foundation has relevant to Brain Fingerprinting Foundation. These constitute everything that I and Brain Fingerprinting Foundation have that is or might in the future be subject to discovery. No other documents can be obtained through discovery, because we have no other documents.

24. Everything that Brain Fingerprinting Foundation might be construed as having done, was in fact done by me. In the extremely unlikely event that the Court should in the future determine that Brain Fingerprinting Foundation has any liabilities to BWS Inc., Ika, or anyone, I am willing to take personal responsibility for any such liabilities as if they were my own personal liabilities.

25. I have signed on behalf of Brain Fingerprinting Foundation even though it no longer exists, in case such a signature is appropriate and necessary for legal reasons. When it existed I was its sole member and representative.

26. Much more is at stake here than the question of whether I or some Indian businessman makes money on my invention of Brain Fingerprinting. With regard to the benefit to mankind, that consideration is trivial at best. Fortunately, so far, Ika, Tomkins, and Brainwave Science, Inc. have done little damage to the cause of justice and global

security. This case could change that dramatically. So far, Ika and his employees have failed totally for many years to defraud government agencies into engaging them to effect a technology transfer of a critically important forensic science technology – my invention of Brain Fingerprinting. This has included the fraudulent claim that they are qualified and capable not only of practicing and implementing my invention, but also of training others to do so. This includes two patently fraudulent claims: (1) That the totally untested and unproven iCognative system, which has never been tested in the laboratory and published in the scientific journals or applied successfully in real-world criminal cases, is a viable forensic science technology; and (2) that BWS Inc.'s "trainers" – who have never conducted a single Brain Fingerprinting test that meets the established Brain Fingerprinting scientific standards, either by conducting it in the laboratory and publishing in a peer-reviewed journal, or by conducting a successful field test on real-world criminal or terrorist suspects – are capable of training potential clients up to the level of skilled forensic scientists competent to conduct forensic neuroscience tests upon which peoples' lives and freedom depend.

If Ika's, Tomkins', and Brainwave Science, Inc.'s efforts to defraud government agencies ever succeed, this will be a disaster for the cause of justice and global security. If any government agency engages Ika and BWS Inc. to effect a technology transfer of their untested and unproven system and their "training" by totally unqualified trainers, and said agency attempts to implement what they received from BWS Inc. in the real world of counterterrorism and criminal investigations and relies on the results, the outcome will be that people lacking the requisite training and expertise will attempt to apply an untested and unproven technology in situations where lives and freedom depend on the result. It is not an exaggeration to point out that the most likely outcome of such an endeavor will be that grave miscarriages of justice will ensue, innocent people will die needlessly, and terrorists and criminals will get away with murder.

I say that not simply as a litigant in a civil case with my own self-interest at stake, but more importantly as a forensic scientist and counterterrorism expert who has experienced first-hand over a period of decades the necessity for effective and competent practice of forensic science by properly qualified, credentialed, and trained experts, in order to establish justice and prevent such disasters.

If this Court plays a part in such an outcome, then this Court and the American justice system will have been abused by criminals in committing their crimes of, at a minimum, fraud, resulting in dire consequences for the unfortunate direct and collateral victims and casualties of that fraud.

27. In summary, here is no legitimate purpose, reason, or foundation in fact or law for including Brain Fingerprinting Foundation as a defendant in this case. To do so would be to allow this Court and the American justice system to be abused, with likely disastrous consequences for the cause of justice and global security and for many people far beyond those directly involved in this case.

28. For this reason, I ask the Court to exercise its discretion and stay any default judgment that could be entered against BFF until this action is concluded.

[Signature page immediately follows.]

8

_(signature)_

Lawrence A. Farwell, Personally

Date: Feb 19, 2022 .

Brain Fingerprinting Foundation

By:

_(signature)_

Lawrence A. Farwell, Founder and President

Date: Feb. 19, 2022 .

Sworn to before me this 2 2 day of February, 2022.

State of WASHINGTON

County of KITSAP

On this, the 2 2 day of February, 2022, before me, a notary public, the undersigned officer, personally appeared <u>Lawrence A. Farwell</u>, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained.

In witness hereof, I hereunto set my hand and official seal.

_(signature)_

Notary Public



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

BRAINWAVE SCIENCE, INC.

            Plaintiff

Exhibits to:

Affidavit of Dr. Lawrence A. Farwell

- against -

Civil Action No.: 21-cv-4402 (BMC)

ARSHEE, INC., DR. LAWRENCE A.
FARWELL, DR. THIERRY MAISON and
BRAIN FINGERPRINTING FOUNDATION

                  Defendants.

----------------------------------------------------------- X

**List of Exhibits**

2017-03-29_Washington State Nonprofit Corporation – Articles of Incorporation

2017-04-02_Brain Fingerprinting Foundation EIN

2020-03-24_345665_Filing Correspondence Confirmation Letter

2020-03-24_345665_Charities Confirmation Letter

2020-03-24_13318866_Online Report_Statement of Reinstatement

2020-03-24_345665_Online Report_Charity Registration

2020-03-24_13318866_Charities Confirmation Letter

2021-12-13_420246_Charities Confirmation Letter_Close Charitable Organization

2021-12-13_420246_Filing Correspondence Confirmation Letter

2021-12-13_420246_Online Report_Charity Closure

NOTE: this is a duplicate of what was typed in online. This was not sent.

Page 1 of 2

# SꙨS

Office of the Secretary of State   Corporations & Charities Division

## Washington Nonprofit Corporation
*See attached detailed instructions*

☒ **Filing Fee $30.00**

☐ **Filing Fee with Expedited Service $80.00**

*This Box For Office Use Only*

UBI Number:

# ARTICLES OF INCORPORATION
## Chapter 24.03 RCW

### ARTICLE 1

**NAME OF CORPORATION:**

Brain Fingerprinting Foundation

(**_MAY NOT_** *contain any of the following designations or abbreviations of: Corporation, Company, Incorporated, Limited, Limited Partnership, Limited Liability Company, or Limited Liability Partnership. If one of the prohibited designations is used, it will be removed when processed.*)

### ARTICLE 2

**EFFECTIVE DATE OF INCORPORATION** *(please check <u>one</u> of the following)*:

☒　　Upon filing by the Secretary of State

☐　　Specific Date: _____ *(Specified effective date must be within 30 days AFTER the Articles of Incorporation have been filed by the Office of the Secretary of State.)*

### ARTICLE 3

**TENURE** *(please check <u>one</u> of the following and indicate the date if applicable)*:

☒　　Perpetual existence

☐　　Specific term of existence _____ *(Number of years or date of termination)*

### ARTICLE 4

**PURPOSE FOR WHICH THE NONPROFIT IS ORGANIZED:** *(if necessary, attach additional information)*
Educatiional, scientific, and charitable activities related to Brain Fingerprinting, forensic science, truth, and justice.
~~Research, education, applications, and enhancing public awareness of Brain Fingerprinting, forensic science, truth, and justice.~~

### ARTICLE 5

**IN THE EVENT OF A VOLUNTARY DISSOLUTION, THE NET ASSETS WILL BE DISTRIBUTED AS FOLLOWS:** *(if necessary, attach additional information)* Donated to other non-profit or charitable organizations with a similar purpose.

## ARTICLE 6

**NAME AND ADDRESS OF EACH INITIAL DIRECTOR:** *(If necessary, attach additional names and addresses)*

Name: Dr. Lawrence A. Farwell, PhD

Address: 14220 37th Ave NE

City Seattle State WA Zip Code 98125

## ARTICLE 7

**NAME AND ADDRESS OF THE WASHINGTON STATE REGISTERED AGENT:**

**Name:** Dr. Lawrence A. Farwell, PhD

**Physical** Location Address *(required):*

14220 37th Ave. NE

City Seattle WA Zip Code 98125

**Mailing** or Postal Address *(optional):*

City _____ State _____ Zip Code _____

### CONSENT TO SERVE AS REGISTERED AGENT:

I consent to serve as Registered Agent in the State of Washington for the above named corporation. I understand it will be my responsibility to accept Service of Process on behalf of the corporation; to forward mail to the corporation; and to immediately notify the Office of the Secretary of State if I resign or change the Registered Office Address.

X *Lawrence A. Farwell*    Lawrence A. Farwell    March 29, 2017
**Signature of Registered Agent**    Printed Name    Date

## ARTICLE 8

**NAME, ADDRESS AND SIGNATURE OF EACH INCORPORATOR:**
*(If necessary, attach additional names, addresses **and signatures**)*

Name: Dr. Lawrence A. Farwell, PhD

Address: 14220 37th Ave NE

City Seattle State WA Zip Code 98125

*This document is hereby executed under penalties of perjury, and is, to the best of my knowledge, true and correct.*

X *Lawrence A. Farwell*    Lawrence A. Farwell    March 29, 2017    206-905-1009
**Signature of Incorporator**    Printed Name/Title    Date    Phone

**Important note: If your nonprofit organization is currently fundraising, or plans to fundraise from the public, it may also be required to register with the Charities Program of the Secretary of State. Registration with the Charities Program is separate from, and in addition to, filings required under corporate law. Please visit the Charities Program website at www.sos.wa.gov/charities/ to review the registration requirements and forms for Charitable Organizations.**

# INSTRUCTIONS – NONPROFIT ARTICLES OF INCORPORATION

Please complete all sections of the Articles of Incorporation. . **USE DARK INK ONLY.** For an electronic, fillable version of this form, please visit our website at www.sos.wa.gov/corps or email corps@sos.wa.gov for more information.

**Article 1:**
Enter the name of the corporation. In accordance with Chapter 24.03 RCW a nonprofit corporation **may not** contain any of the following designations or abbreviations of: Corporation, Company, Incorporated, Limited, Limited Partnership, Limited Liability Company, or Limited Liability Partnership, but may use "club," "league," "association," "services," "committee," "fund," "society," "foundation," a nonprofit corporation," or any name of like import . *If one of the prohibited designations is used, it will be removed when processed.* A nonprofit corporate name must be distinguishable upon the records of the Secretary of State from any other formally organized entity registered with the Secretary of State's office. It's advised that you contact the Secretary of State to check for name availability before filing at 360-725-0377.

**Article 2:**
An effective date may be specified. The effective date can be up to 30 days AFTER the Articles of Incorporation have been filed by the Office of the Secretary of State.

**Article 3:**
Please indicate whether the term of existence for nonprofit corporation is perpetual *(i.e. ongoing until dissolved)* or if it will have a specific term of existence, in which case indicate the number of years it will exist.

**Article 4:**
Indicate the purpose for which the nonprofit is being organized. You may attach additional information if needed. **Do not** attach or refer to the bylaws.

**Article 5:**
Indicate how any assets will be distributed if the nonprofit voluntarily dissolves. **Do not** attach or refer to the bylaws.

**Article 6:**
List the names and address of **all** initial directors of the nonprofit corporation. If necessary you may attach a sheet with additional names and addresses. **Do not** include social security numbers, federal tax identification or other personal identifiers.

**Article 7:**
All corporations must have a Registered Agent in Washington State. The Registered Agent may be an individual who is a resident of Washington State, or a business entity registered with the Secretary of State's office. The agent **must have a physical address in Washington State where personal service of process may be made. An alternative mailing address may be used in addition to the physical address. The Registered Agent must print their name and sign the consent to serve as Registered Agent.**

**Article 8:**
An Incorporator is a person(s) forming the corporation. Please provide the full name, signature and address of each Incorporator. All incorporators **must** sign the articles of incorporation. If necessary you may attach a sheet with additional names, signatures and addresses. **Do not** include social security numbers, federal tax identification or other personal identifiers.

**Additional Information:** You may attach any optional provisions to these articles *(please do not attach bylaws or minutes, these items are not filed with this office).*

**FEES:** The filing fee for Nonprofit Articles of Incorporation is $30.00. If expedited service is requested, include an additional $50.00 and write "EXPEDITE" on the outside of the envelope. Make the checks or money orders payable to "Secretary of State". **All payments must be received in US Dollars. All fees are non-refundable.**

**Mail completed forms and payment to:**
Secretary of State
Corporations Division
801 Capitol Way S
PO Box 40234
Olympia WA 98504-0234

If you have questions, need assistance, or would like to provide feedback please visit the Corporations Division website at www.sos.wa.gov/corps or call 360-725-0377.

EIN 82-1098848
Brain Fingerprinting Foundation
Washington State Non-Profit

Secretary of State
*Tom Wyman*

Corporations and Charities Division
PO Box 40234
Olympia, WA 98504
Tel 360.725.0378

03/24/2020

DR. LAWRENCE FARWELL
8825 34TH AVE NE STE L155
SUITE L155
QUIL CEDA VLG WA 98271-8085

**Registration Number: 2003582**
**Organization Name: BRAIN FINGERPRINTING FOUNDATION**

Dear DR. LAWRENCE FARWELL,

Thank you for your recent submission. This letter is to confirm that the following documents have been received and successfully filed:

CHARITABLE ORGANIZATION REGISTRATION

You can view and download your filed document(s) for no charge at our website, www.sos.wa.gov/ccfs

If you haven't already, please sign up for a user account on our website, www.sos.wa.gov/ccfs to file online, conduct searches, and receive status updates.

Additional information:

**Report any changes** to your information online at www.sos.wa.gov/ccfs

**Make sure all solicitations include the required disclosure information** as described in the Charitable Solicitations Act, RCW 19.09.100.

**Submit each commercial fundraiser contract** , also available online at www.sos.wa.gov/ccfs before fundraising begins.

**Determine if the organization is a "trustee"** as defined under the Charitable Trust Act, RCW 11.110.020. If so, it may be subject to the Act and required to register as a "charitable trust."

**Visit the Combined Fund Drive (CFD)** www.cfd.wa.gov to complete the registration process if the organization wishes to take part in the CFD.

Please contact our office at charities@sos.wa.gov or (360) 725-0378 if you have any questions.

Sincerely,
Corporations and Charities Division
Office of the Secretary of State
www.sos.wa.gov/corps

 **Secretary of State**
*Kim Wyman*

Corporations and Charities Division
PO Box 40234
Olympia, WA 98504
Tel 360.725.0378

03/24/2020

BRAIN FINGERPRINTING FOUNDATION
8825 34TH AVE NE STE L155
SUITE L155
QUIL CEDA VLG WA 98271-8085

**Registration Number: 2003582**
**Organization Name: BRAIN FINGERPRINTING FOUNDATION**

Dear BRAIN FINGERPRINTING FOUNDATION,

Thank you for your recent submission. This letter is to confirm that the following documents have been received and successfully filed:

CHARITABLE ORGANIZATION REGISTRATION

You can view and download your filed document(s) for no charge at our website, www.sos.wa.gov/ccfs

If you haven't already, please sign up for a user account on our website, www.sos.wa.gov/ccfs to file online, conduct searches, and receive status updates.

Additional information:

**Report any changes** to your information online at www.sos.wa.gov/ccfs

**Make sure all solicitations include the required disclosure information** as described in the Charitable Solicitations Act, RCW 19.09.100.

**Submit each commercial fundraiser contract** , also available online at www.sos.wa.gov/ccfs before fundraising begins.

**Determine if the organization is a "trustee"** as defined under the Charitable Trust Act, RCW 11.110.020. If so, it may be subject to the Act and required to register as a "charitable trust."

**Visit the Combined Fund Drive (CFD)** www.cfd.wa.gov to complete the registration process if the organization wishes to take part in the CFD.

Please contact our office at charities@sos.wa.gov or (360) 725-0378 if you have any questions.

Sincerely,
Corporations and Charities Division
Office of the Secretary of State
www.sos.wa.gov/corps



**Office of the Secretary of State**
Corporations & Charities Division

Filed
Secretary of State
State of Washington
Date Filed: 03/24/2020
Effective Date: 03/24/2020
UBI #: 604 110 257

# STATEMENT OF REINSTATEMENT

## BUSINESS INFORMATION

Business Name:
**BRAIN FINGERPRINTING FOUNDATION**

UBI Number:
**604 110 257**

Business Type:
**WA NONPROFIT CORPORATION**

Business Status:
**ACTIVE**

Principal Office Street Address:
**8825 34TH AVE NE STE L155, QUIL CEDA VLG, WA, 98271-8085, UNITED STATES**

Principal Office Mailing Address:

Expiration Date:
**03/31/2021**

Jurisdiction:
**UNITED STATES, WASHINGTON**

Formation/Registration Date:
**03/29/2017**

Period of Duration:
**PERPETUAL**

Inactive Date:

Nature of Business:
**ANY LAWFUL PURPOSE**

## BUSINESS NAME

Business Name
**BRAIN FINGERPRINTING FOUNDATION**

## REGISTERED AGENT

| Registered Agent Name | Street Address | Mailing Address |
|---|---|---|
| BRAIN FINGERPRINTING FOUNDATION | 8825 34TH AVE NE STE L155, QUIL CEDA VLG, WA, 98271-8085, UNITED STATES | |

## REGISTERED AGENT CONSENT

This document is a public record. For more information visit www.sos.wa.gov/corps

Work Order #: 2020032300169771 - 1
Received Date: 03/23/2020
Amount Received: $75.00

Customer provided Registered Agent consent? - **Yes**

# PRINCIPAL OFFICE

Phone:
**206-905-1009**

Email:
**BRAINWAVE@LARRYFARWELL.COM**

Street Address:
**8825 34TH AVE NE STE L155, QUIL CEDA VLG, WA, 98271-8085, UNITED STATES**

Mailing Address:

# GOVERNORS

| Title | Governor Type | Entity Name | First Name | Last Name |
|-------|---------------|-------------|------------|-----------|
| GOVERNOR | INDIVIDUAL | | LAWRENCE | FARWELL |

# NATURE OF BUSINESS

Nature of Business:
**ANY LAWFUL PURPOSE**

# ANNUAL FEE CALCULATIONS

| Filing Name | Annual year | Fee |
|-------------|-------------|-----|
| REINSTATEMENT | | $35.00 |
| NONPROFITS: REINSTATEMENTS, FOREIGN REGISTRATIONS ANNUAL REPORT FEE | 03/31/2019 | $10.00 |
| NONPROFITS: REINSTATEMENTS, FOREIGN REGISTRATIONS ANNUAL REPORT FEE | 03/31/2020 | $10.00 |
| PROCESSING | | $20.00 |
| | Total : | $75.00 |

# EFFECTIVE DATE

Effective Date:
**03/24/2020**

# CONTROLLING INTEREST

1. Does your entity own real property such as land or buildings (including leasehold interests) in Washington?
**NO**

2. As of January 1, 2019, has there been a transfer of stock, other financial interest change, or an option agreement exercised that resulted in a transfer of at least 16⅔ percent interest in the entity?
**NO**

    a. If "yes", has the transfer of stock, other financial interest change, or an option agreement exercised resulted in a transfer of controlling interest (50 percent or greater)?
**NO**

This document is a public record. For more information visit www.sos.wa.gov/corps

3. As of January 1, 2019, has an option agreement been executed allowing for the future purchase or acquisition of the entity?
**NO**

You must report a Controlling Interest Transfer Return **IF**: you answered "yes" to questions 1 **AND** 2a.

Failure to report a Controlling Interest Transfer is subject to penalty provisions of RCW 82.45.220.

For more information on **Controlling Interest**, visit www.dor.wa.gov/REET.

# RETURN ADDRESS FOR THIS FILING

Attention:
**DR. LAWRENCE FARWELL**

Email:
**BRAINWAVE@LARRYFARWELL.COM**

Address:
**8825 34TH AVE NE, MARYSVILLE, WA, 98271, UNITED STATES**

# UPLOAD ADDITIONAL DOCUMENTS

**Name**                                    **Document Type**

No Value Found.

# EMAIL OPT-IN

☑ I hereby opt into receiving all notifications from the Secretary of State for this entity via email only. I acknowledge that I will no longer receive paper notifications.

# AUTHORIZED PERSON - STAFF CONSOLE

☑ Document is signed.

Person Type:
**ENTITY**

First Name:
**LAWRENCE**

Last Name:
**FARWELL**

Entity Name:
**BRAIN FINGERPRINTING FOUNDATION**

Title:
**PRESIDENT**

---

Work Order #: 2020032300169771 - 1
Received Date: 03/23/2020
Amount Received: $75.00


Office of the Secretary of State
Corporations & Charities Division

Filed
Secretary of State
State of Washington
Date Filed: 03/24/2020
Effective Date: 03/24/2020
Registration No: 2003582

# Charity Registration

## ORGANIZATION INFORMATION

Organization Name:
**BRAIN FINGERPRINTING FOUNDATION**
Registration Number :
**2003582**
**Also known as Names:**

**Name**

COVID-19 EMERGENCY MEDICAL FOUNDATION

Purpose/Mission of the Organization:
**DONATE MEDICAL SUPPLIES TO HOSPITALS, MEDICAL PERSONNEL, FIRST RESPONDERS, AND OTHER S IN NEED. SOLICIT DONATIONS OF MEDICAL SUPPLIES AND CASH DONATIONS TO BUY MEDICAL SUP PLIES TO BE DONATED.**
FEIN Number:
**82-1098848**
Federal Tax-Exempt Status:
**No**

UBI Number:
Is this Charitable Organization associated with any Corporation or LLC?-
**No**

## ORGANIZATION NAME

Organization Name:
**BRAIN FINGERPRINTING FOUNDATION**

## CONTACT INFORMATION

Organization Email:
**BRAINWAVE@LARRYFARWELL.COM**
Confirm Organization Email:
**BRAINWAVE@LARRYFARWELL.COM**
Organization Website:
Is Foreign Contact:
**No**
Country Code:
**1**
Phone Number:
**206-905-1009**
Ext:
Mailing Address:

Work Order #: 2020032400171524 - 1
Received Date: 03/24/2020
Amount Received: $60.00

8825 34TH AVE NE STE L155, SUITE L155, QUIL CEDA VLG, WA, 98271-8085, USA
Street Address:
8825 34TH AVE NE STE L155, SUITE L155, SNOHOMISH COUNTY, QUIL CEDA VLG, WA, 98271-8085, USA
Do you use any other addresses for Solicitation -
**No**

# FINANCIAL INFORMATION

Has Organization completed a full accounting year?- **No**
First Accounting year end date:
**12/31/2020**
Solicitation Comments:
Did the Organization solicit or collect contributions in WA during the accounting year reported?- **No**
Is the Organization registered to solicit outside of WA?- **No**
Does the Organization pay any of its officers or employees?- **No**

# PERSONS ACCEPTING RESPONSIBILITY

**Current Officers or Persons Accepting Responsibility for the Organization**

| First Name | Last Name | Title | Phone # | Address |
|---|---|---|---|---|
| LAWRENCE | FARWELL | PRESIDENT | 206-905-1009 | 8825 34TH AVE NE STE L155, SUITE L155, QUIL CEDA VLG, WA, 98271-8085, USA |

# FINANCIAL PREPARER

**Person or Business that Prepares, Reviews or Audits Financial Information:**
Type:
**INDIVIDUAL**
First Name:
**LAWRENCE**
Last Name:
**FARWELL**
Title:
**PRESIDENT**
Address:
**8825 34TH AVE NE STE L155, SUITE L155, QUIL CEDA VLG, WA, 98271-8085, USA**

# LEGAL INFORMATION

Do you have any Legal Actions? - **No**

# COMMERCIAL FUNDRAISERS

Does the Organization use one or more Commercial Fundraisers to solicit contributions in WA?- **No**

# RETURN ADDRESS FOR THIS FILING

Attention:
**DR. LAWRENCE FARWELL**
Email:
**BRAINWAVE@LARRYFARWELL.COM**
Address:
**8825 34TH AVE NE STE L155, SUITE L155, QUIL CEDA VLG, WA, 98271-8085, USA**

Work Order #: 2020032400171524 - I
Received Date: 03/24/2020
Amount Received: $60.00

# UPLOAD ADDITIONAL DOCUMENTS

Do you have additional documents to upload? **No**

# EMAIL OPT-IN

☑ By checking this box, I hereby opt into receiving all notifications from the Secretary of State for this entity via email only. I acknowledge that I will no longer receive paper notifications.

# SIGNATURE/ ATTESTATION

First Name:
**LAWRENCE**
Last Name:
**FARWELL**
Date:
**03/24/2020**
Phone Number:
**206-905-1009**

This document is a public record. For more information visit www.sos.wa.gov/corps

Work Order #: 2020032400171524 - 1
Received Date: 03/24/2020
Amount Received: $60.00



Washington Secretary of State
Corporations and Charities Division
801 Capitol Way South
PO Box 40234
Olympia, WA 98504-0234
(360) 725-0377
corps@sos.wa.gov

03/24/2020

BRAIN FINGERPRINTING FOUNDATION
BRAIN FINGERPRINTING FOUNDATION
8825 34TH AVE NE STE L155
QUIL CEDA VLG WA 98271-8085

**UBI Number: 604 110 257**
**Business Name: BRAIN FINGERPRINTING FOUNDATION**
**Expiration Date: 03/31/2021**

Dear BRAIN FINGERPRINTING FOUNDATION,

Thank you for your recent submission. This letter is to confirm that the following
documents have been received and successfully filed:

REINSTATEMENT

You can view and download your filed document(s) for no charge at our website, www.sos.wa.gov/ccfs

If you haven't already, please sign up for a user account on our website, www.sos.wa.gov/ccfs to file online, conduct searches, and
receive status updates.

Please contact our office at corps@sos.wa.gov or (360) 725-0377 if you have any questions.

Sincerely,
Corporations and Charities Division
Office of the Secretary of State
www.sos.wa.gov/corps

Corporations and Charities Division
**Physical/Overnight address:**
801 Capitol Way S
Olympia, WA 98501-1226
**Mailing address:**
PO Box 40234
Olympia, WA 98504-0234
Tel: 360.725.0377
sos.wa.gov/corps



**WASHINGTON**
Secretary of State
Corporations & Charities Division

12/13/2021

BRAIN FINGERPRINTING FOUNDATION
8825 34TH AVE NE STE L155
SUITE L155
QUIL CEDA VLG WA 98271-8085

**REGISTRATION NUMBER: 2003582.**

DEAR BRAIN FINGERPRINTING FOUNDATION,

Thank you for your recent submission. This letter is to confirm that the following document have been received and successfully filed:

CLOSE CHARITABLE ORGANIZATION

You can view and download your filed document(s) for no charge at our website,
www.sos.wa.gov/ccfs

Additional information:

If **BRAIN FINGERPRINTING FOUNDATION.** needs to file their Final Financial Report please visit www.sos.wa.gov/ccfs
and submit an Amendment filing.

If **BRAIN FINGERPRINTING FOUNDATION.** contracted with one or more organizations to solicit and/or receive
contributions in Washington State, please notify the Charities Program by
uploading a written document that states the status of each contract and the effective date of cancellation to the Amendment filing.

If at some point you wish to re-activate under the Act, please visit www.sos.wa.gov/ccfs and file a re-registration. Be sure to search
the organization with registration number **2003582..**

We appreciate your assistance in helping the Charities Program maintain current registration information for your organization. Please
do not hesitate to contact our
office at charities@sos.wa.gov or (360) 725-0378 if you have any questions

Sincerely,

Corporations and Charities Division
Office of the Secretary of State
www.sos.wa.gov/charities



**WASHINGTON**
Secretary of State
Corporations & Charities Division

Corporations and Charities Division
**Physical/Overnight address:**
801 Capitol Way S
Olympia, WA 98501-1226
**Mailing address:**
PO Box 40234
Olympia, WA 98504-0234
Tel: 360.725.0377
sos.wa.gov/corps

12/13/2021

LAWRENCE FARWELL
8825 34TH AVE NE
SUITE L155
MARYSVILLE WA 98271

**REGISTRATION NUMBER: 2003582.**

DEAR LAWRENCE FARWELL,

Thank you for your recent submission. This letter is to confirm that the following document have been received and successfully filed:

CLOSE CHARITABLE ORGANIZATION

You can view and download your filed document(s) for no charge at our website,
www.sos.wa.gov/ccfs

Additional information:

If **BRAIN FINGERPRINTING FOUNDATION.** needs to file their Final Financial Report please visit www.sos.wa.gov/ccfs and submit an Amendment filing.

If **BRAIN FINGERPRINTING FOUNDATION.** contracted with one or more organizations to solicit and/or receive contributions in Washington State, please notify the Charities Program by
uploading a written document that states the status of each contract and the effective date of cancellation to the Amendment filing.

If at some point you wish to re-activate under the Act, please visit www.sos.wa.gov/ccfs and file a re-registration. Be sure to search the organization with registration number **2003582.**.

We appreciate your assistance in helping the Charities Program maintain current registration information for your organization. Please do not hesitate to contact our
office at charities@sos.wa.gov or (360) 725-0378 if you have any questions

Sincerely,

Corporations and Charities Division
Office of the Secretary of State
www.sos.wa.gov/charities



**WASHINGTON**
Secretary of State
Corporations & Charities Division

Filed
Secretary of State
State of Washington
Date Filed: 12/13/2021
Effective Date: 12/13/2021
Registration No: 2003582

# Charity Closure

## ITEM SUMMARY

Organization Name:
**BRAIN FINGERPRINTING FOUNDATION**
Organization Type:
**CHARITABLE ORGANIZATION**
Service:
**CLOSE CHARITABLE ORGANIZATION**
Registration Number:
**2003582**
FEIN:
**82-1098848**
UBI:
Received Date:
**12/13/2021**
Filing Date:
**12/13/2021**
Renewal Date:
**11/30/2021**
Status:
**Delinquent**
Email Opt-In:
☑

## EFFECTIVE DATE

Date of Closure:
**12/31/2020**

## FINANCIAL INFORMATION

First Accounting year end date:
Solicitation Comments:

## CLOSURE REASONS

•Organization Does not raise funds in WA
•Organization No Longer Exists
•Organization not needed to register

## RETURN ADDRESS FOR THIS FILING

Attention:

---

This document is a public record. For more information visit www.sos.wa.gov/corps

**LAWRENCE FARWELL**
Email:
**BRAINWAVE@LARRYFARWELL.COM**
Address:
**8825 34TH AVE NE, SUITE L155, MARYSVILLE, WA, 98271, USA**

## UPLOAD ADDITIONAL DOCUMENTS

Do you have additional documents to upload? **No**

## SIGNATURE/ ATTESTATION

First Name:
**LAWRENCE**
Last Name:
**FARWELL**
Date:
**12/13/2021**
Phone Number:
**206-905-1009**

This document is a public record. For more information visit www.sos.wa.gov/corps

Work Order #: 2021121300732000 - 1
Received Date: 12/13/2021
Amount Received: $0.00