C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
BRAINWAVE SCIENCE, INC.,                                     :
                                                             :  **ORDER**
                                      Plaintiffs,            :
                                                             :  21-cv-4402 (BMC)
        - against -                                          :
                                                             :
ARSHEE, INC., DR. LAWRENCE A.                                :
FARWELL, DR. THIERRY MAISON, and                             :
the BRAIN FINGERPRINTING                                     :
FOUNDATION,                                                  :
                                                             :
                                      Defendants.            :
                                                             :
------------------------------------------------------------ X

**COGAN**, District Judge.

      This Order grants in part plaintiff's motion to compel and preserve evidence [35], and addresses defendant *pro se* Lawrence Farwell's letters requesting various relief [36, 37].

      First, because it appears defendants may not have complied with discovery in the first instance, they are required to submit affidavits to this Court by March 13, 2022 establishing that they have complied with the presently imposed preliminary injunction and have a plan in place to retain all records related to this litigation.  Failure to comply with this order will result in sanctions or a finding of contempt of Court, which may carry with it the imposition of fines or imprisonment.  The Court will address the discovery dispute raised by plaintiff once the stay that the Court has imposed based on the withdrawal of defendant's counsel has expired.

      The Court denies Dr. Farwell's request that it stay an entry of default against Brain Fingerprinting Foundation if it does not obtain counsel.  There is no reason to.  Dr. Farwell says that BFF cannot afford counsel, but he gives no indication that a time will come when it can

afford counsel.  Although a default may be noted on the docket as to BFF based on its failure to have retained counsel, it is unlikely that the Court would grant a default judgment motion against BFF until the claims against the remaining defendants are resolved.  See Frow v. de la Vega, 82 U.S. 552 (1872).

Finally, the Court denies Dr. Farwell's request that it sanction plaintiff for an allegedly erroneous statement made by counsel during the evidentiary hearing.  As reflected in the Findings of Fact and Conclusions of Law that accompanied the Court's Preliminary Injunction, the potentially erroneous statement made by plaintiff's counsel had no bearing on this Court's decision.

Separately, Dr. Farwell's assertion that plaintiff has placed false statements on its website falls outside the scope of this action.  It has nothing to do with defendants' alleged theft of plaintiff's intellectual property or trade secrets.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       March 2, 2022