RECEIVED IN ROSS OFFICE
MARCH 2, 2022
VIA BOX.COM @ 11:13 PM
*rec in p drive 3/3/22

Hon. Brian M. Cogan
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

March 2, 2022

Re: *Brainwave Science, Inc. v. Arshee, Inc., Farwell, Maison, and Brain Fingerprinting Foundation* 21-cv-4402

Your Honor:

It am writing to add an additional counterclaim by Defendant Farwell; and, if required, to respectfully request your permission to add said counterclaim.

It is my understanding that such permission is to be "freely granted."

Whereas, due to limitations on the Defendants' ability to pay, attorney Joseph Carbonaro filed the Answer to Complaint without having spent the necessary time to become acquainted with the factual details of this complex case, and consequently made several incorrect statements of fact in said First Counterclaim. Consequently, several of the claims of said Counterclaim were incorrect, and unfair both to the Plaintiff and to the Defendant (myself). Therefore, in the interests of providing the Court with the actual facts, and also in the interest of fairness to both Plaintiff and Defendants, I have withdrawn said First Counterclaim.

Nevertheless, the facts and law of the case support a Counterclaim on some of the same issues as said original First Counterclaim.

Therefore, I submit herewith an additional Counterclaim, as follows, along with an Affidavit in support of the same.

A previous letter, dated February 28, 2022, included several provisions that I believed then and still believe would constitute a fair, just, and equitable resolution of the present case as well as other disputes among the parties to this lawsuit and related disputes with other, related parties. As an unschooled pro se litigant, acting in good faith, I believed that these provisions were appropriate "Counterclaims," and labeled them as such  In response, Plaintiff filed a motion that pointed out correctly that the label "Counterclaims" for these provisions was not accurate in the present lawsuit.

Therefore, I hereby withdraw the "Counterclaims" specified in my letter motion of February 28, 2022, and I also withdraw the accompanying Affidavit. The only other provision therein was to withdraw my original First Counterclaim, which I have (perhaps redundantly) now done in a separate letter.

I hereby request judgment granting me, Defendant Dr. Farwell, judgment on the new Counterclaim.

*Lawrence A. Farwell*
_____
Dr. Lawrence A. Farwell, Defendant

Date: March 2, 2022

Email: brainwave@larryfarwell.com
Website: https://farwellbrainfingerprinting.com
Phone: +1 206-905-1009
Mobile: +1 2-6-250-5516
Address: 28375 Sandy Beach Lane NE
PO Box 547
Kingston, WA 98346

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

BRAINWAVE SCIENCE, INC.

        Plaintiff                      Added Counterclaim of Dr. Lawrence A. Farwell -- Answer to Complaint

        - against -                   Civil Action No.: 21-cv-4402 (BMC)

ARSHEE, INC., DR. LAWRENCE A.
FARWELL, DR. THIERRY MAISON and
BRAIN FINGERPRINTING FOUNDATION

Defendants.
------------------------------------------------------------ X

Defendant Dr. Farwell hereby submits the following Counterclaim.

FIRST COUNTERCLAIM BY DEFENDANT FARWELL

1. Upon formation of Brainwave Science LLC ("BWS LLC"), purported predecessor in interest of Plaintiff Brainwave Science, Inc. ("BWS Inc."), Dr. Farwell and his corporation Brain Fingerprinting Laboratories, Inc. owned founder's equity equal to 49% of the value of BWS LLC. Said ownership interest accrued to Dr. Farwell's as a founding member; 51% of BWS LLC was owned by co-founder eHealthcare Works Corp. ("HCW"), a corporation controlled by Krishna Ika, CEO of Plaintiff Brainwave Science, Inc., which was the managing member.

2. Ika, HCW, and BWS LLC defaulted on the BWS original LLC agreement by failing to provide sufficient funding to pay compensation as per a consulting contract that was specified in the LLC Agreement, and refused to execute or abide by said consulting Agreement despite the fact that the BWS LLC Agreement specified that it would be honored;

3. Krishna Ika and BWS LLC purported to unlawfully strip Dr. Farwell of all ownership rights in BWS LLC by virtue of a purported vote by the Members at a meeting that was attended only by Krishna Ika and Subu Kota (the latter acting as Secretary).  Dr. Farwell did not attend said meeting because he had previously informed Ika that he refused to attend because the stated purpose of said meeting, in Dr. Farwell's opinion, involved committing illegal acts.

4. Farwell's ownership interest was taken from him without due process. Farwell was not compensated in any amount for his ownership share in BWS LLC after said ownership interest was purportedly taken from him at the aforesaid meeting and through the formation of BWS Inc. as described below;

5. After said meeting, Dr. Farwell still legitimately had an interest in BWS LLC, as Ika's attempt to misappropriate Dr. Farwell's interest and transfer it to an entity controlled by Ika was not legal and would not stand;

2

6. Ika then illegally formed Plaintiff BWS Inc. as "successor in interest" to BWS LLC. Although Ika had no personal interest in BWS LLC, he was granted 100% interest in the "successor in interest," BWS Inc. Thus, the formation of BWS Inc. in effect deprived Dr. Farwell of his equity without due process or compensation, and transferred said equity to Ika personally.

7. Dr. Farwell is entitled to damages in a sum equal to 49% of the value of BWS Inc., or to a 49% interest in BWS Inc., or in an amount to be determined at trial.

*Lawrence A. Farwell*

Dr. Lawrence A. Farwell, Defendant

Date: February 26, 2022

Kingston, Washington

Email: brainwave@larryfarwell.com
Website: https://farwellbrainfingerprinting.com
Phone: +1 206-905-1009
Mobile: +1 2-6-250-5516
Address: 28375 Sandy Beach Lane NE
PO Box 547
Kingston, WA 98346