# Paul Forrest Tomkins, Esq.
11 Broadway, Suite 615, New York, NY 10004
607-221-1279 - pault@pftlaw.com

March 21, 2022

Honorable Brian M. Cogan
United States District Court Judge
U.S. Eastern District, New York
225 Cadman Plaza East
Brooklyn, NY 11201
**VIA ECF Filing**

                                                              RE:    Brainwave Science, Inc. v. Arshee, Inc. et al
                                                                        Case Number:  1:21-cv-04402-BMC

Dear Judge Cogan,

       The undersigned represents Brainwave Science, Inc. ("Brainwave") in the above-captioned matter.   I am writing in follow up to Plaintiff's Motion to Compel Discovery (ECF #35) and the Court's subsequent Order (ECF #38) relating to same.

       By Order dated March 2, 2022, the Court directed Defendants to file affidavits to the Court "establishing that they have complied with the presently imposed preliminary injunction…" (ECF #38).  In response to the Court's directive, Defendant Farwell has provided an unverified "Affidavit" to the Court (ECF #51).  Therein, following a diatribe of unsubstantiated and irrelevant allegations, Defendant Farwell appears to acknowledge that certain third parties are presently in possession of software that may be subject to the Court's preliminary injunction (ECF #51, ¶8).  Dr. Farwell's unverified response neither identifies these persons/entities nor specifies his efforts, if any, to recall software from those entities as directed by the Court's Preliminary Injunction.  Defendant Farwell further alleges that he is unable to comply with that portion of the Temporary Injunction directing recall of the subject software until the Plaintiff "cooperates with the independent testing of [Defendant Farwell's] software by providing their software and paying for the testing as ordered by the Court, and only after [Dr. Farwell has] had sufficient time to develop software that is certain to meet the standard set by the Court."  (ECF #51, ¶9).

       Defendant Farwell's implication that his compliance with the Court's Preliminary Injunction is conditioned upon the software comparison, or that he has been hindered by Plaintiff's inaction in connection with same, is wholly without merit.  At the request and urging of Defendant Farwell's former counsel, the undersigned executed a retainer agreement for the third-party evaluator selected by Defendant Farwell to conduct the code comparison directed by the Court's Temporary Injunction.   The scope of work included with the March 1, 2022 retainer agreement included a) verification by the subject matter expert(s) that the code submitted by Defendant(s) represents a bona fide representation of code to be demonstrated, sold or transferred by

Defendant(s) and b) that the comparison be limited to confirming that the Defendant(s)' submission contains no portion of the program Plaintiff originally submitted to Codequiry as its code. The undersigned was thereafter advised by the proposed testing entity that, upon their review of documents apparently provided by Defendant Farwell, that they could not agree to the limited scope of work proposed by Plaintiff. Defendant Farwell also subsequently objected to proceeding with the code comparison asserting, among other things, that

> The order of the court gives you neither the right nor the obligation to execute a contract with anyone for the analysis of my software. My software will be analyzed by an independent expert on a contract with me, and I will provide you with the results as per the order. Your only obligations are to provide your software to the company who will conduct the comparison, and to pay for it. You are of course free to engage and pay anyone for anything you like, as long as it does not involve my software or any other participation by me. However, no software of mine will be analyzed by any company in conjunction with a contract between that company and you.

Plaintiff subsequently proposed that the parties engage an alternate, neutral evaluator either by way of a tri-parte retainer agreement, or a retainer agreement between Plaintiff and the evaluator with a non-disclosure agreement and full release in favor of submitting Defendant(s). To date, this proposal has been rejected by Defendant Farwell.

Plaintiff respectfully submits that Defendant Farwell's unverified and unsubstantiated generalizations regarding his contact with unnamed third parties falls short in establishing that he has complied with the Preliminary Injunction. Furthermore, as outlined within the Plaintiff's moving papers (ECF #35), the Defendants' ongoing refusal to identify the persons and/or entities to whom Defendants have disclosed Plaintiff's Trade Secrets continues to deprive Plaintiff of any meaningful opportunity to investigate the nature and extent to which the Plaintiff's Trade Secrets have been compromised by Defendant(s). Defendant Farwell's assertion that he is unable to disclose information because of concerns of "global and national security" or by unnamed laws or agreements which "frequently do not provide for exceptions regarding information provided to a US court, particularly when they involve foreign counterterrorism agencies and international criminal-investigation agencies" (ECF #51, ¶11) is unsupported in fact or law.

Based upon the foregoing, Plaintiff respectfully requests that Defendant Farwell be directed to cure the afore-referenced deficiencies within his affidavit. Alternatively, based upon the papers herein and those included with Plaintiff's Motion to Compel Discovery (ECF #35), Plaintiff respectfully requests leave to conduct expedited discovery. District courts in this Circuit have granted expedited discovery when, as here, plaintiffs can show that the actions of defendants are causing irreparable harm, including "loss of goodwill, negative effect on profitability and damage to its relationships with its direct clients/customers." *N. Atl. Operating Co. v. Evergreen Distributors, LLC,* 293 F.R.D. 363, 368 (E.D.N.Y. 2013) (granting expedited discovery finding good cause where plaintiff showed irreparable harm and that expedited discovery could help to

avoid irreparable harm); *Oneida Grp. Inc. v. Steelite Int'l U.S.A. Inc.*, No. 17CV0957ADSAKT, 2017 WL 1954805, at *23 (E.D.N.Y. May 10, 2017) (finding good cause where a plaintiff showed that "it may suffer irreparable harm").  Said expedited discovery would be limited to:

- Deposition of Defendant Farwell;
- Identification of persons or entities with whom Defendant(s) have sold or shared Plaintiff's proprietary information as defined by the Court's Preliminary Injunction;
- Documents relating to Defendants' sale or transfer of any code that is subject to the Court's Preliminary Injunction;
- Documents relating to Defendants' efforts to recall code that is subject to the Court's Preliminary Injunction.

Thank you for your time and consideration of the forgoing.  The undersigned remains available at the Court's convenience.

Respectfully,

*Paul F. Tomkins*

Paul F. Tomkins, Esq.
*Attorney for Plaintiff*
*11 Broadway, Suite 615*
*New York, NY 10004*
*(607) 221-1279*

cc:   Brain Fingerprinting Foundation
      **VIA ECF AND EMAIL**: brainwave@larryfarwell.com

      Dr. Lawrence Farwell
      **VIA ECF AND EMAIL**: brainwave@larryfarwell.com

      Dr. Thierry Maison
      **VIA ECF AND EMAIL:** me@thierrymaison.com

      Arshee, Inc.
      **VIA ECF AND EMAIL:** Arsheeinc@gmail.com