UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------X

BRAINWAVE SCIENCE, INC.

              Plaintiff

                   - against -

ARSHEE, INC., DR. LAWRENCE A. FARWELL, DR. THIERRY MAISON and BRAIN FINGERPRINTING FOUNDATION

                  Defendants.

------------------------------------------------------- X

Letter from Defendant Dr. Lawrence A. Farwell in Response to Plaintiff's Letter Motion dated 3/21/2022 (received 3/23)

Civil Action No.: 21-cv-4402 (BMC-RLM)

FILED
in the Clerk's Office
U.S. District Court, EDNY
March 24, 2022
12:58PM
Brooklyn Pro Se Office via Box.com

Dear Judge Cogan:

1. On March 23, 2022 Plaintiff submitted a letter motion dated March 21, 2022

2. Said letter motion contained demonstrably false substantive statements regarding the most significant facts alleged.

3. I am writing to request that you defer ruling on said motion until I have at least a few business days to provide documentation regarding said false statements.

4. Specifically, Plaintiff's statement that "the undersigned executed a retainer agreement for the third-party evaluator selected by Defendant Farwell to conduct the code comparison directed by the Court's Temporary Injunction" is an out-and-out lie.

5. I – not Plaintiff -- executed an agreement with said third-party evaluator, Mindfire Technologies, who is one of the most capable, experienced, and respected company for such complex software evaluation.

6. Plaintiff also falsely stated that "The undersigned was thereafter advised by the proposed testing entity that, upon their review of documents apparently provided by Defendant Farwell, that they could not agree to the limited scope of work proposed by Plaintiff."

7. The reason that I, and Mindfire, both stated that the contract proposed by Plaintiff was not viable, was NOT that either one of us objected to the "limited scope of work."  On the contrary, the contract proposed by Plaintiff, and Plaintiff's subsequent correspondence, insisted on a major *increase,* not a limitation, in the scope of work.

1

8. Plaintiff has insisted on a scope of work that, in addition to the report required by the order of the Court, added an additional report to the Plaintiff that comprised the evaluator providing to the Plaintiff specific details of my (Defendant Farwell's) software to be tested, including, among other things, screen shots.

9. Both I and Mindfire recognized the fact that the expanded scope that Plaintiff insisted upon, wherein Mindfire would transfer *my (Defendant Farwell's)* proprietary information and trade secrets to Plaintiff, not only was totally unnecessary and beyond the scope of the order of the Court, but would constitute a clear violation of my non-disclosure agreement with Mindfire, a necessary agreement with any evaluator for protecting my intellectual property.

10. Plaintiff refused to abide by the order of the Court and provide a retainer and submit their software for analysis because Plaintiff insisted on said expanded scope of the contract with Mindfire.

11. There are other demonstrably false material statements in Plaintiff's letter motion.

12. I hereby request that you defer ruling on said motion until I have at least a few business days to provide documentation regarding said demonstrably and unequivocally false statements by Plaintiff, and to provide you with the actual relevant facts.

Sincerely,


Lawrence A. Farwell .

Dr. Lawrence A. Farwell, Defendant


Date: March 24, 2022


Dr. Lawrence A. Farwell, Defendant

Email: brainwave@larryfarwell.com
Website: https://farwellbrainfingerprinting.com
Phone: +1 206-905-1009
Mobile: +1 206-250-5516

Address: 28375 Sandy Beach Lane NE
        PO Box 547
        Kingston, WA 98346

cc: Paul Tomkins, Esq.
    Dr. Thierry Maison
    Arshee, Inc.
    Andrew Black, Esq.