UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
BRAINWAVE SCIENCE, INC.

                              Plaintiff,


- against -

                                                   21-cv-4402 (BMC)


ARSHEE, INC., DR. LAWRENCE A.
FARWELL, DR. THIERRY MAISON and
BRAIN FINGERPRINTING FOUNDATION

                              Defendants.
-------------------------------------------------------------X


**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ORDER TO SHOW CAUSE TO HOLD LAWRENCE A. FARWELL IN CONTEMPT OF COURT AND FOR PRODUCTION OF COURT ORDERED DISCLOSURES**


Dated: New York, New York
May 26, 2022


**Paul Forrest Tomkins, Esq**.
*Attorney for Plaintiff, Brainwave Science, Inc.*
11 Broadway, Suite 615
New York, NY 10004
(607) 221-1279
pault@pftlaw.com

## PRELIMINARY STATEMENT

Plaintiff Brainwave Science, Inc. (BWS) brings this Order to Show Cause ("Motion") to have Defendant Dr. Lawrence A. Farwell ("Farwell") cited in contempt of Court for his willful disregard of a) this Court's December 14, 2021 Order (ECF #30) ("Preliminary Injunction") as well as b) this Court's subsequent Order of March 2, 2022 directing Farwell to demonstrate compliance with the Preliminary Injunction (ECF #38). The Preliminary Injunction directed Farwell to, among other things, "take any and all commercially-practicable actions to recall or replace any software containing plaintiff's "confidential or proprietary information" from third Parties" (ECF #30, ¶1). Farwell has willfully violated the Preliminary Injunction by failing to recall or replace software containing plaintiff's "confidential or proprietary information" from third parties. Farwell has willfully violated the Court's March 2, 2022 Order by failing to establish that he has complied with the Preliminary Injunction. Accordingly, Plaintiff seeks a) the imposition of appropriate sanctions against Farwell for his willful disregard of the Preliminary Injunction; b) the imposition of a daily fine of $500.00 against Farwell until such time that he demonstrates that he has fully complied with the Preliminary Injunction by taking any and all commercially-practicable actions to recall or replace any software containing plaintiff's "confidential or proprietary information" from third Parties and c) any further relief the Court deems just and proper.

Plaintiff further brings this Motion to compel Farwell's compliance with this Court's Docket Order of March 25, 2022 directing Farwell to provide responses to Plaintiff's Disclosure Demands. By Letter Motion dated May 4, 2022, Farwell asserted that he was then incapacitated and requested an extension of time of approximately 45 days to comply with the Court's directives with respect to his outstanding disclosures (ECF #64, Page 1, Final Paragraph). In response thereto, Plaintiff advised that it does not oppose a reasonable extension of time for Farwell to respond to Plaintiff's Initial Demands and Plaintiff's Supplementary Demands (ECF #65). Plaintiff respectfully requests that the

*Brainwave Science, Inc. v. Arshee et al (21-cv-4402 (BMC)*
*Memorandum of Law In Support of Order To Show Cause for Contempt*
*Page 1 of 10*

Court direct Farwell to provide the outstanding responses upon such deadline and terms as the Court deems appropriate

## FACTUAL BACKGROUND

On August 5, 2021, Plaintiff commenced an action against Farwell and other named defendants for Theft of Trade Secrets under 18 U.S.C. §§ 1832-1839 ("Defend Trade Secrets Act") (ECF #1). The action against Farwell arose from Farwell's misappropriation and subsequent sale or distribution of plaintiff's confidential and proprietary program code ("BWS Trade Secrets") to third parties including the Clinical Legal Studies Department at University of Canterbury, New Zealand and the Forensic Science Laboratory for the Government of Delhi, India. (ECF #1 at 9, ¶28-29).

Following an evidentiary hearing, at which the Court accepted the parties' affidavits as the affiants' direct testimony and permitted each side to cross-examine the opposing parties' affiants, the Court granted Plaintiff's motion for a preliminary injunction (ECF #29). The December 14, 2021 Preliminary Injunction directed Farwell to, among other things, "take any and all commercially-practicable actions to recall or replace any software containing plaintiff's 'confidential or proprietary information' from third Parties" (ECF #30, ¶1).

On February 27, 2022, having received no responses to its multiple requests for Plaintiff's outstanding Disclosure Demands of October 19, 2021 ("Disclosure Demands"), Plaintiff moved the Court for an Order directing the Defendants to respond the outstanding Disclosure Demands and to confirm their compliance with the afore-referenced provision of the Preliminary Injunction. (ECF #35). By Order dated March 2, 2022, the Court directed Defendants to submit affidavits to the Court by March 13, 2022 which, among other things, "establish[] that they have complied with the presently-imposed preliminary injunction…" That Order warned that "Failure to comply with this order will result in sanctions or a finding of contempt of Court, which may carry with it the imposition of fines or imprisonment. (ECF #38 at 1).

*Brainwave Science, Inc. v. Arshee et al (21-cv-4402 (BMC)*
*Memorandum of Law In Support of Order To Show Cause for Contempt*
*Page **2** of 10*

Farwell provided an initial response to the Court's March 2, 2022 Order by way of an Affidavit dated March 10, 2022 (ECF #51). Farwell's March 2, 2022 submission, following a diatribe of unsubstantiated and irrelevant allegations, appeared to confirm that certain third parties are presently in possession of software subject to the Preliminary Injunction (ECF #51, ¶8). Farwell's generalized characterization of his client's "responses" neither identified these persons/entities nor specified his efforts, if any, to recall software from those entities as directed by the Court's Preliminary Injunction (ECF #51). Farwell's March 2, 2022 submission asserted that he is unable to disclose certain information because of concerns of "global and national security" or by unnamed laws or agreements which "frequently do not provide for exceptions regarding information provided to a US court, particularly when they involve foreign counterterrorism agencies and international criminal-investigation agencies" (ECF #51, ¶11)

By Letter Motion dated March 21, 2022, Plaintiff moved the Court to direct Farwell to cure his responses to the Court's March 2, 2022 Order (ECF #54). Farwell subsequently filed an Affidavit dated March 31, 2022, in response to the Court's Order of March 2, 2022 and Plaintiff's Letter Motion of March 21, 2022, setting forth his purported efforts to comply with the Preliminary Injunction (ECF #59).

A. *Farwell's Purported Efforts to Comply with the Preliminary Injunction with respect to his United States Client.*

With respect to his purported United States client (the United States Central Intelligence Agency) ("Farwell US Client"), Farwell acknowledges that "the Preliminary Injunction requires me to "recall or replace" the software [ ] , as it contains, if not 80%, then certainly at least some part of the "plaintiff's confidential and proprietary information" (ECF #59 at 8, ¶3). Farwell includes a copy of a letter of March 29, 2022 ("US Client Letter") which he claims was sent in order to comply with the "recall and replace" provision of the Preliminary Injunction. (ECF #59 at 26 through 30). Following a lengthy rendition of allegations of fraud, suborning perjury, fabrication of evidence and

*Brainwave Science, Inc. v. Arshee et al (21-cv-4402 (BMC)*
*Memorandum of Law In Support of Order To Show Cause for Contempt*
Page **3** of **10**

threats to national security against Plaintiff and the undersigned (ECF #59 ay 27-29), the US Client Letter advises the Farwell US Client that Plaintiff obtained the Preliminary Injunction by way of fraud upon this Court (ECF #59 at Page 29, ¶1-4).  The US Client letter does not include any request by Farwell for the return of the software subject to the Preliminary Injunction (ECF #59 at 26 through 30).  To the contrary, the US Client letter sent by Farwell explicitly advised the US Client that it "**is under no obligation to comply or even respond to it [the Preliminary Injunction]**" (ECF #59 at Page 30, ¶1)(emphasis added).  The US Client letter further asserts that:

> If this occurs to you as beyond absurd and into the range of surreal, you are not alone. **However, I suggest that we treat the judge with a level of respect and understanding. He has not yet been exposed to the actual facts regarding the software, the science, the intellectual property, and the technology. He is also unaware of the relevant history, and as of yet has no idea whom he is dealing with on either side of the case. In that light, the preliminary injunction may generously be looked upon and simply prudent** (ECF #59 at Page 30, ¶2)(emphasis added).

The US Client letter includes, as an attachment, a document dated July 19, 2021 which appears to have been made in connection with an investigation by the Federal Bureau of Investigation (ECF #59 at Pages 49 to 91) (hereinafter "FBI Report").  The FBI Report bears the Official Seal of the Federal Bureau of Investigation and is written largely in the third person as a summary of "evidence" received by an unnamed FBI representative from Farwell (ECF #59 at Page 49).   The FBI Report details alleged violations of the Racketeering Influenced and Corrupt Organizations Act: 18 U.S.C. § 1961, 18 U.S.C. § 1512; Tampering with a witness, victim, or an informant; §1513, Retaliating against a witness, victim, or an informant; the Securities Act of 1933; the Securities Exchange Act of 1934 and International fraud constituting a threat to national security.   (ECF #59 at Page 50).  The report is made with reference to "Suspects" Krishna Ika (President of Plaintiff Brainwave Science, Inc.) and Paul Tomkins (the undersigned counsel for Plaintiff) (Id.).

*Brainwave Science, Inc. v. Arshee et al (21-cv-4402 (BMC)*
*Memorandum of Law In Support of Order To Show Cause for Contempt*
*Page 4 of 10*

B. *Farwell's Purported Efforts to Comply with the Preliminary Injunction with respect to his clients in "Afghanistan and Surrounding Countries", South Africa, Thailand, Nigeria, and India.*

Within his March 31, 2022 Affidavit, Farwell also sets forth his purported efforts to comply with the Court's Preliminary Injunction with respect to private and government agency recipients of plaintiff's proprietary information in "Afghanistan and Surrounding Countries" (ECF #59 at 8), South Africa (ECF #59 at 8), Thailand (ECF #59 at 9), Nigeria (ECF #59 at 10) and India (ECF #59 at 10). For each of his clients within each respective region, Farwell asserts that his respective clients are aware of alleged fraud or other criminal activities of Plaintiff (ECF #59 Pages 8-10). Farwell neither provides evidence of, nor alleges, that he attempted to recall or replace the software (ECF #59 Pages 8-12). In each case, Farwell asserts generally that "[i]n light of the above facts, I consider it unlikely that [the client], will respond to a "recall or replace" order. Nevertheless, I have emailed [the client] and told them that any software in its possession that meets the standard set by the Preliminary Injunction is subject to a "recall or replace" court order. (ECF #59 at Page 8, ¶7; Page 9 at ¶3; Page 10 at ¶1 and ¶6; Page 12 at ¶7).

C. *Farwell's Purported Efforts to Comply with the Preliminary Injunction with respect to his client in New Zealand.*

Plaintiff's Theft of Trade Secrets claims allege that Farwell conveyed the BWS Trade Secrets to the Clinical Legal Studies Department at University of Canterbury, New Zealand (ECF #1 at 9, ¶28-29). Within his deposition testimony of April 25, 2022, Farwell acknowledged that he maintained a copy of his program named the "Farwell Brain Fingerprinting Program" which he allows potential clients and institutions to utilize (See Exhibit A to the May 25, 2022 Affirmation of Paul F. Tomkins ("Tomkins") (hereinafter "Exhibit A") at Page 58, Lines 15-24). Farwell testified that he provided a working copy of the "Farwell Brain Fingerprinting Program" to individuals "affiliated with" the University of Canterbury and that these individuals remain in possession of the "Farwell

*Brainwave Science, Inc. v. Arshee et al (21-cv-4402 (BMC)*
*Memorandum of Law In Support of Order To Show Cause for Contempt*
*Page 5 of 10*

Brain Fingerprinting Program" (Exhibit A at Page 59, Lines 15-25).   Farwell further acknowledged that the improvements, assistance and modifications provided to him by Plaintiff's former employee and co-defendant , Dr. Thierry Maison, were incorporated within the version of the "Farwell Brain Fingerprinting Program" left by Farwell with the University of Canterbury in late 2019 (Exhibit A at Page 59, Line 25 and Page 60 Lines 1-6).

Farwell testified that, while he informed his contact at the University at Canterbury, Robin Palmer ("Professor Palmer"), of the "wording" of the Preliminary Injunction, he did not ask for the return the "Farwell Brain Fingerprinting Program" (Exhibit A at Page 60, Lines 9-20).   When asked why he did not request the return of the "Farwell Brain Fingerprinting Program" in compliance with the Preliminary Injunction, Farwell responded that "well, because it's -- it's my -- it's my system. I can do what I like with it. If I want -- if I want it to be used by -- by my next door neighborhood here, my next door neighborhood here can use it. If -- if I want to allow grad students in -- in Canterbury to use it, I can allow them to use it" (Exhibit A at Page 60, Lines 21-25 and Page 61, Lines 1-3).

Farwell testified that he did not provide Professor Palmer with a copy of the Preliminary Injunction (Exhibit A at Page 61, Lines 16-25 and Page 62, Lines 1-2) but that he "probably" forwarded a copy of the FBI Report to Professor Palmer (Exhibit A at Page 89, Lines 23-25 and Page 90, Lines 1-10).  During the course of his deposition testimony, Farwell admitted that he had himself had authored the entirety of the FBI Report (Exhibit A at Page 89, Lines 10-13). Farwell admitted that he had obtained the logo of the United States Federal Bureau of Investigation from a "publicly available source on the internet" and utilized the image to draft the FBI Report.  (Exhibit A at Page 89, Lines 3-9).

> D. Farwell's compliance with this Court's Docket Order of March 25, 2022 directing Farwell to provide responses to Plaintiff's Disclosure Demands.

The Parties appeared for a Telephonic Initial Scheduling Conference before the Court on September 21, 2021. By Minute Entry and Order dated September 21, 2021, the Court directed the

*Brainwave Science, Inc. v. Arshee et al (21-cv-4402 (BMC)*
*Memorandum of Law In Support of Order To Show Cause for Contempt*
*Page 6 of 10*

parties to complete fact discovery by February 22, 2022. Plaintiff served Farwell with Disclosure Demands on October 19, 2021. (ECF 35-1 at ¶2 and ¶4). At the request of the undersigned, Farwell's former counsel and the undersigned scheduled and held a conference call on November 10, 2021 to discuss outstanding discovery. (Id at ¶7). In January 2022, having received no responses to Plaintiff's outstanding disclosure requests, the undersigned emailed Farwell's former counsel and requested that same be addressed immediately. Again, having received no responses to Plaintiff's outstanding disclosure requests, the undersigned requested disclosure responses by follow up email dated February 3, 2022. (Id at ¶10).

Having received no responses to its disclosure requests (Id at ¶11), Plaintiff, by letter motion dated February 27, 2022, moved the Court for an Order compelling Farwell and his co-defendants to comply with Plaintiff's requests for disclosure (ECF #35). By Docket Order of March 25, 2022, the Court directed that the parties complete fact discovery by April 25, 2022.

By email of April 22, 2022, Defendant Farwell advised the undersigned that he had provided all documents requested by Plaintiff in discovery (Tomkins at ¶3). On April 24, 2022, the undersigned thereafter advised Defendant Farwell that no responsive documents had been produced and again requested production of the documents. Upon his request for an extension of time, the undersigned further advised Defendant Farwell that, while Court rules do not permit the parties to extend the period(s) for discovery without an application to the Court for same, Plaintiff would not oppose an application for a reasonable extension time to complete discovery should Defendant seek same from the Court. (Tomkins at ¶4).

By letter motion dated May 4, 2022, Farwell advised the Court that he had sustained a back injury while performing Kung Fu on the afternoon of April 25, 2022 (Tomkins at ¶5). In response thereto, Plaintiff advised that it does not oppose a reasonable extension of time for Farwell to respond to Plaintiff's Initial Demands and Plaintiff's Supplementary Demands (ECF #65).

*Brainwave Science, Inc. v. Arshee et al (21-cv-4402 (BMC)*
*Memorandum of Law In Support of Order To Show Cause for Contempt*
*Page 7 of 10*

## ARGUMENT

Pursuant to 18 U.S.C. § 401, this Court has the power to punish by fine or imprisonment, or both, at its discretion, such contempt its authority as…[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. §401(3).  A court's power to hold a party in contempt "serves to protect the due and orderly administration of justice and to maintain the authority and dignity of the court." *Walsh v. Five Corners Food*, 2:21-mc-00237 (DRH) (ST), at *4-5 (E.D.N.Y. Feb. 1, 2022) (citing *CBS Broad. Inc. v. Filmon.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016) (citations omitted)). A court may hold a party in contempt for failure to comply with a court order if "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." Id at 5.

This Court's Preliminary Injunction, as well as its March 2, 2022 Order directing Farwell to demonstrate compliance with same, are clearly unambiguous.  Furthermore, as set forth, *supra*, Farwell's sworn submissions and testimony provide clear and convincing evidence that Farwell has not complied with the terms of, or "attempted in a reasonable manner to comply" with, either this Court's Preliminary Injunction, or its March 2, 2022 Order.

Farwell's generalized assertion that he emailed his clients in "Afghanistan and Surrounding Countries", South Africa, Thailand, Nigeria, and India, to let them know that "any software in [their] possession that meets the standard set by the Preliminary Injunction is subject to a 'recall or replace' court order" falls short of this Court's mandate for him to "take any and all commercially-practicable actions to recall or replace any software containing plaintiff's 'confidential or proprietary information' from third Parties".  Farwell's assertions that he made these clients aware of the Preliminary Injunction, even if demonstrated to be true, do not support a finding that he "attempted in a reasonable manner to comply" with, the Preliminary Injunction.

*Brainwave Science, Inc. v. Arshee et al (21-cv-4402 (BMC)*
*Memorandum of Law In Support of Order To Show Cause for Contempt*
Page **8** of **10**

Farwell has neither alleged, nor provided evidence of, any attempts by him to request, or even attempt to negotiate for, the return of software containing plaintiff's "confidential or proprietary information" from these clients.

Farwell's failure to attempt in a reasonable manner to comply with the Preliminary Injunction is even more glaring with respect to his clients in the United States and New Zealand. Farwell acknowledges forwarding (or "probably" forwarding) his clients in both regions copies of an FBI Report which he admits to fabricating (Exhibit A at Page 89, Lines 3-9 and 10-13). Farwell's sworn submission indicates he explicitly advised his US Client that it "**is under no obligation to comply or even respond to**" this Court's Preliminary Injunction, (ECF #59 at Page 30, ¶1)(emphasis added). Farwell's sworn testimony further indicates that he knowingly and intentionally refrained from requesting the return of software containing plaintiff's "confidential or proprietary information" from his New Zealand client (Exhibit A at Page 60, Lines 21-25 and Page 61, Lines 1-3).

Finally, as set forth within Plaintiff's Motion to Compel Disclosure, Defendant Farwell's continued recalcitrance with respect to Plaintiff's disclosure requests continues to deprive the Plaintiff of any meaningful opportunity to investigate the nature and extent of the Defendants' disclosure(s) of Plaintiff's trade secrets to third parties and to learn whether additional persons or entities were involved in same (ECF #35). Farwell's failure to respond to Plaintiff's disclosure requests further constitutes a violation of this Court's March 25, 2022. Order directing him to provide responses to Plaintiff's disclosure demands. (Tomkins, ¶3).

**Wherefore**, with respect to Farwell's willful and intentional failure to comply with this Court's Preliminary Injunction, as well as this Court's subsequent Order of March 2, 2022 directing Farwell to demonstrate compliance with the Preliminary Injunction (ECF #38), Plaintiff respectfully submits that

*Brainwave Science, Inc. v. Arshee et al (21-cv-4402 (BMC)*
*Memorandum of Law In Support of Order To Show Cause for Contempt*
Page **9** of *10*

a) Farwell should be found in Contempt of Court pursuant to 18 U.S.C. § 401 et seq.;

b) Farwell should be sanctioned, by fine or imprisonment, or both, pursuant to 18 U.S.C. §401(3);

c) Farwell should be subject to the imposition of a daily fine of $500 until such time that he demonstrates that he has fully complied with the Preliminary Injunction by taking any and all commercially-practicable actions to recall or replace any software containing plaintiff's "confidential or proprietary information" from third Parties and

d) The Court grant Plaintiff any further relief the Court deems just and proper.

**It is Further Requested that** Farwell be directed to provide plaintiff with outstanding disclosure responses, as Ordered by this Court on March 25, 2022, upon such deadline(s) and terms as the Court deems appropriate

Dated this 26, day of May 2022.

Respectfully,

*Paul F. Tomkins*

_____
Paul F. Tomkins, Esq.
*Attorney for Plaintiff Brainwave Science, Inc.*
*11 Broadway, Suite 615*
*New York, NY 10004*
*(607) 221-1279*

*Brainwave Science, Inc. v. Arshee et al (21-cv-4402 (BMC)*
*Memorandum of Law In Support of Order To Show Cause for Contempt*
Page **10** of **10**