UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
  BRAINWAVE SCIENCE, INC.

                        Plaintiff,

- against -

                                               **REPLY AFFIRMATION IN RESPONSE TO DEFENDANT FARWELL'S RESPONSE TO ORDER GRANTING MOTION TO SHOW CAUSE**

                                                 21-cv-4402 (BMC)

ARSHEE, INC., DR. LAWRENCE A.
FARWELL, DR. THIERRY MAISON and
BRAIN FINGERPRINTING FOUNDATION

                        Defendants.
----------------------------------------------------------- X

**Paul F. Tomkins,** pursuant to 28 U.S.C. §1746, declares under penalty of perjury that the following is true and correct:

1. My name is Paul Forrest Tomkins. I am an attorney at law duly admitted to appear before this Court. I serve as In House Counsel for Plaintiff Brainwave Science, Inc. (hereinafter "Brainwave"). I appear as attorney of record for Brainwave in this matter.

2. On May 26, 2022, Plaintiff moved for an Order to Show Cause why Defendant Lawrence Farwell should not be held in contempt of court for violating the District Court's injunction dated December 14, 2021 ("Preliminary Injunction") (ECF #66). The Preliminary Injunction directed Defendant Farwell to, among other things, "take any and all commercially-practicable actions to recall or replace any software containing plaintiff's 'confidential or proprietary information' from third parties" (ECF #30 at ¶1) and to provide Plaintiff with a "report from an independent third party confirming that any P300-related software demonstration, sale, update, or transfer by defendants does not include plaintiff's 'confidential or proprietary information'" (ECF #30 at ¶4).

3. Plaintiff's moving papers assert that Defendant Farwell should be found in contempt of Court for violating the Preliminary Injunction, as well as its March 2, 2022 Order directing Farwell to demonstrate compliance with same, as Defendant Farewell's own sworn submissions and testimony provide clear and convincing evidence that Farwell has not complied with the terms of, or attempted in a reasonable manner to comply with, either this Court's Preliminary Injunction, or its March 2, 2022 Order. (ECF # 66-1, Page 9, ¶2 et seq.)

4. Plaintiff's moving papers further assert that Defendant Farwell is in violation of the Court's March 25, 2022 Docket Scheduling Order directing him to provide responses to Plaintiff's disclosure demands. (ECF # 66-1, Page 10, ¶3)

5. By Letter Motion filed May 4, 2022, Defendant Farwell requested an extension of time to provide responses to Plaintiff's motion. Defendant Farwell alleged he was unable to respond to same due to an April 25, 2022 back injury (ECF #64). By Docket Order dated May 26, 2022,

the Court granted Defendant Farwell's application and directed him to respond to Plaintiff's Motion for Order to Show Cause by June 15, 2022.

6. By Letter Motion filed June 13, 2022, Defendant Farwell requested a second extension of time to submit outstanding responses. Within his June 13, 2022 submission, Defendant Farwell alleged that he continues to suffer from "serious" and "debilitating" injuries and that he was then "still unable to work" (ECF #67 at Page 1).

7. By Docket Order dated June 13, 2022, the Court denied Defendant Farwell's June 13, 2022 request to stay discovery and for an extension of time to respond to Plaintiff's Motion for an Order to Show Cause, in the absence of any documentation to support his claim of disability.

8. As of June 16, 2022, Defendant Farwell had provided no responses to Plaintiff's First Request for Production of Documents (served October 19, 2021), Plaintiff's Second Request for Production of Documents (served April 25, 2022) or Plaintiff's Order to Show Cause (ECF #66) (ECF #69). To date, Defendant Farwell has provided no responses to Plaintiff's First or Secord Requests for Production of Documents.

9. By Docket Order dated July 20, 2022, the Court granted Plaintiff's Motion for an Order to Show Cause and directed Defendant Farwell to show cause, in writing by August 10, 2022, why the Court should not hold him in contempt of court for violating Judge Cogan's December 14, 2021 injunction, and impose sanctions, including contempt, for his violations of orders dated March 2, 2022 and May 26, 2022 to produce outstanding discovery.

10. Pursuant to the Court's July 20, 2022 Order, Plaintiff caused Defendant Farwell to be personally served with Plaintiff's Order to Show Cause with Affirmation, Memorandum of Law and

Exhibits, as well as printed copies of the Court's July 20, 2022 Docket Order and Local Civil Rule 83.6. (ECF #70).

11. Defendant Farwell filed a response to Plaintiff's Order to Show Cause on August 11, 2022 (ECF #71). Defendant Farwell contemporaneously filed Letter Motions to Dismiss Plaintiff's Claims "on the grounds that the entire case was filed fraudulently, is based on fraudulently manufactured evidence and perjury, and is frivolous" (ECF #72) and to "postpone a ruling on whether to find [Defendant Farwell] in contempt of court until the Court has examined certain evidence that is critical to said ruling and has issued a finding fact regarding certain facts that are relevant to said ruling…" (ECF #73 at Page 1).

12. Defendant Farwell's August 11, 2022 unverified response to Plaintiff's Order to Show Cause (ECF #71) neither denies, or otherwise addresses, Plaintiff's allegations that Defendant Farwell failed to take commercially practicable steps to request return of software subject to the Preliminary Injunction (ECF 66-1, Pages 4-7). Defendant Farwell's response likewise fails to deny, or otherwise explain, his forwarding of a manufactured "FBI Report" to recipient(s) of software subject to the Preliminary Injunction (ECF #66-1, Page 5, ¶2; ECF #59 at Page 49) or advising recipient(s) of software subject to the Preliminary Injunction that they are "under no obligation to comply or even respond to [the Preliminary Injunction]" (ECF #66-1, Page 5; ECF #59 at Page 30, ¶1).

13. Within his August 11, 2022 response, Defendant Farwell further asserts, with respect to his failure to provide responses to Plaintiff's Demands for Disclosure as directed by the Court, that he "was unavoidably delayed in his ability to comply with said demands due to a serious injury and the ensuing medical condition." (ECF 71 at Page 1, ¶7).

14. Defendant Farwell provides no medical evidence in support of his continued contention that he have been subject to "serious" and "debilitating" injuries or that he has been "unable to work" as a result of same since May 4, 2022.

15. To the contrary, evidence recently obtained by Plaintiff suggests that Defendant Farwell has continued to promote and offer technology subject to the Preliminary Injunction to third parties and has been actively engaged in soliciting resources, including "funding", from third parties in support of same.

16. Attached hereto as Exhibit A is a true and accurate screenshot of Defendant Farwell's June 29, 2022 post on https://www.facebook.com/BrainFingerprinting/ wherein Defendant Farwell himself describes his then ongoing efforts to distribute technology subject to the Preliminary Injunction to third parties and solicits financial support for same. It is respectfully submitted that this post by Defendant Farwell is demonstrative of his ongoing disregard of the Preliminary Injunction and belies his assertion that he has been "unable to work" since May 4, 2022.

Wherefore, based upon the foregoing, Plaintiff respectfully asserts that Defendant Farwell's request to further delay consideration of the Plaintiff's Motion to hold Defendant Farwell in contempt of court for violating Judge Cogan's December 14, 2021 injunction, and impose sanctions, including contempt, for his violations of orders dated March 2, 2022 and May 26, 2022 to produce outstanding discovery, should be denied as unsupported in fact or law.

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury the foregoing is true and correct.

Dated this 12th Day of August 2022

*Paul F. Tomkins*
_____
Paul F. Tomkins, Esq.
*Attorney for Plaintiff Brainwave Science, Inc.*
*11 Broadway, Suite 615*
*New York, NY 10004*
*(607) 221-1279*