```
                                                           FILED
                                                 in the Clerk's Office
                                                  U.S. District Court,
                                                          EDNY
UNITED STATES DISTRICT COURT                     Aug 15, 2022, 12:41 AM
EASTERN DISTRICT OF NEW YORK                            Brooklyn
-------------------------------------------------X     Pro Se Office via
                                                           Box.com

BRAINWAVE SCIENCE, INC.          Amended Answer to Complaint
                                 By Defendant Dr. Lawrence A. Farwell

      Plaintiff

      - against -

                                 Civil Action No.: 21-cv-4402 (BMC)

ARSHEE, INC.,
DR. LAWRENCE A. FARWELL,
DR. THIERRY MAISON and
BRAIN FINGERPRINTING FOUNDATION

Defendants.
------------------------------------------------------- X
```

On October 18, 2021, Defendants' attorney at the time Joseph Carbonaro filed Defendants' Answer to Complaint on behalf of all defendants.  Defendant Dr. Lawrence A. Farwell is now pro se.

At that time, Mr. Carbonaro did not yet have access to all of the relevant information regarding the events that led up to this case. Consequently, he included some erroneous statements in said Answer. Defendant Dr. Lawrence Farwell herein corrects said erroneous statements, and modifies his Answer to Complaint accordingly.

This Amended Answer to Complaint is identical with respect to the causes of action in numbered paragraphs in the Complaint and the Affirmative Defenses.

The only amendments are in the Counterclaims on behalf of Defendant Dr. Lawrence A. Farwell.

Defendant Dr. Lawrence A. Farwell herein sets forth his Answer to the Complaint with affirmative  defenses and counterclaims as follows, respective to each numbered paragraph of the Complaint:

In the first four pages of the Complaint, Plaintiff sets forth assorted allegations of fact in a  narrative manner.  Defendants deny

that any allegations set forth therein which are relevant to the pleading of any cause of action against Defendants. By way of narrative response, Defendants deny they engaged in wrongdoing, including but not limited to the misappropriation of any trade secrets to which Plaintiff alleges it has rights.

Otherwise, Defendants' answer to the causes of action in numbered paragraphs in Complaint are answered respective thereto as follows:

1. Admits;

2. Lacks information sufficient to admit or deny and therefore denies;

3. Admit;

4. Admit;

5. Admit;

6. Admit;

7. Deny;

8. Deny;

9. Admit;

10. Admit;

11. Lack information sufficient to admit or deny, except admit that P300 brainwaves is not proprietary to Plaintiff;

12. Admits except denies Dr. Farwell was fully aware of all measures Plaintiff allegedly took to protect its alleged trade secrets;

13. Admit;

14. Admit;

15. Lack information sufficient to admit or deny and therefore deny;

16. Admit;

17. Admit, except deny that Maison was given access to trade secrets as defined by law;

18. Admit;

19. Lack information sufficient to admit or deny and therefore deny;

2

20. Lack information sufficient to admit or deny and therefore deny;

21. Lack information sufficient to admit or deny and therefore deny;

22. Lack information sufficient to admit or deny and therefore deny;

23. Lack information sufficient to admit or deny and therefore deny;

24. Deny;

25. Lack information sufficient to admit or deny and therefore deny;

26. Lack information sufficient to admit or deny and therefore deny;

27. Lack information sufficient to admit or deny and therefore deny;

28. Deny;

29. Deny;

30. Defendants repeat and incorporate each answer set forth above;

31. Deny;

32. Deny;

33. Deny;

34. Deny;

35. Deny;

36. Deny;

37. Lack information sufficient to admit or deny and therefore deny;

38. Deny;

39. Deny;

40. Deny;

41. Deny;

42. Deny;

FIRST AFFIRMATIVE DEFENSE

43. The alleged intellectual property P300 brainwave is not a trade secret within the meaning of the law because P300 brainwave technology has been, and was at all times relevant to this action, in the public domain and readily available to the general public;

3

44. Defendants Dr. Farwell and Dr. Maison had previously written articles in trade publications explaining in detail the workings of the P300 brainwave technology, of which Plaintiff was aware;

45. The said articles were in the public domain at the time of the alleged breach of trade secrets;

SECOND AFFIRMATIVE DEFENSE

46. Plaintiffs failed to pay Defendants Dr. Farwell and Dr. Maison the agreed-upon consideration for any work performed on behalf of Plaintiff;

47. In particular, Defendant Dr. Farwell was not paid in accordance with his ownership rights in Plaintiff corporation as promised by Plaintiff;

48. Defendants demanded payment in accordance with agreements made between each Defendant and Plaintiff;

49. Plaintiff refused to make payment to Defendants in accordance with agreements;

THIRD AFFIRMATIVE DEFENSE

50. Plaintiff has acted in bad faith by virtue of its failure to pay Defendants in accordance with agreements reached;

51. Plaintiff is therefore not entitled to any equitable remedies sought in the Complaint.

FOURTH AFFIRMATIVE DEFENSE

52. The alleged trade secrets described in the Complaint were acquired through independent invention and/or reverse engineering rather than improper means;

FIFTH AFFIRMATIVE DEFENSE

53. The alleged trade secrets set forth and described in the complaint have no independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

54. Plaintiff failed to take reasonable measures to maintain the secrecy of its purported trade secrets and therefor are not entitled to protection under the law.

FIRST COUNTERCLAIM BY DEFENDANT DR. FARWELL

55. Dr. Farwell and Brain Fingerprinting Laboratories, Inc. (BFL), a corporation that he controlled in which he was a major stockholder, collectively owned an equity interest in Plaintiff BWS' purported predecessor in interest, Brainwave Science, LLC, (BWS LLC) equal to 49% of the value of BWS LLC;

56. Said ownership interest accrued to Dr. Farwell and BFL as founders of BWS LLC;

57. Dr. Farwell was not compensated as agreed; Plaintiff's principal Krishna Ika ("Ika") refused to sign the consulting agreement that was referenced in the BWS LLC Limited Liability Agreement, or to make payments as specified in said consulting agreement. Said LLC Agreement specifically stated that sufficient funding would be provided by a company controlled by Ika to fund said consulting agreement.

58. BWS unlawfully "stripped" Dr. Farwell and BFL of all ownership rights in BWS by virtue of a purported vote of the stockholders at a meeting Dr. Farwell did not attend on the grounds that, in Dr. Farwell's opinion, the planned purpose of the meeting that Ika communicated to Dr. Farwell comprised committing multiple felonies, as Dr. Farwell communicated to Ika, the managing member of BWS LLC;

59. Dr. Farwell's and BFL's ownership interest were taken from them without due process;

60. Dr. Farwell and BFL were not compensated in any amount for their ownership share in BWS after said ownership interest was purportedly taken from him at the aforesaid meeting;

61. Dr. Farwell is entitled to damages in a sum equal to 49% of the value of BWS or in an amount to be determined at trial.

WHEREFORE, Defendant Dr. Lawrence A. Farwell respectfully requests judgment dismissing the Complaint and granting Defendant Dr. Farwell judgment on the counterclaim.

August 14, 2022

*Lawrence A. Farwell*

Dr. Lawrence A. Farwell


Date: August 14, 2022

Email: brainwave@larryfarwell.com

Website: https://farwellbrainfingerprinting.com

Phone: +1 206-905-1009

Mobile: +1 206-250-5516

Address: 28375 Sandy Beach Lane NE
        PO Box 547
        Kingston, WA 98346

cc: Paul Tomkins, Esq.
    Dr. Thierry Maison
    Arshee, Inc.