C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
:
BRAINWAVE SCIENCE, INC.,                                    :
:     **ORDER**
                            Plaintiffs,                     :
:     21-cv-4402 (BMC)
            - against -                                     :
:
ARSHEE, INC., DR. LAWRENCE A.                               :
FARWELL, DR. THIERRY MAISON, and                            :
the BRAIN FINGERPRINTING                                    :
FOUNDATION,                                                 :
:
                            Defendants.                     :
:
----------------------------------------------------------- X

**COGAN**, District Judge.

       Defendants Dr. Lawrence Farwell, Dr. Thierry Maison, the Brain Fingerprinting Foundation, and Arshee, Inc. have moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(6). Separately, Dr. Farwell moves to dismiss the case against him on the grounds that it was filed fraudulently and is based on fraudulently manufactured evidence and perjury. For the reasons below, both motions are denied.

       1. First, Arshee's motion to dismiss pursuant to Rule 12(b)(6) lacks merit. The complaint alleges Arshee was a party to violating the Defend Trade Secrets Act of 2016 ("DTSA") by possessing and attempting to sell technology it knew contained plaintiff's trade secrets. The complaint states that Arshee maintained a competing bid with a Bangladeshi government agency even after it was put on notice via a cease and desist letter that its product's interface and design was stolen from BWS. The complaint further alleges that Arshee should have recognized the cease and desist letter because both companies' products were developed by the same

programmer (Dr. Thierry Maison). Arshee believes it cannot be sued under the DTSA because it only marketed and tried to sell stolen trade secrets and did not participate in their theft. This position misinterprets the law.

2. The DTSA provides a federal cause of action for trade secret misappropriation. It authorizes suit (1) by "[a]n owner of a trade secret" (2) "that is misappropriated" (3) "if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1). Arshee's position fails to recognize that "marketing goods that embody the trade secret, employing the trade secret in manufacturing or production, relying on the trade secret to assist or accelerate research or development, or soliciting customers through the use of information that is a trade secret all constitute 'use.' " Restatement Third of Unfair Competition, § 40. The complaint alleges Arshee did exactly that by continuing to market BWS's software even after the firm notified Arshee that it was trying to sell a product with stolen trade secrets.

3. Arshee's *in personam* jurisdiction arguments are equally unavailing. First, plaintiff alleges Arshee is an active New York corporation and Arshee concedes this – acknowledging that the New York Department of State lists the firm as an "active" and "domestic business corporation." The New York Department of State also lists 106-14 156th Street, 1 Fl., Jamaica, New York, 11433, as the appropriate address to send legal process to this active corporation.

4. Arshee says this status is a red herring because the firm does no business in New York and 100% of its New York stock was transferred by Arsheed's owner to Washington State. But this argument fails. "With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" Daimler AG v. Bauman, 571

U.S. 117, 137 (2014).  The Court has general jurisdiction over Arshee because it remains an active New York domestic corporation and should reasonably expect to be sued in this forum.

5.  Lastly, Dr. Farwell's *pro se* motion to dismiss is denied.  The motion seeks to argue with plaintiff's properly pled factual allegations against him.  At the motion to dismiss stage, plaintiff's facts are taken as true and plaintiff's claims are evaluated for their legal viability.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Dr. Farwell's motion only disputes plaintiff's allegations. He is not permitted to do that on a motion to dismiss.  Dr. Farwell's motion may be proper as a motion for summary judgment, but this case has not reached that stage, in part because Dr. Farwell has refused to participate in discovery.

6.  For the above reasons defendants' motion to dismiss [28] and Dr. Farwell's separate *pro se* motion to dismiss [72] are denied.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

_____
U.S.D.J.

Dated:  Brooklyn, New York
        August 16, 2022