UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

  BRAINWAVE SCIENCE, INC.

                     Plaintiff,

- against -     **REPLY AFFIRMATION**

                                                                         21-cv-4402 (BMC)

ARSHEE, INC., DR. LAWRENCE A.
FARWELL, DR. THIERRY MAISON and
BRAIN FINGERPRINTING FOUNDATION

                     Defendants.
------------------------------------------------------------ X

**Paul F. Tomkins,** pursuant to 28 U.S.C. §1746, declares under penalty of perjury that the following is true and correct:

1. My name is Paul Forrest Tomkins. I am an attorney at law duly admitted to appear before this Court. I serve as In House Counsel for Plaintiff Brainwave Science, Inc. (hereinafter "Brainwave"). I appear as attorney of record for Brainwave in this matter.

2. I submit this Reply Affirmation in response to Defendant Farwell's Affirmation in Response to Order to Show Cause ("Affirmation in Response") (ECF #80). The purpose of this Affirmation is to address several of the numerous outright misrepresentations made to the Court by Defendant Farwell within same.

> A. *Defendant Farwell's sworn assertion that the undersigned failed to advise Defendant Farwell, or his former counsel, that disclosure was outstanding, is an outright misrepresentation.*
> .

3. Within his Affirmation in Response, Defendant Farwell alleges that he was prevented from producing documents as demanded by Plaintiff, and directed by the Court, because the undersigned failed to advise Defendant Farwell, or his former counsel, that disclosure was outstanding. (ECF #80 at Page 17, ¶37-40). This sworn assertion by Defendant Farwell is an outright misrepresentation.

4. Defendant Farwell and his former counsel were well-aware that neither had provided responses to Plaintiff's October 19, 2021 disclosure demands. By email dated <u>November 10, 2021</u>, Defendant's former counsel provided a Dropbox link to documents relating to a claim pending before the New York State Supreme Court in New York County (Index No.: 153867/2019). <u>None</u> of the documents provided were, or were then alleged to be, responsive to Plaintiff's them pending October 19, 2021 Disclosure Demands within the present action.

5. Attached hereto as Exhibit A is a true and accurate copy of the <u>January 31, 2022</u> email exchange between the undersigned and Defendant's former counsel. Therein, in response to the undersigned's inquiry regarding the status of Plaintiff's disclosure requests, Defendant's former counsel does not dispute that Defendant's Disclosure was outstanding but implies that discovery within the present action should be stayed pending the Court's ruling on Defendant's Motion to dismiss. (Exhibit A at Page 2).

6. Defendant Farwell's sworn assertion that he was unaware of outstanding disclosure is further belied by email correspondence between himself and his former counsel provided to Plaintiff by Defendant Farwell. A true and accurate copy of said email correspondence is attached hereto

as Exhibit B.  Within that email, <u>dated January 31, 2022</u>, Defendant Farwell's former counsel advised him that:

> Attached are document demands from Tomkins. One is for all defendants, one is just for Larry and one is just for Thierry. **These need to be prepared and responded to forthwith.** I imagine that there is a lot of overlap between these documents and what we provided in the state court case.   (**emphasis added**)

*B.  Defendant Farwell's sworn assertion that the undersigned failed to advise him as to which disclosure demands were outstanding, or respond to his April 24, 2022 email regarding same, is an outright misrepresentation.*

7.      Within his Affirmation in Response, Defendant Farwell further alleges that his failure to respond and produce documents, as demanded by Plaintiff and directed by the Court, is attributable to a "lack of cooperation" from the undersigned.    (ECF #80 at Page 17, ¶37).   Defendant Farwell asserts that he emailed the undersigned on April 24, 2022 regarding his outstanding disclosure and that, to date, he has not been provided with a response to same.    (ECF #80 at Page 18-19, ¶44-45).

8.      Within his sworn statement to the Court, Defendant Farwell claims that "Mr. Tomkins has not yet replied to my email of April 24, and has provided no communication regarding what documents he demands that he claims we have not yet provided."    (ECF #80 at Page 19, ¶45).   This sworn statement is an outright misrepresentation.

9.      Attached hereto as Exhibit C is a true and accurate copy of the undersigned's email exchange, including Plaintiff's April 25, 2022 response to the April 24, 2022 email referenced by Defendant Farwell. Therein, the undersigned advised Defendant Farwell that Plaintiff had not received responses to its disclosure demands and advised Defendant Farwell that, while Plaintiff could not unilaterally agree to extend the disclosure deadline, Plaintiff would not oppose a motion by Defendant for a reasonable extension of time for same. (Exhibit C at Page 1). Also attached hereto as Exhibits D and

E are true and accurate copies of Plaintiff's Disclosure Demands, particularly referenced within, and provided to Defendant Farwell as attachments to, the undersigned's April 25, 2022 response to Defendant Farwell's April 24, 2022 email.

10. In further attempt to buttress his claims that the undersigned has failed to cooperate with him or act in good faith regarding outstanding disclosure, Defendant Farwell submits, within his Affirmation in Response, purported emails between himself and his former counsel dated August 17, 2022 (ECF #80 at Page 19, ¶46). Therein, Defendant Farwell represents to his former counsel, and, by submission thereof, to this Court, that:

> As you suggested, I have emailed Tomkins asking him for their interrogatories and specifically asking him what he thinks I'm supposed to have sent him that he doesn't have. **He has not responded**. Instead, in both the state and federal cases, he has filed motions to hold me in contempt of court for not responding to his demands for disclosures.
> ….
> There is nothing online at the websites for either case that has this information, and **Tomkins is aggressively non-cooperative** in providing it. (ECF #80 at Page 19, ¶46) (emphasis added).

11. Defendant Farwell's representation to this former counsel, and by submission thereof, to this Court, that the undersigned failed to respond to his inquiry regarding outstanding disclosure is an outright lie.

12. As set forth, *supra*, Defendant Farwell was provided with copies of Plaintiff's Disclosure and Supplemental Disclosure Demands in response to his inquiry of April 24, 2022. **Defendant Farwell did not communicate with the undersigned regarding his outstanding disclosure in August 2022 or at any time following the undersigned's April 25, 2022 response to his April 24, 2022 email inquiry.**

> C. Defendant Farwell's sworn denial, that he has advised recipient(s) of software subject to the Preliminary Injunction that they are under no obligation to comply with, or even respond to, the Preliminary Injunction, is an outright misrepresentation.

13. Within his Affirmation in Response, Defendant Farwell disputes Plaintiff's assertions that Defendant Farwell's clients or colleagues are in possession of software subject to the Preliminary Injunction. Defendant Farwell asserts that

> Plaintiff's statement that Dr. Farwell has been "advising recipient(s) of software subject to the Preliminary Injunction that they are 'under no obligation to comply or even respond to [the Preliminary Injunction]'" has no basis in fact. Plaintiff has no evidence that the versions of Dr. Farwell's Brain Fingerprinting Invention that are in possession of Dr. Farwell's clients and colleagues are "subject to the Preliminary Injunction." Plaintiff's contention that said versions are "subject to the Preliminary Injunction" is solely unfounded speculation by Tomkins. (ECF #80 at ¶33).

This representation by Defendant Farwell is belied by his own sworn submissions and sworn testimony.

14. Within his earlier sworn submissions to this Court, Defendant Farwell acknowledges that the Preliminary Injunction requires him to "recall or replace" software provided to his client. Defendant Farwell advises the Court that "Regardless of the above, the Preliminary Injunction requires me to "recall or replace" the software now in the [client's] Farwell Brain Fingerprinting system, as it contains, if not 80%, then certainly at least some part of the 'plaintiff's confidential and proprietary information.'" (ECF #59 at Page 8, ¶3).

15. Within his correspondence to that same client, Defendant Farwell explicitly advised the Client that it "is under no obligation to comply or even respond to it [the Preliminary Injunction]" (ECF #59 at Page 30, ¶1)

16. Defendant Farwell has further acknowledged under oath that software subject to the Preliminary Injunction is in possession of the Clinical Legal Studies Department at University of Canterbury, New Zealand. (ECF #66-3, Page 3, Lines 15-25). Defendant Farwell acknowledged that the improvements, assistance and modifications provided to him by Plaintiff's former employee and co-defendant, Dr. Thierry Maison, were incorporated within the version of the "Farwell Brain Fingerprinting Program" provided by Farwell to the University of Canterbury in late 2019 (ECF #66-3 at Page 3 (Line 25) and 4 (Lines 1-6).

17. Defendant Farwell testified under oath that, while he informed his contact at the University at Canterbury of the "wording" of the Preliminary Injunction, he did not ask for the return the "Farwell Brain Fingerprinting Program" (ECF #66-3 at Page 4, Lines 7-20). When asked why he did not request the return of the "Farwell Brain Fingerprinting Program" in compliance with the Preliminary Injunction, Defendant Farwell acknowledged that his decision not to do so was intentional. Defendant Farwell testified that "well, because it's -- it's my -- it's my system. I can do what I like with it. If I want -- if I want it to be used by -- by my next-door neighborhood here, my next door neighborhood here can use it. If -- if I want to allow grad students in -- in Canterbury to use it, I can allow them to use it" (ECF #66-3 at Page 4 (Lines 21-25) and Page 5 (Lines 1-3).

> D. *Defendant Farwell's assertions that the Preliminary Injunction was obtained by fraud as the undersigned "lied to the judge" regarding the sales price of plaintiff's software is a baseless misrepresentation advanced solely for the purposes of harassing Plaintiff's representative, causing unnecessary delay and increasing the costs of litigation.* .

18. Defendant Farwell's Affirmation in Response advances a litany of false and demonstrably false allegations, including personal attacks upon the undersigned and allegations that the Preliminary Injunction was obtained by fraud upon the Court.

19.     Defendant Farwell continues to allege, among other things, that the undersigned "lied to the judge" when responding to the Court's inquiry regarding the approximate sales price of the Plaintiff's software system.  Defendant Farwell alleges that

> In the same hearing referenced above, Tomkins lied to the judge. Mr. Tomkins stated that his client had sold iCognative (BWS Software) systems for a cost of about $400,000 per license, and each sale included several licenses, and that more than one such sale had taken place. All parts of that statement are entirely false. Mr. Tomkins knows his statement is false, and knew it at the time. **Brainwave Science, Inc. has never sold a license for an iCognative system (or any other brainwave system) for $400,000 (or anything remotely approaching that figure).** They have not sold multiple licenses to the same customer for that price, or for any price. They have not made similar sales to multiple customers. (ECF #80 at Page 41, ¶4-8) (emphasis added).

20.     The undersigned categorically denies having made any misrepresentation to this or any other Court.

21.     The allegation that Plaintiff has never sold a license for an iCognative system (or any other brainwave system) for $400,000 (or anything remotely approaching that figure) is entirely without merit.  While the undersigned is not directly involved in sales and accounting for the Plaintiff, I am regularly tasked with drafting Purchase Orders and other ancillary agreements made in connection with the sales of Plaintiff's systems.  In December 2021, Plaintiff received an order confirmation from, and the undersigned completed sales confirmation documentation for, an order (pro-rated 2021 and 2022) for in excess of $465,000 from an international customer.   The undersigned's representation to the Court in December 2021 was entirely consistent with this most recent order, as well as prior sales proposals and agreements drafted on behalf of the Plaintiff by the undersigned.

22. Defendant Farwell's numerous sworn submissions alleging that the undersigned "lied to the judge" neither qualify his statements as "upon information and belief" nor set forth any credible basis for such assertions. Defendant Farwell's repeated and unqualified representations that the undersigned "lied to the judge" are entirely without evidentiary support and are presented solely for the purposes of harassing Plaintiff's representative, causing unnecessary delay and increasing the costs of litigation.

Wherefore, based upon the forgoing, Plaintiff respectfully renews its request that this Court find Defendant Farwell in Contempt of Court for violating Judge Cogan's December 14, 2021 injunction, and impose sanctions, including contempt, for his violations of orders dated March 2, 2022 and May 26, 2022 to produce outstanding discovery.

Plaintiff further respectfully requests that this Court take judicial notice of Defendant Farwell's numerous non-responsive, frivolous and demonstrably false representations made under oath to this Court in connection with the present motion. Plaintiff respectfully requests that the Court sanction Defendant Farwell for same in a manner deemed just and proper by the Court.

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury the foregoing is true and correct.

Dated this 24th day of August, 2022

*Paul F. Tomkins*
_____
Paul F. Tomkins, Esq.
*Attorney for Plaintiff Brainwave Science, Inc.*
*11 Broadway, Suite 615*
*New York, NY 10004*
*(607) 221-1279*