# Paul Forrest Tomkins, Esq.
11 Broadway, Suite 615, New York, NY 10004
607-221-1279 - pault@pftlaw.com

November 7, 2022

Magistrate Judge Roanne L. Mann
United States District Court Judge
U.S. Eastern District, New York
225 Cadman Plaza East
Brooklyn, NY 11201
**VIA ECF Filing**

                                  RE:    Brainwave Science, Inc. v. Arshee, Inc. et al
                                        Case Number:  1:21-cv-04402-BMC
                                        **Joint Status Report**

Dear Judge Mann,

       Pursuant to the Court's Docket Order of Monday, October 31, 2022, Plaintiff hereby submits the attached "Joint Status Report". As the Court will note, the enclosed does not include input from Defendant Farwell. Having received no communications from Defendant Farwell, the undersigned forwarded a copy of the enclosed, within its present final form, to Defendant Farwell early yesterday afternoon. The email communication with Defendant Farwell requested that he incorporate "Defendant's Position" and return same by 4:30 PM EST today. The email communication referred to, and included a copy of pertinent portions of, the Court's Docket Order of Monday, October 31, 2022. As of 9:30 PM EST on this date, the undersigned has not received any proposed input or other communication from Defendant Farwell.

       Thank you for your time and consideration of the forgoing. The undersigned remains available at the Court's convenience.

                                  Respectfully,

                                  *Paul F. Tomkins*

                                  Paul F. Tomkins, Esq.
                                  *Attorney for Plaintiff*
                                  *11 Broadway, Suite 615*
                                  *New York, NY 10004*
                                  *(607) 221-1279*

cc: Brain Fingerprinting Foundation
**VIA ECF AND EMAIL**: brainwave@larryfarwell.com

Dr. Lawrence Farwell
**VIA ECF AND EMAIL**: brainwave@larryfarwell.com

Dr. Thierry Maison
**VIA ECF AND EMAIL:** me@thierrymaison.com

Arshee, Inc.
**VIA ECF AND EMAIL:** Arsheeinc@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

  BRAINWAVE SCIENCE, INC.

                              Plaintiff,

- against -

                              21-cv-4402 (BMC)

ARSHEE, INC., DR. LAWRENCE A.
FARWELL, DR. THIERRY MAISON and
BRAIN FINGERPRINTING FOUNDATION

                              Defendants.
------------------------------------------------------------ X

    Plaintiff, through its undersigned counsel, and Defendant Farwell, appearing *pro* se, submit the following Joint Status Report as directed by the Court's Docket Order of October 31, 2022.

*Procedural History*

    By Order dated December 13, 2021 (hereinafter "Preliminary Injunction"), this Court directed that Defendants must provide to plaintiff, at plaintiff's sole expense, a report from an independent third party confirming that any P300-related software demonstration, sale, update, or transfer by defendants does not include plaintiff's "confidential or proprietary information." (ECF #30 at Page 2, ¶4). For the purposes of the preliminary injunction, "'confidential or proprietary information' is defined as any portion of the program plaintiff originally submitted to Codequiry as its code." (Id. at Page 2, Final Paragraph).

A. <u>Plaintiff's Position</u>

In December 2021 the undersigned received an email solicitation from "Mindfire Technology" ("Mindfire") to serve as a litigation consultant providing, among other things, "Technical Strategy" and "Courtroom Strategy" to Brainwave.  Mindfire is a web and mobile development firm which purportedly develops mobile applications and provides "IT Staffing".[1] Within its solicitation, Mindfire's CEO advised that Dr. David August, a computer science professor at Princeton, was the lead testifying witness on their team. The undersigned and Mindfire's CEO held a phone conference in January 2022 wherein a potential engagement of Mindfire by Brainwave was discussed.  In or about February 2022, Defendant Farwell's former counsel contacted the undersigned and advised that he had recently been contacted by Mindfire with an offer by their firm to serve as an "independent" third-party evaluator. Thereafter, Defendant's former counsel moved to be relieved from this case.

On March 1, 2022, the undersigned executed and forwarded to Mindfire a Retainer Agreement to allow Mindfire to proceed with the code comparison as directed by the Preliminary Injunction. (A true and accurate copy of the Retainer Agreement and March 1, 2021 email is attached hereto as Exhibit A).  Thereafter, by emails on and after March 5, 2022, Defendant Farwell raised multiple objections to the proposed engagement. These objections included his refusal to allow his software to be evaluated by "any company in conjunction with a contract between that company [and Brainwave]" as well as his objections to the scope of work indicated within the Retainer Agreement.

Following <u>multiple</u> emails between the undersigned and Defendant Farwell, Defendant Farwell advised by email of March 9, 2022 that he was amenable to Brainwave's proposed language for scope of work within the Retainer Agreement with Mindfire.  Thereafter, Defendant Farwell inexplicably again reversed course - -advising that a preliminary report regarding code received for

---

[1] https://www.mindfiretechnology.com/services/

comparison was a "non-starter" as such a provision would be in violation of <u>his</u> confidentiality agreement with Mindfire.

During the course of the parties' negotiations regarding the use of Mindfire as an independent third-party evaluator, the parties were advised that Mindfire's testifying witness, Dr. David August, was no longer providing services on behalf of Mindfire and would not be available to provide services in connection with this matter. Mindfire's executives advised that they would be able to retain other outside experts on a contract basis to perform the comparison. The undersigned advised Defendant Farwell that, prior to proceeding, the proposed retainer agreement should be amended to provide the names and qualifications of all persons to be conducting the code analysis. The undersigned further advised that Brainwave was amenable to utilizing the services of an alternate independent expert, Dr. Howard Cohen, who had himself served as a testifying subject matter expert in claims involving Trade Secrets and copyright infringement before State and Federal Courts. A true and accurate copy of Dr. Cohen's curriculum vitae, forwarded to Defendant Farwell by email of March 7, 2022, is attached hereto as Exhibit B. In response to the undersigned's inquiry regarding the use of Dr. Cohen as an alternate evaluator, Defendant Farwell inexplicably advised that "My participation in any way in anything that involves Dr. Cohen is an absolute non-starter. My decision on that has not changed and will not change."

It is respectfully submitted that Plaintiff has acted entirely reasonably in attempting to acquiesce to, and cooperate with, Defendant Farwell's request to utilize Mindfire for the code comparison as directed by the Preliminary Injunction. Brainwave's request that it be made a party to the Retainer Agreement (and therefore protected by the Confidentiality and Non-Disclosure provisions therein) is reasonable. The "Scope of Work" within the Agreement executed and submitted by Plaintiff to Mindfire – drafted to ensure that Defendant Farwell submits a bona fide version of his code and to limit the scope of the code comparison to determining whether the code

provided by Defendant(s) contains any significant portion(s) of the code submitted by Brainwave (Exhibit A, Page 5, ¶3) -- is likewise fair and reasonable.

It is respectfully submitted that any delay in obtaining the code comparison as directed by the Preliminary Injunction has been solely occasioned by Defendant Farwell's continued dilatory tactics and unreasonable demands. Brainwave remains prepared to proceed with the code comparison as directed by the Court and contemplated by the Agreement executed by Brainwave on March 1, 2022.

Based upon the forgoing, Brainwave respectfully requests that Defendant Farwell be directed to immediately provide the names and qualifications of all persons to be conducting the code analysis by Mindfire and provide to Mindfire copies of any P300-related software forwarded to, or left in the possession of, any third parties on or after December 13, 2021. Alternatively, Brainwave respectfully requests that Defendant Farwell be directed to execute a tri-parte Agreement with Dr. Howard Cohen and provide Dr. Cohen with copies of any P300-related software forwarded to, or left in the possession of, any third parties on or after December 13, 2021.

**B.  Defendant Farwell's Position**

Respectfully submitted,

*Paul F. Tomkins*

_____    _____
Paul F. Tomkins, Esq.               Dr. Lawrence A. Farwell
*Attorney for Plaintiff Brainwave Science, Inc.*   *Pro Se Defendant*
*11 Broadway, Suite 615*            28375 Sandy Beach Lane NE
*New York, NY 10004*                PO Box 547
*(607) 221-1279*                    Kingston, WA 98346
                                    (206) 905-1009