UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

  BRAINWAVE SCIENCE, INC.

                            Plaintiff,

- against -
                                                      **PLAINTIFF'S ATTORNEY'S AFFIRMATION IN RESPONSE TO ORDER TO SHOW CAUSE**

                                                      21-cv-4402 (BMC)

ARSHEE, INC., DR. LAWRENCE A.
FARWELL, DR. THIERRY MAISON and
BRAIN FINGERPRINTING FOUNDATION

                            Defendants.
------------------------------------------------------------ X

**Paul F. Tomkins,** pursuant to 28 U.S.C. §1746, declares under penalty of perjury that the following is true and correct:

1. My name is Paul Forrest Tomkins. I am an attorney at law duly admitted to appear before this Court. I serve as In House Counsel for Plaintiff Brainwave Science, Inc. (hereinafter "Brainwave"). I appear as attorney of record for Brainwave in this matter.

2. By Order dated December 13, 2021 (hereinafter "Preliminary Injunction"), this Court directed that defendants provide to plaintiff, at plaintiff's sole expense, a report from an independent third party confirming that any P300-related software demonstration, sale, update, or transfer by defendants does not include plaintiff's "confidential or proprietary information." (ECF #30 at Page 2, ¶4). For the purposes of the preliminary injunction, "'confidential or proprietary

information' is defined as any portion of the program plaintiff originally submitted to Codequiry as its code." (Id. at Page 2, Final Paragraph).

3. Following Defendant Farwell's request to utilize "Mindfire Technology" ("Mindfire") as an independent third-party evaluator.  The undersigned advised Defendant Farwell that plaintiff was amenable to same with conditions including a mechanism by which the proposed third-party evaluator could confirm Defendant Farwell had submitted <u>a bona fide version of his code</u> to the evaluator.

4. Thereafter, the undersigned, with full authority of my client, executed a retainer agreement to allow Mindfire to proceed with the code comparison as directed by the Preliminary Injunction. (ECF #93-1).

5. The Scope of Work provision within the retainer agreement executed on behalf of Plaintiff by the undersigned provided that

> **Preliminary Report:** Prior to conducting the code comparison, Mindfire will conduct a preliminary review of the source code submitted by Defendant. The purpose of this review is to ensure that the code submitted represents a functional code. Following this review, Mindfire will provide a Brief Preliminary Report addressing the following:
> ▪ The language the code is written in;
> ▪ The number of lines in the code;
> ▪ Confirmation that the code provided could be compiled into a workable format and
> ▪ Screenshots of exemplary user interfaces.
>
> **Code Comparison Report:** Once the Preliminary Report has been completed and submitted, Brainwave will advise Mindfire within two (2) business days to begin work on the code comparison. Pursuant to the Court's Order, the code comparison is being conducted to confirm whether the code provided by Defendant(s) contains any portion(s) of the code submitted by Plaintiff. If our staff finds any portion of the code provided by Defendant(s) to contain any significant portion(s) of the code submitted by Brainwave, our office will suspend its comparison and provide a report on same.
>
> (ECF #93-1 at Page 5).

6. The purpose of the Preliminary Report provision within the agreement executed by Plaintiff was to provide a mechanism by which Plaintiff, and ultimately the Court, could confirm that the code (or versions thereof) submitted by Defendant Farwell for comparison are bona fide copies of code which Defendant Farwell had conveyed to the entities referenced within Plaintiff's complaint[1] or which Defendant Farwell now intends to covey to other third parties. Absent such a mechanism to confirm that the code submitted by Defendant Farwell for comparison is a genuine copy of the code Defendant Farwell has conveyed, or intends to convey, to third parties, a report by the third-party evaluator indicating an absence of plaintiff's confidential or proprietary information within Defendant Farwell's submitted code would be meaningless.

7. Defendant Farwell rejected Plaintiff's retainer agreement and refused to move forward with the directed comparison testing with the above-referenced scope of work.

8. Defendant Farwell thereafter submitted to Plaintiff an alternate retainer agreement. (ECF #94-1) The Scope of Work provision within Defendant Farwell's proposed agreement provides, in part, that:

> Prior to conducting the code comparison, Mindfire will conduct a preliminary review of the code submitted by Dr. Farwell. The purpose of this review is to ensure that the code submitted represents a functional code. Mindfire will either (A) provide confirmation to Dr. Farwell and BWS that in Mindfire's professional evaluation the code represents a viable functional code that can be implemented in a workable format, and continue with the code comparison; or (B) provide confirmation to Dr. Farwell and BWS that in Mindfire's professional evaluation the code does not represent a viable functional code that can be implemented in a workable format, and cease further analysis. As per the terms of the Confidentiality Agreement herein, Mindfire shall not provide any part of Dr. Farwell's code or any additional information whatsoever about Dr. Farwell's code to BWS. (ECF #94-1 at Page 8).

---

[1] Plaintiff's Complaint alleges, and Plaintiff continues to maintain, upon information and belief, that Defendant Farwell transferred programs incorporating Plaintiff's code to the Clinical Legal Studies Department at University of Canterbury, New Zealand and the Forensic Science Laboratory for the Government of Delhi, India (ECF #1 at ¶28-29).

9. The Scope of Work provision within Defendant Farwell's proposed retainer agreement is unfair and unreasonable as it limits verification <u>exclusively</u> to whether the software submitted by Defendant Farwell "represents a viable functional code".

10. Defendant Farwell's counter-proposal is also unfair and unreasonable as it omits any mechanism by which the independent third-party evaluator can confirm that the code submitted by Defendant Farwell is <u>a bona fide version of his code</u>.  Defendant Farwell's counter-proposal further prevents any third party from confirming or refuting whether his submission to the evaluator is genuine, or from requesting clarification or substantiation of findings of the evaluator, by explicitly restricting the evaluator from providing "any additional information whatsoever about [the code submitted by Defendant Farwell for comparison] to BWS".  (Id.)

11. It is respectfully submitted that the retainer and "Scope of Work" for code comparison executed by Plaintiff (ECF #93-1) is both fair and reasonable in providing a mechanism by which Plaintiff and the Court can confirm that Defendant Farwell had submitted <u>a bona fide version of his code</u> to the evaluator.  Plaintiff respectfully requests that the Defendant be directed to proceed with comparison testing based upon same.

12. Alternatively, Plaintiff respectfully requests that the Court direct the parties to defer to the third-party evaluator on the mechanism for evaluating Defendant Farwell's submissions and simply direct the third-party evaluator confirm that Defendant Farwell's submissions are genuine by way of affidavits from Defendant Farwell and such other mechanism(s) to be determined, implemented and reported upon by the third-party evaluator upon input by both parties. A proposed amended version of Defendant Farwell's "Scope of Work" proposal, with changes limited to the second (verification) paragraph (in bold typeface), is attached hereto as Exhibit A.  In the event that the Court so directs, Plaintiff will immediately execute and circulate an amended agreement for signature by the parties.

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury the foregoing is true and correct.

Dated this 13th Day of November, 2022.

*Paul F. Tomkins*

_____
Paul F. Tomkins, Esq.
*Attorney for Plaintiff Brainwave Science, Inc.*
*11 Broadway, Suite 615*
*New York, NY 10004*
*(607) 221-1279*