UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
  BRAINWAVE SCIENCE, INC.

                               Plaintiff,

- against -                                **PLAINTIFF'S ATTORNEY'S AFFIRMATION IN RESPONSE TO DEFENDANT FARWELL'S NOVEMBER 16, 2022 AFFIRMATION**

                                                    21-cv-4402 (BMC)

ARSHEE, INC., DR. LAWRENCE A. FARWELL, DR. THIERRY MAISON and BRAIN FINGERPRINTING FOUNDATION

                              Defendants.
------------------------------------------------------------X

**Paul F. Tomkins,** pursuant to 28 U.S.C. §1746, declares under penalty of perjury that the following is true and correct:

1. My name is Paul Forrest Tomkins. I am an attorney at law duly admitted to appear before this Court. I serve as In House Counsel for Plaintiff Brainwave Science, Inc. (hereinafter "Brainwave"). I appear as attorney of record for Brainwave in this matter.

2. Plaintiff commenced the present action against Dr. Lawrence A. Farwell ("Defendant Farwell") and other named defendants for Theft of Trade Secrets under 18 U.S.C. §§ 1832-1839 ("Defend

Trade Secrets Act") (ECF #1). The action against Farwell arose from Farwell's misappropriation and subsequent sale or distribution of plaintiff's confidential and proprietary program code to third parties including the Clinical Legal Studies Department at University of Canterbury, New Zealand and the Forensic Science Laboratory for the Government of Delhi, India. (ECF #1 at Page 9, ¶28-29).

3. By Order dated December 13, 2021 (hereinafter "Preliminary Injunction"), this Court directed that

   1. Defendants must take any and all commercially-practicable actions to recall or replace any software containing plaintiff's "confidential or proprietary information" from third parties;
   2. Defendants must not sell or transfer plaintiff's "confidential or proprietary information;"
   3. Defendants must not use plaintiff's "confidential or proprietary information" in any software update or product demonstration; and,
   4. Defendants must provide to plaintiff, at plaintiff's sole expense, a report from an independent third party confirming that any P300-related software demonstration, sale, update, or transfer by defendants does not include plaintiff's 'confidential or proprietary information'…
   For the purposes of this preliminary injunction, 'confidential or proprietary information' is defined as any portion of the program plaintiff originally submitted to Codequiry as its code. (ECF #30 at Page 1-2, ¶1-4).

4. In February and March of 2022, undersigned advised Defendant Farwell that Plaintiff was amenable to utilizing Defendant's selected third-party evaluator, "Mindfire Technology" ("Mindfire"). Plaintiff agreed to same with conditions including a mechanism by which the proposed third-party evaluator could confirm Defendant Farwell had submitted a bona fide version of his code to the evaluator. (ECF #95 at Page 2, ¶3). Defendant Farwell rejected Plaintiff's proposed retainer agreement and refused to move forward with the directed comparison testing with the above-referenced scope of work.

5. Defendant Farwell was deposed on April 25, 2022. (ECF #66-2 at Page 1, ¶2). During the course of Defendant Farwell's deposition, Defendant Farwell confirmed that he had provided and/or failed to recall copies of programs which, upon information and belief, contained Plaintiff's confidential or proprietary information. Defendant Farwell confirmed that said software remained in the possession of entities including the Clinical Legal Studies Department at University of Canterbury, New Zealand and the Forensic Science Laboratory for the Government of Delhi, India.

6. By Order to Show Cause filed May 26, 2022, Plaintiff moved the Court to hold Defendant Farwell in contempt of court for his willful violation of the Preliminary Injunction (ECF #66). Plaintiff's Motion to hold Defendant Farwell in contempt of court remains pending before this Court.

7. Plaintiff's moving papers allege, and provide evidence of (by way of Defendant Farwell's own sworn testimony) that Defendant Farwell violated the Preliminary Injunction by providing and/or failing to recall copies of programs containing Plaintiff's confidential or proprietary information (the "Farwell Brain Fingerprinting Program") from the University at Canterbury, New Zealand. (ECF #66-1 at Pages 5-6).[1]

8. Plaintiff's moving papers further allege, and provide evidence of (by way of Defendant Farwell's own sworn testimony) that Defendant Farwell violated the Preliminary Injunction by providing and/or failing to recall copies of programs containing Plaintiff's confidential or

---

[1] Defendant Farwell testified that he provided a working copy of the "Farwell Brain Fingerprinting Program" to individuals "affiliated with" the University of Canterbury and that these individuals remain in possession of the "Farwell Brain Fingerprinting Program" (ECF #66-3 at Page 3, Lines 15-25). Farwell further acknowledged that the improvements, assistance and modifications provided to him by Plaintiff's former employee and co-defendant , Dr. Thierry Maison, were incorporated within the version of the "Farwell Brain Fingerprinting Program" left by Farwell with the University of Canterbury (Id. at Page 59, Line 25 and Page 60 Lines 1-6).

proprietary information (the "Farwell Brain Fingerprinting Program") to clients within in "Afghanistan and Surrounding Countries", South Africa, Thailand, Nigeria, and India. (ECF #66-1 at page 6).

9. Within his sworn opposition to Plaintiff's May 26, 2022 motion to hold him in contempt of court, Defendant Farwell alleges that there is "no evidence" that software which he transferred and/or allowed third parties to maintain following the Preliminary Injunction contain(s) Plaintiff's "confidential or proprietary information". Specifically, Defendant Farwell asserts that

> Plaintiff has no evidence that the versions of Dr. Farwell's Brain Fingerprinting Invention that are in possession of Dr. Farwell's clients and colleagues are 'subject to the Preliminary Injunction
> …
> There is no evidence that any of the software provided by Dr. Farwell to any of Dr. Farwell's Colleagues contains "any portion of the program plaintiff originally submitted to Codequiry as its code."
> …
> **Until or unless Plaintiff provides evidence of what comprises "the program Plaintiff originally submitted to Codequiry as its code," [] no determination can be made regarding what software possessed by Dr. Farwell's Colleagues is 'subject to the Preliminary Injunction'**
> (ECF #80 at Pages 15-16, ¶33 a-d). (emphasis added).

10. By Affirmation to the Court dated November 13, 2022, Plaintiff submitted a "Scope of Work" provision which Plaintiff submits is both fair and reasonable in providing a mechanism by which Plaintiff and the Court can confirm that Defendant Farwell had submitted <u>a bona fide version of his code</u> to the evaluator. (ECF #95-1).

11. That scope of work provides, in relevant part, that

> **Dr. Farwell shall submit affidavits confirming that code submitted to Mindfire includes true and accurate copies of code he submitted to the Clinical Legal Studies Department at University of Canterbury, New Zealand and the Forensic Science Laboratory for the Government of Delhi, India and any other third parties to whom Dr. Farwell intends to convey code.** Prior to conducting the code comparison, Mindfire will conduct a preliminary review of the code submitted by Dr. Farwell. The purpose of this review is to ensure that the code submitted represents a true and accurate copies of code conveyed, or to be conveyed, by Dr. Farwell to the above referenced and/or other third parties. Mindfire shall conduct, implement and report upon this verification in a manner to be determined by Mindfire following input from both parties. (ECF #95-1, ¶2) (emphasis added).

12. By submission of November 16, 2022, Defendant Farwell now opposes that portion of the Plaintiff's Proposed Scope of Work which requires Defendant Farwell to provide Mindfire with true and accurate copes of the afore-referenced code which he provided to, and/or failed to recall copies of from, the Clinical Legal Studies Department at University of Canterbury, New Zealand and the Forensic Science Laboratory for the Government of Delhi, India.  Defendant Farwell argues that this requirement constitutes a "poison pill" (ECF #96 at Page 11, ¶26) and is untimely as not referenced within Plaintiff's March 2022 "Scope of Work" proposal (Id. at ¶27-28).

13.     Defendant Farwell appears to assert that Plaintiff's proposal is somehow untimely, since the Clinical Legal Studies Department at University of Canterbury, New Zealand and the Forensic Science Laboratory for the Government of Delhi, India were not specifically referenced within Plaintiff's March 2022 Proposed Scope of Work.  (Id. at ¶27-28).  This assertion is both disingenuous and without merit.

14.     As the record before the Court will reflect, by Minute Entry and Order dated September 21, 2021, the Court directed the parties to complete fact discovery by February 22, 2022.  Following Defendant

Farwell's failure to comply with same, by Scheduling Order of March 25, 2022, this Court directed the parties to complete Disclosure by April 25, 2022.

15. Defendant Farwell was not deposed until April 25, 2022. (ECF #66-2 at Page 1, ¶2). During the course of his deposition, Plaintiff learned that Defendant Farwell had provided and/or failed to recall copies of programs which, upon information and belief, contained Plaintiff's confidential or proprietary information to the Clinical Legal Studies Department at University of Canterbury, New Zealand and the Forensic Science Laboratory for the Government of Delhi, India.

16. Defendant Farwell's assertion that Plaintiff should have included its request to conduct testing of programs he failed to recall from the Clinical Legal Studies Department at University of Canterbury, New Zealand and the Forensic Science Laboratory for the Government of Delhi, India in its March 2022 proposal is disingenuous. Plaintiff's ability to confirm whether those entities remained in possession of said programs was delayed until April 25, 2022 due to Defendant Farwell's own failure to comply with prior disclosure directives of this Court.

17. Defendant Farwell's assertion that Plaintiff's request to conduct testing of programs he failed to recall from the Clinical Legal Studies Department at University of Canterbury, New Zealand and the Forensic Science Laboratory for the Government of Delhi, India constitutes a "poison pill" is likewise disingenuous and without merit.

18. Upon information and belief, Defendant Farwell does not controvert that he failed to recall versions of his "Farwell Brain Fingerprinting Program" from the Clinical Legal Studies Department at University of Canterbury, New Zealand and the Forensic Science Laboratory for the Government of Delhi, India. (ECF #66-1 at Pages 5-6). In defense of Plaintiff's Motion to hold him in contempt of Court, Defendant Farwell alleges that there is "no evidence" that the software hoild by those entities subsequent to the Preliminary Injunction is subject to the Preliminary Injunction. (ECF #80 at Pages

15-16, ¶33).  Now, paradoxically, Defendant Farwell seeks to prevent the independent third party evaluator, selected by himself, from confirming or refuting Defendant Farwell's defense to the Plaintiff's pending motion to hold Defendant Farwell in contempt of court.  (ECF #96 at Page 11, ¶26).

19. Based upon the forgoing, Plaintiff respectfully submits that Plaintiff's proposed "Scope of Work" provision (ECF #95-1) is both fair and reasonable.  Plaintiff requests an Order directing Plaintiff and Defendant to proceed with comparison testing based upon same.

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury the foregoing is true and correct.

Dated this 18th Day of November, 2022.

*/s/ Paul F. Tomkins*

_____
Paul F. Tomkins, Esq.
*Attorney for Plaintiff Brainwave Science, Inc.*
*11 Broadway, Suite 615*
*New York, NY 10004*
*(607) 221-1279*