C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
BRAINWAVE SCIENCE, INC.,                                 :
                                                         :   **ORDER**
                              Plaintiffs,                :
                                                         :   21-cv-4402 (BMC)
          - against -                                    :
                                                         :
ARSHEE, INC., DR. LAWRENCE A.                            :
FARWELL, DR. THIERRY MAISON, and                         :
the BRAIN FINGERPRINTING                                 :
FOUNDATION,                                              :
                                                         :
                              Defendants.                :
                                                         :
-------------------------------------------------------- X

**COGAN**, District Judge.

Before the Court are two disputes regarding this Court's Preliminary Injunction, as raised in plaintiff's motion at [66], plaintiff's affirmation at [95], and in dozens of other (often frivolous and duplicitous) letters, affirmations, and motions.

Plaintiff contends that Dr. Farwell should be held in contempt of court for failing to comply with this Court's preliminary injunction [30]. The preliminary injunction ordered as follows:

1. Defendants must take any and all commercially-practicable actions to recall or replace any software containing plaintiff's "confidential or proprietary information" from third parties;

2. Defendants must not sell or transfer plaintiff's "confidential or proprietary information;"

3. Defendants must not use plaintiff's "confidential or proprietary information" in any software update or product demonstration; and,

4. Defendants must provide to plaintiff, at plaintiff's sole expense, a report from an independent third party confirming that any P300-related software demonstration, sale, update, or transfer by

>defendants does not include plaintiff's "confidential or proprietary information."

The injunction concludes by stating: "For the purposes of this preliminary injunction, 'confidential or proprietary information' is defined as any portion of the program plaintiff originally submitted to Codequiry as its code."

Plaintiff claims that Dr. Farwell has defied point 1 of the preliminary injunction by failing to recall programs previously conveyed to the clients in New Zealand and India. The Court finds that Dr. Farwell's actions were in direct contravention of the Court's preliminary injunction. Dr. Farwell is ORDERED to request the return of all software conveyed to third parties that contains plaintiff's "confidential or proprietary information," as defined above, by December 31, 2022.

The Court declines to find Dr. Farwell in contempt or impose sanctions at this time, recognizing that Dr. Farwell is *pro se* and perhaps failed to appreciate the consequences of disregarding this Court's orders. But let me be very clear: the next time Dr. Farwell fails to comply with an order of this Court, he will be found in contempt and subject to fines or imprisonment.

There is also a dispute regarding the testing required by point 4 of the preliminary injunction. The parties have resolved a series of the disputes regarding the terms of a three-way contract between plaintiff, defendant and a third-party expert (Mindfire). Yet they have been unable to reach agreement as to the scope of the work to be conducted by Mindfire. This impasse relates to the scope of the Court's preliminary injunction.

One purpose of point 4 of the injunction was to prevent future infringements, but another was to direct discovery so that plaintiff could find relevant evidence of past misconduct. It was aimed at uncovering what infringements, if any, Dr. Farwell had made by using plaintiff's

2

information. To achieve that, Dr. Farwell is ORDERED to provide Mindfire with all P300-related software demonstrations, sales, updates, or transfers conveyed to third parties *from 2019 to the present*. He must do so by January 15, 2023.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　Digitally signed by Brian M. Cogan
　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　U.S.D.J.

Dated: Brooklyn, New York
　　　　December 19, 2022

3