UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BRAINWAVE SCIENCE INC.

                       Plaintiff,

-against-

ARSHEE, INC., DR. LAWRENCE A. FARWELL,
DR. THIERRY MAISON and BRAIN FINGERPRINTING
FOUNDATION
                Defendants

Docket No.: 21-cv-4402
(BMC-RLM)

# ARSHEE INC.'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

On the Brief:
Andrew S. Black

LAW OFFICE OF GELB & BLACK, P.C.
*Attorneys for ARSHEE INC.*
26 Court Street, ste. 2305
Brooklyn, NY 11242
718-858-8675
asblack@gelbandblack.com

## TABLE OF. CONTENTS

TABLE OF AUTHORITIES ..................................................................................... i

PRELIMINARY STATEMENT ............................................................................... 1

COUNTERSTATEMENT OF FACTS ..................................................................... 1

DECLARATION OF ABDUL KALAM AZAD

ON BEHALF OF ARSHEE INC ................................................................... 2

**POINT 1**

**PLAINTIFF HAS FAILED TO MEET ITS INITIAL BURDEN REQUIRED UNDER LAW FOR THE GRANTING OF SUMMARY JUDGMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5**

CONCLUSION ......................................................................................................... 8

# TABLE OF AUTHORITIES

## CASE LAW

**Cases**                                                             **Page(s)**

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242, 251-52 (1986) ———————————————— 6

*Celotex Corp. v Catrett*
    477 U.S. 31, 322-23 (1986) ————————————————— 5

*Gibbs-Alfano v. Burton*
    281 F. 3d 12, 18 (2d Cir.2002) ———————————————— 6

*Katz v. Goodyear Tire & Rubber Co.,*
    737 F. 2d 238, 244 (2d. Cir. 1984) ——————————————— 6

*Matsushita Elec. Indus. C., Ltd. v Zenith Radio Corp.*
    475 U.S. 574, 587 (1986) ——————————————————— 6

*Rodriguez v City of New York,*
    72 F.3d 1051, 1060-61 (2d Cir. ~~1995~~) —————————————— 5

*SCS Commc'ns, Inc. v Herrick Co.*
    360 F.3d 329, 338 (2d Cir.2004) ——————————————— 5

*Sec. Ins. Co. v Old Dominion Freight Line Inc.*
    391 F.3d 77, 83 (2d. Cir.2004) ———————————————— 6

## Statutes

**Statutes**                                 **Page(s)**

**Fed. R. Civ. P 56** ———————————————————— 5

**Trade Secrets Act, 18 U.SC.** ——————————————— 1

**Trade Secrets Act, 18 U.S.C.** ——————————————— 1

## PRELIMINARY STATEMENT

Plaintiff's motion must be denied as there is a genuine dispute as to the material facts in this matter.

Plaintiff has not proven that the defendant Arshee Inc. has violated the Trade Secrets Act, 18 U.S.C. Section 1832 or 18 U.S.C. Section 1836(b)(3)(A).

## COUNTERSTATEMENT OF FACTS

Defendant Arshee Inc. has requested the right to interpose a late answer on two occasions by motion and once by letter from its prior counsel.

Defendant Arshee Inc. has fully participated in the defense and litigation herein and has complied with all Orders.

The Complaint does not plead plausible facts sufficient to establish that Arshee Inc. violated the Defense of Trade Secrets Act.

Arshee Inc. is a broker that acts only as an intermediary between the Bangladeshi government and various technology-related companies.

Arshee Inc. is not a technology company.

Arshee Inc. was not involved in the misappropriation of trade secrets.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BRAINWAVE SCIENCE INC.

Plaintiff,

-against-

Docket No.: 21-cv-4402 (BMC-RLM)

ARSHEE, INC., DR. LAWRENCE A. FARWELL, DR. THIERRY MAISON and BRAIN FINGERPRINTING FOUNDATION

Defendants

DECLARATION OF ABUL KALAM AZAD ON BEHALF OF DEFENDANT ARSHEE INC. IN OPPOSITON TO THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ABUL KALAM AZAD, hereby states the following under the penalty of perjury:

1. I have been in Bangladesh since November 28, 2022 and will not be returning to the United States until January 8, 2023.
2. I am unable to have this document properly notarized or executed.
3. I cannot get to an apostille nor the United States Embassy this week, especially due to this being a holiday week.
4. I am the President of the defendant Arshee Inc.
5. The following statements are made from my own personal knowledge.
6. Arshee Inc. originally incorporated in The State of New York in 2008.
7. It later dissolved and then incorporated in the State of Washington in 2016 and is in good standing there.
8. Arshee Inc. is not a New York State corporation any longer.

9. Arshee Inc. is in the business of Trading and Export, essentially in the field of security products.

10. I have known the co-defendant Dr. Lawrence A. Farwell for about three years.

11. In or about January 2019 there was a requirement for forensic analysis by measuring the brainwaves of terrorists and criminals. Said persons could be exonerated by one of our law enforcement agencies. I searched the internet and found that Brain Fingerprinting had been developed and patented in 1995 by Lawrence A. Farwell, Ph.D., its founder, CEO and chief science officer and that he was a pioneer in the field. I wrote to him about his product and he consented to work with me in Bangladesh on the project.

12. I really don't know the co-defendant Dr. Thierry Maison at all.

13. The first I ever heard of his name is when I received a legal notice from Mr. Paul Forrest Tomkins in June 2021; I asked Dr. Farwell what that was about and heard about Dr. Maison for the first time then.

14. Even to this date, I have no knowledge about the relationship between Dr. Farwell, Dr. Maison and Brainwave Science, Inc.

15. My only involvement with the plaintiff's product that is the subject of this case is that I introduced Dr. Lawrence A. Farwell to the RAB of the Bangladesh government.

16. I had no idea that the product offered for this specific international bid could cause legal issues for me.

17. To my understanding, the bid was a legitimate legal transaction being a normal International Tender-Open Tender method.

18. Our only involvement was getting the 10% bank guarantee and the balance that would have been needed since no US bank would have been able to advance that on a Bangladesh

project.

19. Arshee Inc. would have only been paid if the bid had been successful.

20. The bid was unsuccessful.

21. The bid did not come from Arshee Inc.

22. I have never possessed in any way the product or the related software, have never had access to it, and have no access to it now.

23. The access to the proprietary information and software is only known to its inventor which I believe to be Dr. Lawrence Farwell. Arshee Inc. had only submitted the bid security as Dr. Farwell was unable to submit the bid security from US Banks for contracts in Bangladesh. Had the bid been in favor of Dr. Farwell, then the demonstration, installation, configuration and customization of the software and maintenance would have been taken care of by Dr. Farwell.

24. There was never a need for Arshee Inc. to have access to the software in order to play the role we did.

25. To the best of my knowledge there was no proprietary information of Plaintiff Brainwave Science, Inc. in the system that was proposed by Dr. Farwell.

26. Arshee Inc. acted in good faith based on Dr. Farwell's assurances that there was nothing proprietary to any other company or individual, other than Dr. Farwell, in the system that was being offered.

_____
ABUL KALAM AZAD
The aforesaid statements are made under the pain and penalty of perjury

4

# ARGUMENT

## Point 1

### PLAINTIFF HAS FAILED TO MEET ITS INITIAL BURDEN REQUIRED UNDER LAW FOR THE GRANTING OF SUMMARY JUDGMENT

Plaintiff moves for summary judgment against the defendant Arshee Inc.; however, plaintiff has failed to meet its initial burden necessary for the granting of summary judgment. Plaintiff has failed to establish that defendant Arshee Inc. has violated the Defense of Trade Secrets Act.

This Court should deny Plaintiff's motion.

Summary judgment is a drastic remedy and must only be granted only if 1) there is no genuine issue of material fact and 2) the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23- (1986); *SCS Commc'ns, Inc.* v. *Herrick Co.,* 360 F.3d 329,338 (2d Cir. 2004). The courts do not try issues of fact on a motion for summary judgment, but, rather, determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).

The responding party does not bear the initial burden. It is well established that "the party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish [its] right to judgment as a matter of law." *Rodriguez v. City of New York,* 72 F.3d 1051, 1060-61 (2d Cir. 1995). In this case, Plaintiff has the initial burden on its motion for summary judgment and has failed to meet it.

5

In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co., Ltd v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Gibbs-Alfano v. Burton,* 281 F.3d 12, 18 (2d Cir. 2002).

The moving party has the initial burden to demonstrate the non-existence of any genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-25, 106 S. Ct. 2548 (1986). The non-movant must then set forth specific evidence demonstrating the existence of a factual issue that is both material and genuine. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505 (1986).

All reasonable inferences are drawn in favor of the non-moving party, and summary judgment may only be granted where the record taken as a whole could not lead a rational trier of fact to find for the non-movant. See Katz v. Goodyear Tire & Rubber Co., 737 F. 2d 238, 244 (2d. Cir. 1984); Matsuhita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348 (1986). In deciding a summary judgment motion, the trial court must resolve all ambiguities and draw all reasonable inferences in favor of the opposing party. See Sec. Ins. Co. v. Old Dominion Freight Line, Inc., 391 F. 3d 77, 83 (2d Cir. 2004).

There is nothing in the record presented by the movant that the defendant Arshee Inc."continued its marketing and attempts to convey Farwell's software after notification from Brainwave that the software used in its bid(s) contained code proprietary to Brainwave". There is no proof whatsoever that Arshee Inc. made any effort to market Farwell's software containing Brainwave's alleged Trade Secrets.

Arshee Inc. did not violate the Defense of Trade Secrets Act.

## CERTIFICATE OF MERIT

This Memorandum and the papers upon which it is based have been submitted in good faith and in the opinion of counsel, the points raised herein have substantive merit and are not frivolous.

Dated: Brooklyn, New York
      December 29, 2022

                            Respectfully submitted,

                            LAW OFFICE OF GELB & BLACK, P.C.

                            By: Andrew Black
                            *Attorney for defendant Arshee Inc.*
                            26 Court Street, ste. 2305
                            Brooklyn, New York 11201
                            718-858-8675
                            asblack@gelbandblack.com

## CONCLUSION

Plaintiff's motion for summary judgment must be denied in its entirety as Plaintiff has failed to meet its initial burden necessary for succeeding on its motion.

Dated: Brooklyn, New York
       December 29, 2022

LAW OFFICE OF GELB & BLACK, P.C.

By: Andrew Black
*Attorney for defendant Arshee Inc.*
26 Court Street, ste. 2305
Brooklyn, New York 11201
718-858-8675
asblack@gelbandblack.com

8